**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO. 0:21-CV-60462**

CCUR AVIATION FINANCE, LLC, and
CCUR HOLDINGS, INC.,

               Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

               Defendants.

_____/

**ORIGINAL VERIFIED COMPLAINT**

Plaintiffs, CCUR Aviation Finance, LLC ("CCURA") and CCUR Holdings, Inc. ("CCURH") (collectively, "Plaintiffs"), by and through their undersigned counsel, file this their Original Verified Complaint (this "Complaint") against Defendants South Aviation, Inc. ("South Aviation") and Federico A. Machado ("Machado") (together, "Defendants") and state as follows:

**OVERVIEW OF DEFENDANTS' FRAUDULENT SCHEME**

1.     These claims arise from Defendants' scheme to defraud Plaintiffs, and others, by inducing Plaintiffs to enter into escrow deposit agreements and funding deposits for the alleged purchases of certain aircraft.

2.     Based on Defendants' false representations, agreements executed under false pretenses, and promises of personal guaranties from Machado in favor of the Plaintiffs, Plaintiffs provided millions of dollars of financing to South Aviation and Machado in the manner described below and explained in detail in this Complaint. Defendants, however, were not engaged in legitimate purchases of aircraft or legitimate escrow arrangements. Instead, Defendants were

engaged in a Ponzi scheme by which Defendants enriched themselves through the escrow deposits made by Plaintiffs and others, and used Plaintiffs' escrow deposits to funnel funds to themselves and their related businesses or to refund escrow deposits to prior depositors.

3.      South Aviation would locate aircraft and enter into purchase agreements with third party sellers for the aircraft under various asset purchase agreements. In order to secure these contracts, South Aviation was required to make substantial deposits into escrow, typically 10% to 20% of the total purchase price of the aircraft. In turn, South Aviation would look to the Plaintiffs, and other financing sources, to fund the escrow deposits. Further, the escrow deposits, when funded, were deposited into escrow with an Oklahoma escrow agent, Wright Brothers Aircraft Title, Inc. (the "Escrow Agent").

4.      Under the operative agreements, the Plaintiffs would fund the refundable deposits into the escrow account of the Escrow Agent, and on or before the dates of the respective aircraft purchase transactions reaching an advanced stage of diligence, the agreements provided for South Aviation to refund, or cause the Escrow Agent to refund, by wire transfer to the Plaintiffs the refundable deposits, plus the financing fees that the Plaintiffs earned for providing this interim financing.

5.      Further, under the operative agreements, at all times South Aviation and its principal, Machado as personal guarantor, were obligated to refund to the Plaintiffs the total amount of the deposits Plaintiffs provided. Moreover, under the operative agreements, South Aviation indemnified the Plaintiffs for any claims, losses, or damages arising out of the operative agreements or the use of the refundable deposits, and Machado personally guaranteed South Aviation's obligations and, in some instances, the Escrow Agent's obligations. South Aviation and

**PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT**                                                    **Page 2**

Machado further agreed to pay all costs and attorneys' fees, including any costs of collection, incurred by Plaintiffs due to any breach of the operative agreements.

6.     On or around January 12, 2021, the Plaintiffs first learned that federal authorities had frozen the assets of the Escrow Agent at a time when the Plaintiffs were owed at least $14 million under the operative agreements. From that time until the afternoon of Friday, February 26, 2021, Plaintiffs continued to gather information regarding the status of their deposits and came to understand and believe at that time that: (i) no less than $165 million of deposits that were due and owing to financing parties, not unlike the Plaintiffs; (ii) the Escrow Agent had insufficient funds to satisfy the return of $165 million of deposits; (iii) the Escrow Agent had failed and refused to return the deposits upon written demand by the Plaintiffs (and other financing parties similar to the Plaintiffs); and (iv) South Aviation and Machado were embroiled in a criminal investigation and likewise had failed and refused to return, upon demand, the $14 million owed to the Plaintiffs (and in excess of $150 million owed to the other financing parties not unlike the Plaintiffs).

7.     Upon discussions with financing parties similar to the Plaintiffs, all indications are that Machado, South Aviation, and their affiliated entities were running a vast Ponzi scheme and essentially emptied the Escrow Agent's escrow account with bogus financing transactions.

8.     On the afternoon of Friday, February 26, 2021, the United States Attorney's Office for the Eastern District of Texas unsealed the Third Superseding Indictment in that certain criminal action against the principals of the Escrow Agent (Wright Brothers) and Defendant Machado, the principal of Defendant South Aviation. True and correct copies of the Third Superseding Indictment and the Docket Sheet accompanying the Third Superseding Indictment (together, the "Unsealed Indictment") are attached hereto as Exhibits "E" and "F," respectively. The Unsealed Indictment specifically charges the defendants in that matter, including Machado and the principals

of the Escrow Agent, with numerous felony counts, including conspiracy to commit wire fraud, conspiracy to manufacture and distribute cocaine, and most importantly for purposes of this Complaint, the United States specifically charged the defendants, including Machado and others, with engaging in a massive Ponzi scheme in violation of Title 18 of the United States Code. *See* Unsealed Indictment (Exh. E), pp. 21-34, 39 – 41).

9.      In light of the Unsealed Indictment, it now appears the United States believes that the Ponzi scheme Plaintiffs learned of in January 2021 and believed to involve only $165 million in defrauded depositors, actually involves depositors of between $350 million and $560 million who have not received their refundable deposits, and that the aircraft purchase transactions detailed below involved fictitious aircraft, fictitious sellers, and fictitious agreements.

10.     Consequently, hundreds of millions of dollars that should otherwise have been kept in the Escrow Agent's escrow account (and been available to return to the Plaintiffs and similar financing parties) have in the past year been transferred to other depositors through a Ponzi scheme, as well as to South Aviation, Machado, and/or Machado's affiliated entities. Moreover, the Unsealed Indictment makes clear that Defendants have been engaged in this Ponzi scheme since at least 2016.

11.     In light of the above and the facts set forth in detail below, the Plaintiffs, by separate motion filed contemporaneously with this Complaint, respectfully seek the immediate appointment of an equity receiver over South Aviation, Machado and their respective affiliated entities. Further, the Plaintiffs understand that many of the other financing sources, not unlike the Plaintiffs, may likewise join in this request for the immediate appointment of an equity receiver. Attached to the motion for the immediate appointment of the equity receiver is the resume of Michael Goldberg, who has served as an FTC receiver, an SEC receiver, and equity receiver in

numerous cases involving Ponzi schemes, as this clearly appears to be the case. The Plaintiffs, as the Court will see, have satisfied the requirements under the Federal Rules of Civil Procedure for the immediate appointment of an equity receiver.

## **TABLE OF CONTENTS[1]**

ORIGINAL VERIFIED COMPLAINT ........................................................................................ 1

OVERVIEW OF DEFENDANTS' FRAUDULENT SCHEME ....................................................... 1

PARTIES, JURISDICTION AND VENUE .................................................................................. 6

GENERAL ALLEGATIONS ..................................................................................................... 8

First Aircraft Transaction ................................................................................................. 10

CCURH Refundable Deposit (Aircraft No. 1) - $2,500,000 ................................................. 10

CCURA Refundable Deposit (Aircraft No. 1) - $1,750,000 ................................................. 11

Failure to Repay Refundable Deposit No. 1 - $4,250,000 .................................................. 13

Second Aircraft Transaction ............................................................................................. 14

CCURH Refundable Deposit (Aircraft No. 2) - $2,500,000 ................................................. 14

CCURA Refundable Deposit (Aircraft No. 2) - $1,750,000 ................................................. 15

Failure to Repay Refundable Deposit No. 2 - $4,250,000 .................................................. 16

Third Aircraft Transaction ............................................................................................... 18

CCURA Refundable Deposit (Aircraft No. 3) - $2,750,000 ................................................. 18

Failure to Repay Refundable Deposit No. 3 - $2,750,000 .................................................. 19

Fourth Aircraft Transaction ............................................................................................. 21

CCURA Refundable Deposit (Aircraft No. 4) - $2,750,000 ................................................. 21

Failure to Repay Refundable Deposit No. 4 - $2,750,000 .................................................. 22

CAUSES OF ACTION ............................................................................................................ 24

COUNT I: FRAUD AGAINST SOUTH AVIATION AND MACHADO
(CCURH ESCROW DEPOSIT FINANCING – AIRCRAFT NO. 1 &
NO. 2) .................................................................................................................................. 24

COUNT II: FRAUD AGAINST SOUTH AVIATION AND MACHADO
(CCURA ESCROW DEPOSIT FINANCING – ALL AIRCRAFT) ........................................... 26

---

[1] Though not customary, Plaintiffs include this Table of Contents for the Court's convenience in identifying the parties, transactions, and claims.

COUNT III: BREACH OF CONTRACT AGAINST SOUTH AVIATION (CCURH LETTER AGREEMENT NO. 1) ................................................................. 29

COUNT IV: BREACH OF CONTRACT AGAINST FEDERICO A. MACHADO (CCURH LETTER AGREEMENT NO. 1) ............................................. 31

COUNT V: BREACH OF CONTRACT AGAINST SOUTH AVIATION (CCURH LETTER AGREEMENT NO. 2) ................................................................. 32

COUNT VI: BREACH OF CONTRACT AGAINST FEDERICO A. MACHADO (CCURH LETTER AGREEMENT NO. 2) ............................................. 34

COUNT VII: BREACH OF CONTRACT AGAINST SOUTH AVIATION (CCURA LETTER AGREEMENT NO. 1) ................................................................. 35

COUNT VIII: BREACH OF CONTRACT AGAINST FEDERICO A. MACHADO (CCURA LETTER AGREEMENT NO. 1) ............................................. 37

COUNT IX: BREACH OF CONTRACT AGAINST SOUTH AVIATION (CCURA LETTER AGREEMENT NO. 2) ................................................................. 38

COUNT X: BREACH OF CONTRACT AGAINST FEDERICO A. MACHADO (CCURA LETTER AGREEMENT NO. 2) ............................................. 39

PRAYER ................................................................................................................. 40

## **PARTIES, JURISDICTION AND VENUE**

12.     CCUR Aviation Finance, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 6470 East Johns Crossing, Suite 490, Duluth, GA 30097.

13.     CCURA has one member, CCUR Holdings, Inc., a Delaware corporation with its principal place of business located at 6470 East Johns Crossing, Suite 490, Duluth, GA 30097.

14.     CCURA is therefore a citizen of Delaware, and CCURA is not a citizen of Florida. *See, e.g., Silver Crown Invests., LLC v. Team Real Estate Mgmt., LLC¸* 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) ("For purposes of determining diversity jurisdiction, the citizenship of a limited liability corporation (LLC) is the citizenship of each of its members…[i]f a member of an LLC is itself an LLC, the citizenship of the LLC must be traced through however many layers of partners or members there may be." (internal quotations and citations omitted).

15.     CCUR Holdings, Inc. is a corporation licensed and existing under the laws of the state of Delaware, and is therefore a citizen of Delaware. *See* 28 U.S.C. § 1332(c)(1).

16.     South Aviation, Inc. is a corporation licensed and existing under the laws of the state of Florida, and is therefore a citizen of Florida. *See* 28 U.S.C. § 1332(c)(1).

17.     Federico A. Machado is an individual domiciled in the state of Florida, and is therefore a citizen of Florida.

18.     As none of the Plaintiffs are citizens of the same states as any of the Defendants, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a).

19.     The amount in controversy in this matter, excluding interest and costs, exceeds the sum of $75,000.

20.     As the Parties are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332.

21.     Because South Aviation is incorporated in Florida, South Aviation is a resident of Florida. *See Subic Bay Marine Exploratorium, Inc. v. JV China, Inc.*, 275 So. 3d 1139, 1141 (Fla. 5th DCA 2018) ("Under Florida law, corporations are residents of their state of incorporation.").

22.     Moreover, Machado is a Florida resident.

23.     Consequently, Florida courts have general personal jurisdiction over both South aviation and Machado. *See Subic Bay*, 275 So. 3d at 1141 ("Florida residents are subject to the general jurisdiction of Florida courts.").

24.     Venue is proper in this Court as defendants reside in this district. *See* 28 U.S.C. § 1391(b)(1) (a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

## GENERAL ALLEGATIONS

25. Plaintiff CCURA was set up specifically to do business for the purpose of financing aircraft deposits.

26. Plaintiff CCURH is a holding company with operations in financial services and real estate.

27. Beginning in as early as 2018, as to CCURH, and beginning in August 2020, as to CCURA, South Aviation, by and through its president, Defendant Machado, represented to each of the Plaintiffs that it was a buyer in the aircraft marketplace that frequently purchases aircraft.

28. In furtherance of the scheme to induce Plaintiffs into the refundable escrow deposit transactions described herein, South Aviation, by and through Machado, presented aircraft purchase agreements and/or letters of intent for the purchase of aircraft (collectively, the "Aircraft Purchase Contracts") to the Plaintiffs.

29. Based on these Aircraft Purchase Contracts, Defendants represented that the aircraft sellers required South Aviation to make substantial deposits into escrow, typically ten to twenty percent of the total purchase price of each aircraft.

30. Plaintiffs, for a fee paid by Defendants, would provide the funding for such deposits.

31. The mechanics of how Plaintiffs would be paid its fee are as follows. South Aviation would first deposit a specified amount (for example, $150,000) (the "Deposit Fee") into an agreed escrow account with the Escrow Agent (non-party, Wright Brothers Aircraft Title, Inc.).

32. The depositing Plaintiff would subsequently deposit a much larger amount (for example, $2.35 million) into the agreed escrow account with the Escrow Agent, on behalf of South Aviation, which, when combined with the Deposit Fee made by South Aviation, would make up

the balance of the depositing Plaintiff's agreed refundable deposit (each a "Refundable Deposit") (in this example, a total of $2.5 million).

33.     According to the terms of the operative agreements, South Aviation and Machado were required to return or cause the return of each Refundable Deposit subsequently to the depositing Plaintiff in full upon the happening of certain enumerated conditions; the depositing Plaintiff was to receive back both the amount the depositing Plaintiff deposited and the amount South Aviation deposited (in this example, the full $2.5 million). Accordingly, the depositing Plaintiff would receive its Deposit Fee ($150,000 in this example) upon the return of the full Refundable Deposit.

34.     In reliance on the above representations and promises by Defendants, Plaintiff CCURH agreed to finance the Refundable Deposits to the Escrow Agent on behalf of South Aviation, in connection with two (2) different aircraft transactions.

35.     In reliance on the above representations and promises by Defendants, Plaintiff CCURA agreed to finance the Refundable Deposits to the Escrow Agent on behalf of South Aviation, in connection with four (4) different aircraft transactions.

36.     The Refundable Deposits on the subject transactions are all past due, but none has been returned.

37.     Each of the Refundable Deposit transactions between the Plaintiffs and South Aviation is documented in: (i) a Letter Agreement between and among each depositing Plaintiff, South Aviation, and Machado; (ii) an Escrow Agreement between each depositing Plaintiff and the Escrow Agent; and (iii) extension letters typically related to the transactions for two or more of the subject aircraft. As to each transaction and each depositing Plaintiff, the operative agreements are substantively identical, other than as to the parties, dates, and amounts.

38.     As a material inducement for Plaintiffs' entry into the various refundable escrow deposit transactions described above, pursuant to Section 10 of the respective Letter Agreements, Defendant South Aviation agreed to fully indemnify Plaintiffs against all damages and losses arising from any breach of the Letter Agreements, including, without limitation, the failure to return the Refundable Deposits to the Plaintiffs.

39.     As a further material inducement for Plaintiffs' entry into the various refundable escrow deposit transactions described above, pursuant to Sections 5(b) and 9 of the respective Letter Agreements, Defendant Machado personally guaranteed all of South Aviation's obligations under the Letter Agreements, including, without limitation the obligations to return the Refundable Deposits to Plaintiffs and to fully indemnify Plaintiffs.

### First Aircraft Transaction

40.     In the weeks preceding May 14, 2020, South Aviation approached CCURH about securing escrow deposit assistance in connection with South Aviation's purported acquisition of that certain Boeing 777-367 (ER) aircraft having manufacturer serial number 34432 and registration number B-KPC, together with its two engines, auxiliary power unit, aircraft documents, appurtenances, appliances, parts, instruments, components, accessions, and furnishings ("Aircraft No. 1").

### *CCURH Refundable Deposit (Aircraft No. 1) - $2,500,000*

41.     On or about May 14, 2020, South Aviation, by and through Machado, presented CCURH with an executed Aircraft Purchase Agreement ("APA No. 1") between South Aviation, as purchaser, and Aero Advisors Inc., as seller, for Aircraft No. 1 with a purchase price of $25,000,000, and which APA No. 1 required the escrow deposit of $2,500,000 to the Escrow Agent.

42.     Pursuant to, and as a material inducement for CCURH's funding of the escrow deposit for Aircraft No. 1 and entry into that certain letter agreement, dated May 14, 2020, between and among CCURH, South Aviation, and Machado for Aircraft No. 1 (the "CCURH Letter Agreement No. 1"),[2] and that certain Escrow Agreement between CCURH and the Escrow Agent for Aircraft No. 1, dated May 14, 2020 (the "CCURH Escrow Agreement No. 1"),[3] South Aviation was obligated to pay a deposit fee of $150,000 to the Escrow Agent as part of the fully refundable deposit to CCURH.

43.     In reliance on all of the above representations, promises, and agreements by South Aviation and Machado, CCURH agreed to pay $2,350,000 (for a total deposit refundable to CCURH of $2,500,000) to the Escrow Agent as a fully refundable deposit in connection with South Aviation's purchase of Aircraft No. 1 (the "CCURH Refundable Deposit No. 1"). *See* Exhibit A-1, p. 1.

44.     On or about May 14, 2020, both South Aviation and CCURH made their respective deposits to the Escrow Agent.

### *CCURA Refundable Deposit (Aircraft No. 1) - $1,750,000*

45.     In the weeks preceding November 13, 2020, South Aviation, by and through Machado, presented CCURH and CCURA with an executed Second Amendment to APA No. 1 and requested CCURH's agreement to further extend the CCURH Letter Agreement No. 1 to provide for return of the CCURH Refundable Deposit No. 1 to January 12, 2021.

---

[2] A true and correct copy of the CCURH Letter Agreement No. 1 is attached hereto as Exhibit "A-1" and incorporated herein by reference.

[3] A true and correct copy of the CCURH Escrow Agreement No. 1 is attached hereto as Exhibit "A-2"and incorporated herein by reference.

46.     In connection with the requested extension, South Aviation, by and through Machado, also sought an additional deposit from CCURH and/or CCURA of $1,750,000 in furtherance of the deposit requirement for the purchase of Aircraft No. 1 as part of a transaction in which another depositor of a portion of the required escrow deposit on Aircraft No. 1 that did not wish to participate in the extension would be repaid its initial deposit in that amount.

47.     In reliance on all of Defendants' representations, promises, and agreements above, and pursuant to that certain letter agreement, dated November 13, 2020, between and among South Aviation, CCURH, CCURA, and the Escrow Agent (the "Second CCURH Extension Letter"),[4] CCURA agreed to provide the additional deposit amount of $1,750,000 and became a party to the Aircraft No. 1 escrow deposit transaction and was made a party to and Depositor under the CCURH Letter Agreement No. 1 and the CCURH Escrow Agreement No. 1. *See* Ex. A-4, a pp. 1-2.

48.     Pursuant to the Second CCURH Extension Letter, CCURA assumed the obligation to pay and did pay to the Escrow Agent $1,750,000 as a fully refundable deposit in connection with South Aviation's purchase of Aircraft No. 1 (the "CCURA Refundable Deposit No. 1").[5] Together with the CCUR Holdings' Refundable Deposit No. 1 of $2,500,000, the total combined Refundable Deposit made by CCURH and CCURA for Aircraft No. 1 was $4,250,000 ("Refundable Deposit No. 1").

---

[4] True and correct copies of extension letters, dated September 10, 2020 (the "First CCURH Extension Letter"), and November 13, 2020 (the Second CCURH Extension Letter), are attached hereto, respectively, as Exhibit "A-3" and Exhibit "A-4" and incorporated herein by reference. Both extension letters apply to the escrow deposit transactions for Aircraft No. 1 and Aircraft No. 2, as defined herein.

[5] The Refundable Deposits are numbered to correspond to the aircraft acquisition numbers. As made clear below, this Refundable Deposit was not CCURA's first deposit in furtherance of South Aviation's aircraft purchase scheme.

**PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT**                              **Page 12**

*Failure to Repay Refundable Deposit No. 1 - $4,250,000*

49.     Pursuant to the CCURH Letter Agreement No. 1, the CCURH Escrow Agreement No. 1, and their applicable extensions, Refundable Deposit No. 1 was required to be refunded to CCURH and CCURA, respectively, by the latest, January 12, 2021. *See* Ex. A-4, at p. 1.

50.     To date, no amount of Refundable Deposit No. 1 has been returned to either of CCURH or CCURA.

51.     The failure by South Aviation and the Escrow Agent to return Refundable Deposit No. 1 in the amount of $4,250,000 constitutes a breach of CCURH Letter Agreement No. 1, §§ 2(b), (d), (i); 4(b), as extended, and CCURH Escrow Agreement No. 1, §§ 3(b), (d); (4); (6).

52.     As a further material inducement for CCURH's and CCURA's participation in the Refundable Deposit financing for Aircraft No. 1, under Section 9 of CCURH Letter Agreement No. 1, South Aviation agreed to:

> indemnify and hold harmless [CCURH and CCURA] from and against any claim, loss or damage arising out of any breach of this Letter Agreement or the use of the Refundable Deposit.

53.     Despite demand for payment and for indemnification from South Aviation under the CCURH Letter Agreement No. 1, no such payment or indemnity has been forthcoming.

54.     Under Section 10 of CCURH Letter Agreement No. 1, CCURH and CCURA are entitled to recovery of their reasonable costs and attorneys' fees, including any costs of collection, incurred due to South Aviation's breach of CCURH Letter Agreement No. 1.

55.     As a further material inducement for CCURH's and CCURA's participation in the Refundable Deposit financing for Aircraft No. 1, under Section 5(b) of the CCURH Letter Agreement No. 1, South Aviation's principal, Defendant Federico A. Machado, personally unconditionally and irrevocably guaranteed all of South Aviation's obligations under CCURH

Letter Agreement No. 1 and all of the Escrow Agent's obligations under CCURH Escrow Agreement No. 1 in favor of CCURH and CCURA.

56.     As a further material inducement for CCURH's and CCURA's participation in the Refundable Deposit financing for Aircraft No. 1, under Section 9 of CCURH Letter Agreement No. 1, Machado agreed that: "All of South [Aviation]'s obligations under this Letter Agreement are hereby personally unconditionally and irrevocably guaranteed by [Federico A Machado], an individual and resident of Florida."

57.     Despite demand, Machado has not complied with his guaranty obligations under the CCURH Letter Agreement No. 1.

### Second Aircraft Transaction

58.     In the weeks preceding May 14 2020, South Aviation approached CCURH about securing escrow deposit assistance in connection with South Aviation's purported acquisition of that certain aircraft Boeing 777-367 (ER) having manufacturer serial number 35301 and registration number B-KPH, together with its two engines, auxiliary power unit, aircraft documents, appurtenances, appliances, parts, instruments, components, accessions, and furnishings ("Aircraft No. 2").

### *CCURH Refundable Deposit (Aircraft No. 2) - $2,500,000*

59.     As with Aircraft No. 1, on or about May 14, 2020, South Aviation, by and through Machado, presented CCURH with an executed Aircraft Purchase Agreement ("APA No. 2") between South Aviation, as purchaser, and Aero Advisors Inc., as seller, for Aircraft No. 2 with a purchase price of $25,000,000, and which APA No. 2 required the escrow deposit of $2,500,000 to the Escrow Agent.

60.     Pursuant to, and as a material inducement for CCURH's funding of the escrow deposit for Aircraft No. 1 and entry into, that certain letter agreement, dated May 14, 2020,

between and among CCURH, South Aviation, and Machado for Aircraft No. 2 (the "CCURH Letter Agreement No. 2"),[6] and that certain Escrow Agreement between CCURH and the Escrow Agent for Aircraft No. 2, dated May 14, 2020 (the "CCURH Escrow Agreement No. 2"),[7] South Aviation was obligated to pay a deposit fee of $150,000 to the Escrow Agent as part of the fully refundable deposit to CCURH.

61.     In reliance on all of the above representations, promises, and agreements by South Aviation and Machado, CCURH agreed to pay $2,350,000 (for a total deposit refundable to CCURH of $2,500,000) to the Escrow Agent as a fully refundable deposit in connection with South Aviation's purchase of Aircraft No. 2 (the "CCURH Refundable Deposit No. 2"). *See* Exhibit B-1, p. 1.

62.     On or about May 14, 2020, both South Aviation and CCURH made their respective deposits into the agreed escrow account held by the Escrow Agent.

### *CCURA Refundable Deposit (Aircraft No. 2) - $1,750,000*

63.     In the weeks preceding November 13, 2020, South Aviation, by and through Machado, presented CCURH and CCURA with an executed Second Amendment to APA No. 2 and requested CCURH's agreement to further extend the CCURH Letter Agreement No. 2 to provide for return of the CCURH Refundable Deposit No. 2 to January 12, 2021.

64.     In connection with the requested extension, South Aviation, by and through Machado, also sought an additional deposit from CCURH and/or CCURA of $1,750,000 in furtherance of the deposit requirement for the purchase of Aircraft No. 2 as part of a transaction in

---

[6] A true and correct copy of the CCURH Letter Agreement No. 2 is attached hereto as Exhibit "B-1" and incorporated herein by reference.

[7] A true and correct copy of the CCURH Escrow Agreement No. 2 is attached hereto as Exhibit "B-2" and incorporated herein by reference.

**PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT**                                           **Page 15**

which another depositor of a portion of the required escrow deposit on Aircraft No. 2 that did not wish to participate in the extension would be repaid its initial deposit in that amount.

65.     In reliance on all of Defendants' representations, promises, and agreements above, and pursuant to the Second CCURH Extension Letter, dated November 13, 2020, between and among South Aviation, CCUH, CCURA, and the Escrow Agent, CCURA agreed to provide the additional deposit amount of $1,750,000 and became a party to the Aircraft No. 2 escrow deposit transaction and was made a party to and Depositor under the CCURH Letter Agreement No. 2 and the CCURH Escrow Agreement No. 2. *See* Ex. A-4, a pp. 1-2.

66.     Pursuant to the Second CCURH Extension Letter, CCURA assumed the obligation to pay and did pay to the Escrow Agent $1,750,000 as a fully refundable deposit in connection with South Aviation's purchase of Aircraft No. 2 (the "CCURA Refundable Deposit No. 2"). Together with the CCURH Refundable Deposit No. 2 of $2,500,000, the total combined Refundable Deposit made by CCURH and CCURA for Aircraft No. 2 was $4,250,000 ("Refundable Deposit No. 2").

### *Failure to Repay Refundable Deposit No. 2 - $4,250,000*

67.     Pursuant to the CCURH Letter Agreement No. 2, the CCURH Escrow Agreement No. 2, and their applicable extensions, Refundable Deposit No. 2 in the amount of $4,250,000 was required to be refunded to CCURH and CCURA by the latest, January 12, 2021. *See* Exhibit A-4, at p. 1.

68.     To date, no amount of Refundable Deposit No. 2 has been returned to either of CCURH or CCURA.

69.     The failure to return Refundable Deposit No. 2 constitutes a breach of CCURH Letter Agreement No. 2, §§ 2(b), (d), (i); 4(b), as extended, and CCURH Escrow Agreement No. 2, §§ 3(b), (d); (4); (6).

70.     As a further material inducement for CCURH's and CCURA's participation in the Refundable Deposit financing for Aircraft No. 2, under Section 9 of the CCURH Letter Agreement No. 2, South Aviation also agreed to:

> indemnify and hold harmless [CCURH and CCURA] from and against any claim, loss or damage arising out of any breach of this Letter Agreement or the use of the Refundable Deposit.

71.     Despite demand for payment and for indemnification from South Aviation under the CCURH letter Agreement No. 2, no such payment or indemnity has been forthcoming.

72.     Under Section 10 of CCURH Letter Agreement No. 2, CCURH and CCURA are entitled to recovery of their reasonable costs and attorneys' fees, including any costs of collection, incurred due to South Aviation's breach of the CCURH Letter Agreement No. 2.

73.     As a further material inducement for CCURH's and CCURA's participation in the Refundable Deposit financing for Aircraft No. 2, under Section 5(b) of the CCURH Letter Agreement No. 2, South Aviation's principal, Defendant Federico A. Machado, personally unconditionally and irrevocably guaranteed all of South Aviation's obligations under CCURH Escrow Agreement No. 2 and all of the Escrow Agent's obligations under CCURH Escrow Agreement No. 2 in favor of CCURH and CCURA.

74.     As a further material inducement for CCURH's and CCURA's participation in the Refundable Deposit financing for Aircraft No. 2, under Section 9 of the CCURH Letter Agreement No. 2, Machado agreed that: "All of South [Aviation]'s obligations under this Letter Agreement are hereby personally unconditionally and irrevocably guaranteed by [Federico A Machado], an individual and resident of Florida."

75.     Despite demand, Machado has not complied with his guaranty obligations under the CCURH Letter Agreement No. 2.

### Third Aircraft Transaction

76.    In the weeks preceding August 27, 2020, South Aviation approached Plaintiffs CCURA about securing escrow deposit assistance in connection with South Aviation's purported acquisition of that certain 2010 Boeing 767-32L (ER) having manufacturer serial number 40343 and registration number 4K-AZ81, together with its two engines, auxiliary power unit, aircraft documents, appurtenances, appliances, parts, instruments, components, accessions, and furnishings ("Aircraft No. 3").

### *CCURA Refundable Deposit (Aircraft No. 3) - $2,750,000*

77.    On or about August 27, 2020, South Aviation, by and through Machado, presented CCURA with an executed Letter of Intent ("LOI No. 3") between South Aviation, as purchaser, and Innovative Aerospace Leasing LLC, as seller, for Aircraft No. 3 with a purchase price of $25,000,000, and which LOI No. 3 required the escrow deposit of $5,000,000 to the Escrow Agent.

78.    Pursuant to, and as a material inducement for CCURA's funding of the escrow deposit for Aircraft No. 3 and entry into, that certain letter agreement, dated August 28, 2020, between and among CCURA, South Aviation, and Machado for Aircraft No. 3 (the "CCURA Letter Agreement No. 1"),[8] and that certain Escrow Agreement, dated August 28, 2020, between CCURA and the Escrow Agent for Aircraft No. 3 (the "CCURA Escrow Agreement No. 1"),[9] South Aviation was obligated to pay a deposit of $150,000 to the Escrow Agent as part of the fully refundable deposit to CCURA.

79.    In reliance on all of the above representations, promises, and agreements by South Aviation and Machado, CCURA entered into the above agreements and agreed to pay $2,350,000

---

[8] A true and correct copy of the CCURA Letter Agreement No. 1 is attached hereto as Exhibit "C-1" and incorporated herein by reference.

[9] A true and correct copy of the CCURA Escrow Agreement No. 1 is attached hereto as Exhibit "C-2" and incorporated herein by reference.

(for a total deposit refundable to CCURA of $2,500,000) to the Escrow Agent as a fully refundable

deposit in connection with South Aviation's purchase of Aircraft No. 3. *See* Exhibit C-1, p. 1, § 3.

80.     On or about August 28, 2020, both South Aviation and CCURA made their

respective deposits into the agreed escrow account held by the Escrow Agent.

81.     Additionally, in reliance on Defendants' representations, promises, and agreements

and pursuant to that certain letter agreement, dated November 27, 2020, between and among

CCURA, South Aviation, and the Escrow Agent (the "CCURA Extension Agreement No. 1"),[10]

that, among other things, extended the terms of the CCURA Letter Agreement No. 1 and the

CCURA Escrow Agreement No. 1, CCURA paid an additional $250,000 into the agreed escrow

account held by the Escrow Agent for South Aviation's purported purchase of Aircraft No. 4 on

or about November 27, 2020. *See* Exhibit C-3.

82.     Accordingly, the fully refundable deposit amount from CCURA held by the Escrow

Agent was $2,750,000 (the "Refundable Deposit No. 3").

### *Failure to Repay Refundable Deposit No. 3 - $2,750,000*

83.     Pursuant to the CCURA Letter Agreement No. 1, as amended, supplemented,

and/or extended, and the CCURA Escrow Agreement No. 1, as amended, supplemented, and/or

extended, Refundable Deposit No. 3 was required to be refunded to CCURA by the latest, January

25, 2021. *See* Ex. C-3 at p. 1.

84.     To date, no amount of Refundable Deposit No. 3 in the amount of $2,750,000 has

been returned to CCURA.

---

[10] A true and correct copy of the CCURA Extension Agreement No. 1 is attached hereto as Exhibit "C-3" and incorporated herein by reference.

85.     The failure to return Refundable Deposit No. 3 constitutes a breach of: **(1)** CCURA Letter Agreement No. 1, § 2(b), (d), (i); and (4)(b); **(2)** CCURA Escrow Agreement No. 1, §§ 3(b), (d); (4); and (6); and **(3)** CCURA Extension Agreement No. 1.

86.     As a further material inducement for CCURA's participation in the Refundable Deposit financing for Aircraft No. 3, under Section 9 of the CCURA Letter Agreement No. 1, as amended, supplemented, and/or extended, South Aviation agreed that:

> South [Aviation] shall indemnify and hold harmless [CCURA] from and against any claim, loss or damage arising out of any breach of this Letter Agreement or the use of the Refundable Deposit.

87.     Despite demand for payment and for indemnification from South Aviation under the CCURA Letter Agreement No. 1, as amended, supplemented, and/or extended, no such payment or indemnity has been forthcoming.

88.     Under Section 10 of the CCURA Letter Agreement No. 1, as amended, supplemented, and/or extended, CCURA, as depositor, is entitled to the recovery of its reasonable costs and attorneys' fees, including any costs of collection, incurred due to South Aviation's breach of the CCURA Letter Agreement No. 1, as amended, supplemented, and/or extended.

89.     As a further material inducement for CCURA's participation in the Refundable Deposit financing for Aircraft No. 3, under Section 5(b) of the CCURA Letter Agreement No. 1, as amended, supplemented, and/or extended, South Aviation's principal, Federico A. Machado, personally guaranteed all of South Aviation's obligations under the CCURA Letter Agreement No. 1, as amended, supplemented, and/or extended, and all of the Escrow Agent's obligations under the CCURA Escrow Agreement No. 1 in favor of CCURA.

90.     As a further material inducement for CCURA's participation in the Refundable Deposit financing for Aircraft No. 3, under Section 9 of the CCURA Letter Agreement No. 1, as amended, supplemented, and/or extended, Machado agreed that: "All of South [Aviation]'s

obligations under this Letter Agreement are hereby personally guaranteed by [Federico A. Machado], an individual and resident of Florida."

91.      Despite demand, Machado has not complied with his guaranty obligations under the CCURA Letter Agreement No. 1, as amended, supplemented, and/or extended.

**Fourth Aircraft Transaction**

92.      In the weeks leading up to August 27, 2020, South Aviation approached Plaintiffs CCURA about securing escrow deposit assistance in connection with South Aviation's purported acquisition of that certain 2010 Boeing 767-32L (ER) having manufacturer serial number 40342 and registration number 4K-AI01, together with its two engines, auxiliary power unit, aircraft documents, appurtenances, appliances, parts, instruments, components, accessions, and furnishings ("Aircraft No. 4").

*CCURA Refundable Deposit (Aircraft No. 4) - $2,750,000*

93.      On or about August 27, 2020, South Aviation, by and through Machado, presented CCURA with an executed Letter of Intent ("LOI No. 4") between South Aviation, as purchaser, and Innovative Aerospace Leasing LLC, as seller, for Aircraft No. 4 with a purchase price of $25,000,000, and which LOI No. 4 required the escrow deposit of $5,000,000 to the Escrow Agent.

94.      Pursuant to, and as a material inducement for CCURA's funding of the escrow deposit for Aircraft No. 4 and entry into, that certain letter agreement between and among CCURA, South Aviation, and Machado dated August 28, 2020 for Aircraft No. 4 (the "CCURA Letter Agreement No. 2"),[11] and that certain Escrow Agreement, dated August 28, 2020, between CCURA and the Escrow Agent for Aircraft No. 4(the "CCURA Escrow Agreement No. 2"),[12]

---

[11] A true and correct copy of the CCURA Letter Agreement No. 2 is attached hereto as Exhibit "D-1" and incorporated herein by reference.

[12] A true and correct copy of the CCURA Escrow Agreement No. 2 is attached hereto as Exhibit "D-2" and incorporated herein by reference.

South Aviation was obligated to pay a deposit of $150,000 to the Escrow Agent as part of the fully refundable deposit to CCURA.

95.     In reliance on all of the above representations, promises, and agreements by South Aviation and Machado, CCURA entered into the above agreements and agreed to pay $2,350,000 (for a total deposit refundable to CCURA of $2,500,000) to the Escrow Agent as a fully refundable deposit in connection with South Aviation's purchase of Aircraft No. 4.  *See* Exhibit D-1, p. 1, § 3.

96.     On or about August 28, 2020, both South Aviation and CCURA made their respective deposits into the agreed escrow account held by the Escrow Agent.

97.     Additionally, in reliance on all of the above representations, promises, and agreements by South Aviation and Machado, and pursuant to the November 27, 2020 CCURA Extension Agreement No. 1, CCURA paid an additional $250,000 into the agreed escrow account held by the Escrow Agent for South Aviation's purported purchase of Aircraft No. 4 on or about November 27, 2020. *See* Exhibit C-3.

98.     Accordingly, the fully refundable deposit amount from CCURA held by the Escrow Agent for Aircraft No. 4 was $2,750,000 (the "Refundable Deposit No. 4").

### *Failure to Repay Refundable Deposit No. 4 - $2,750,000*

99.     Pursuant to the CCURA Letter Agreement No. 2, as amended, supplemented, and/or extended, and the CCURA Escrow Agreement No. 2, as amended, supplemented, and/or extended, Refundable Deposit No. 4 was required to be refunded to CCURA, respectively, by the latest, January 25, 2021. *See* Ex. C-3 at p. 1.

100.     To date, no amount of Refundable Deposit No. 4 in the amount of $2,750,000 has been returned to CCURA.

101.    The failure to return Refundable Deposit No. 4 constitutes a breach of: **(1)** CCURA Letter Agreement No. 2, § 2(b), (d), (i); and (4)(b); **(2)** CCURA Escrow Agreement No. 2, §§ 3(b), (d); (4); and (6); and **(3)** CCURA Extension Agreement No. 1.

102.    As a further material inducement for CCURA's participation in the Refundable Deposit financing for Aircraft No. 4, under § 9 of the CCURA Letter Agreement No. 2, as amended, supplemented, and/or extended, South Aviation agreed that:

> South [Aviation] shall indemnify and hold harmless [CCURA] from and against any claim, loss or damage arising out of any breach of this Letter Agreement or the use of the Refundable Deposit.

103.    Despite demand for payment and for indemnification from South Aviation under the CCURA Letter Agreement No. 2, as amended, supplemented, and/or extended, no such payment or indemnity has been forthcoming.

104.    Under Section 10 of the CCURA Letter Agreement No. 2, as amended, supplemented, and/or extended, CCUR, as depositor, is entitled to the recovery of its reasonable costs and attorneys' fees, including any costs of collection, incurred due to South Aviation's breach of the CCURA Letter Agreement No. 2, as amended, supplemented, and/or extended.

105.    As a further material inducement for CCURA's participation in the Refundable Deposit financing for Aircraft No. 4, under Section 5(b) of the CCURA Letter Agreement No. 2, as amended, supplemented, and/or extended, South Aviation's principal, Federico A. Machado, personally guaranteed all of South Aviation's obligations under the CCURA Letter Agreement No. 2, as amended, supplemented, and/or extended, and all of the Escrow Agent's obligations under the CCURA Escrow Agreement No. 2, as amended, supplemented, and/or extended in favor of CCURA.

106.    As a further material inducement for CCURA's participation in the Refundable Deposit financing for Aircraft No. 4, under Section 9 of the CCURA Letter Agreement No. 2, as

amended, supplemented, and/or extended, Machado agreed that: "All of South [Aviation]'s obligations under this Letter Agreement are hereby personally guaranteed by [Federico A. Machado], an individual and resident of Florida."

107.    Despite demand, Machado has not complied with his guaranty obligations under the CCURA Letter Agreement No. 2, as amended, supplemented, and/or extended.

## CAUSES OF ACTION

108.    All conditions precedent to the institution of this action and all claims and causes of action herein have occurred or all conditions precedent have been performed, excused, or waived.

## COUNT I
## FRAUD AGAINST SOUTH AVIATION AND MACHADO
## (CCURH ESCROW DEPOSIT FINANCING – AIRCRAFT NO. 1 & NO. 2)

109.    CCURH realleges and reaffirms paragraphs 1 through 75 and 108 as if fully set forth herein.

110.    In the weeks leading up to May 14, 2020, as a material inducement for CCURH entering into the Refundable Deposit financing of Aircraft No. 1 and Aircraft No. 2 described herein, South Aviation, by and through its President, Defendant Machado, affirmatively represented to Wayne Barr, Jr., CCURH's former President and Chief Executive Officer, that: (i) South Aviation was engaged in legitimate aircraft purchase agreements that required the requested escrow deposits for Aircraft No. 1 and Aircraft No. 2; (ii) South Aviation would deposit the Deposit Fees for the respective aircraft with the Escrow Agent; (iii) the Deposit Fees would become part of the CCURH Refundable Deposits No. 1 and No. 2 as compensation for CCURH making said fully refundable deposits; (iv) CCURH Refundable Deposits No. 1 and No. 2 would remain in the escrow account of the Escrow Agent and would not be used for any other purpose; (v) the CCURH Refundable Deposits No. 1 and No. 2 would be repaid to CCURH on or before

the date set forth in CCURH Letter Agreements No. 1 and No. 2, as extended, without qualification or reservation; (vi) South Aviation would indemnify CCURH for any and all damages or losses incurred as a result of any failure to return the CCURH Refundable Deposits No. 1 or No. 2; and (vii) Machado would personally guaranty the return of the CCURH Refundable Deposits No. 1 and No. 2.

111.    CCURH justifiably and reasonably relied upon these representations by South Aviation and Machado and the payments of the Deposit Fees by South Aviation and, in reliance thereon, paid the CCURH Refundable Deposit No. 1 in the amount of $2,350,000 to the Escrow Agent in furtherance of South Aviation's purported purchase of Aircraft No. 1.

112.    CCURH justifiably and reasonably relied upon these representations by South Aviation and Machado and the payments of the Deposit Fees by South Aviation and, in reliance thereon, paid the CCURH Refundable Deposit No. 2 in the amount of $2,350,000 to the Escrow Agent in furtherance of South Aviation's purported purchase of Aircraft No. 2.

113.    In light of the allegations and charges in the Unsealed Indictment and the extent and nature of the vast scheme in which Defendants were engaged since at least 2016, at the time the above representations were made, neither South Aviation nor Machado had any intention of refunding the deposit fees or either of the CCURH Refundable Deposits No. 1 or No. 2 to CCURH.

114.    Instead, at all relevant times, South Aviation and/or Machado intended to use the funds for their own benefit, convert them to their own use, or use the funds to refund deposits made by other depositors.

115.    Accordingly, the representations were false when made and were made knowingly by South Aviation and Machado or were made recklessly as to their truth or falsity.

116.    Rather than becoming funds refundable to CCURH, however, the CCURH Refundable Deposits No. 1 and No. 2 were either siphoned off to South Aviation, Machado, or their related entities, or were used to refund deposits made by other depositors.

117.    As a result of South Aviation's and Machado's misrepresentations, CCURH has been damaged in an amount not less than the amounts of its fully refundable escrow deposits relating to Aircraft No. 1 and Aircraft No. 2 in the aggregate amount of $4,700,000 and have suffered further damages in an amount to be determined as a foreseeable and proximate consequence of Defendants' fraudulent misrepresentations alleged herein.

118.    As a result of Defendants' fraud as alleged herein, CCURH is entitled to and hereby seeks exemplary damages in the maximum amount allowed by applicable law.

**COUNT II**
**FRAUD AGAINST SOUTH AVIATION AND MACHADO**
**(CCURA ESCROW DEPOSIT FINANCING – ALL AIRCRAFT)**

119.    CCURA realleges and reaffirms paragraphs 1 through 108 as if fully set forth herein.

120.    In the weeks leading up to November 13, 2020, as a material inducement for CCURA entering into the Refundable Deposit financing of Aircraft No. 1 and Aircraft No. 2 described herein, South Aviation, by and through its President, Defendant Machado, affirmatively represented to Igor Volshteyn, President, of CCURA, that:  (i) South Aviation was engaged in legitimate aircraft purchase agreements that required the requested escrow deposits for Aircraft No. 1 and Aircraft No. 2; (ii) South Aviation had deposited the Deposit Fees for the respective aircraft with the Escrow Agent; (iii) the Deposit Fees would become part of the CCURA Refundable Deposits No. 1 and No. 2 as compensation for CCURA making said fully refundable deposits; (iv) CCURA Refundable Deposits No. 1 and No. 2 would remain in the escrow account of the Escrow Agent and would not be used for any other purpose; (v) the CCURA Refundable

Deposits No. 1 and No. 2 would be repaid to CCURA on or before the date set forth in CCURH Letter Agreements No. 1 and No. 2, as extended and to which CCURA was added as a party, without qualification or reservation; (vi) South Aviation would indemnify CCURA for any and all damages or losses incurred as a result of any failure to return the CCURA Refundable Deposits No. 1 or No. 2; and (vii) Machado would personally guaranty the return of the CCURA Refundable Deposits No. 1 and No. 2.

121.    In the weeks leading up to August 27, 2020, as a material inducement for CCURA entering into the Refundable Deposit financing of Aircraft No. 3 and Aircraft No. 4 described herein, South Aviation, by and through its President, Defendant Machado, affirmatively represented to Igor Volshteyn, President of CCURA, that:  (i) South Aviation was engaged in legitimate aircraft purchase agreements that required the requested escrow deposits for Aircraft No. 3 and Aircraft No. 4; (ii) South Aviation would deposit the Deposit Fees for the respective aircraft with the Escrow Agent; (iii) the Deposit Fees would become part of the CCURA Refundable Deposits No. 3 and No. 4 as compensation for CCURA making said fully refundable deposits; (iv) CCURA Refundable Deposits No. 3 and No. 4 would remain in the escrow account of the Escrow Agent and would not be used for any other purpose; (v) the CCURA Refundable Deposits No. 3 and No. 4 would be repaid to CCURA on or before the dates set forth in the CCURA Letter Agreements No. 3 and No. 4, as extended, without qualification or reservation; (vi) South Aviation would indemnify CCURA for any and all damages or losses incurred as a result of any failure to return the CCURA Refundable Deposits No. 3 or No. 4; and (vii) Machado would personally guaranty the return of the CCURA Refundable Deposits No. 3 and No. 4.

122.    CCURA justifiably and reasonably relied upon these representations by South Aviation and Machado and the payments of the Deposit Fees by South Aviation and, in reliance

thereon, paid the CCURA Refundable Deposit No. 1 in the amount of $1,750,000 to the Escrow Agent in furtherance of South Aviation's purported purchase of Aircraft No. 1.

123.    CCURA justifiably and reasonably relied upon these representations by South Aviation and Machado and the payments of the Deposit Fees by South Aviation and, in reliance thereon, paid the CCURA Refundable Deposit No. 2 in the amount of $1,750,000 to the Escrow Agent in furtherance of South Aviation's purported purchase of Aircraft No. 2.

124.    CCURA justifiably and reasonably relied upon these representations by South Aviation and Machado and the payments of the Deposit Fees by South Aviation and, in reliance thereon, paid the CCURA Refundable Deposit No. 3 in the amount of $2,600,000 to the Escrow Agent in furtherance of South Aviation's purported purchase of Aircraft No. 3.

125.    CCURA justifiably and reasonably relied upon these representations by South Aviation and Machado and the payments of the Deposit Fees by South Aviation and, in reliance thereon, paid the CCURA Refundable Deposit No. 4 in the amount of $2,600,000 to the Escrow Agent in furtherance of South Aviation's purported purchase of Aircraft No. 4.

126.    In light of the allegations and charges in the Unsealed Indictment and the extent and nature of the vast scheme in which Defendants were engaged since at least 2016, at the time the above representations were made, neither South Aviation nor Machado had any intention of refunding the deposit fees or any of the CCURA Refundable Deposits No. 1, No. 2, No. 3, or No. 4 to CCURA.

127.    Instead, at all relevant times, South Aviation and/or Machado intended to use the funds for their own benefit, convert them to their own use, or use the funds to refund deposits made by other depositors.

128.   Accordingly, the representations were false when made and were made knowingly by South Aviation and Machado or were made recklessly as to their truth or falsity.

129.   Rather than becoming funds refundable to CCURA, however, the CCURA Refundable Deposits No. 1, No. 2, No. 3, and No. 4 were either siphoned off to South Aviation, Machado, or their related entities, or were used to refund deposits made by other depositors.

130.   As a result of South Aviation's and Machado's misrepresentations and fraudulent scheme, CCURA has been damaged in an amount not less than the amounts of its fully refundable escrow deposits relating to Aircraft No. 1, Aircraft No. 2, Aircraft No. 3, and Aircraft No. 4 in the aggregate amount of $8,700,000 and has suffered further damages in an amount to be determined as a foreseeable and proximate consequence of Defendants' fraudulent misrepresentations alleged herein.

131.   As a result of Defendants' fraud as alleged herein, CCURA is entitled to and hereby seeks exemplary damages in the maximum amount allowed by applicable law.

**COUNT III**
**BREACH OF CONTRACT AGAINST SOUTH AVIATION**
**(CCURH LETTER AGREEMENT NO. 1)**

132.   CCURH and CCURA reallege and reaffirm paragraphs 1 through 57 and 108 as if fully set forth herein.

133.   This is a claim against South Aviation for breach of contract.

134.   The CCURH Letter Agreement No. 1, as amended, supplemented, or extended, is a valid, binding, and enforceable contract, and CCURH, CCURA, South Aviation, and Machado fully accepted all provisions therein.

135.   As described in more detail herein, South Aviation and CCURH deposited $2,500,000, fully refundable to CCURH, to the Escrow Agent in connection with South Aviation's purported purchase of Aircraft No. 1.

136.    As described in more detail herein, pursuant to the Second CCURH Extension Agreement, CCURA became a party to the CCURH Letter Agreement No. 1 and the CCURH Escrow Agreement No. 1 and made a fully Refundable Deposit of $1,750,000 to the Escrow Agent in connection with South Aviation's purported purchase of Aircraft No. 1.

137.    Pursuant to the CCURH Letter Agreement No. 1, as amended, supplemented, or extended, South Aviation was obligated to refund or secure the refund of the full amounts of the above CCURH Refundable Deposit No. 1 and the CCURA Refundable Deposit No. 1 to CCURH and CCURA, respectively, on or before January 12, 2021.

138.    To date, no portion of the CCURH Refundable Deposit No. 1 or the CCURA Refundable Deposit No. 1 has been refunded.

139.    South Aviation, therefore, has materially breached CCURH Letter Agreement No. 1.

140.    Moreover, despite demand, South Aviation has materially breached CCURH Letter Agreement No. 1 by failing to comply with the terms of its indemnity agreement pursuant to the same. *See* Exhibit A-1, at § 2(b), (d), (i); (4)(b).

141.    South Aviation's breach of CCURH Letter Agreement No. 1 has caused damages to CCURH in an amount not less than $2,882,500, plus applicable interest.

142.    South Aviation's breach of the CCURH Letter Agreement No. 1 has caused damages to CCURA in an amount not less than $1,750,000, plus applicable interest.

143.    Furthermore, CCURH and CCURA are entitled to recover their attorney's fees and costs, including any costs of collection, pursuant to the CCURH Letter Agreement No. 1.

**WHEREFORE,** CCURH and CCURA respectfully request judgment against Defendant South Aviation for compensatory damages in an amount not less than $2,500,000 and $1,750,000,

respectively, together with prejudgment interest thereon, costs and attorney's fees, including any costs of collection pursuant to the contract, and such other and further relief as the Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT AGAINST FEDERICO A. MACHADO
## (CCURH LETTER AGREEMENT NO. 1)

144.    CCURH and CCURA reallege and reaffirm paragraphs 1 through 57 and 108 as if fully set forth herein.

145.    This is a claim against Machado for breach of contract.

146.    The CCURH Letter Agreement No. 1, as amended, supplemented, or extended, is a valid, binding, and enforceable contract, and CCURH, CCURA, South Aviation, and Defendant Federico A. Machado fully accepted all provisions therein.

147.    Pursuant to Section 5(b) of the CCURH Letter Agreement No. 1, Machado personally guaranteed South Aviation's obligations under the agreement and the Escrow Agent's obligations under the CCURH Escrow Agreement No. 1.

148.    Despite demand for compliance with his guaranty, Machado has materially breached the CCURH Letter Agreement No. 1 by failing to timely return, or secure the timely return of, the CCURH Refundable Deposit No. 1 or the CCURA Refundable Deposit No. 1 in accordance with the terms of the agreement. *See* Exhibit A-1, § 2(b), (d), (i) and 4(b); Exhibit A-2 at § 3(b), (d); (4)(b).

149.    Moreover, despite demand, Machado has materially breached CCURH Letter Agreement No. 1 by failing to comply with the terms of his indemnity agreement pursuant to the same or his obligation to indemnify CCURH and CCURA for the Escrow Agent's breach of the CCURH Escrow Agreement No. 1. *See* Exhibit A-1, at § 9.

150.     Machado's breach of CCURH Letter Agreement No. 1, as amended, supplemented, or extended, has caused damages to CCURH in an amount not less than $2,500,000, plus applicable interest.

151.     Machado's breach of the CCURH Letter Agreement No. 1, as amended, supplemented, or extended, has caused damages to CCURA in an amount not less than $1,750,000, plus applicable interest.

152.     Furthermore, CCURH and CCURA are entitled to recover their attorney's fees and costs, including any costs of collection, pursuant to CCURH Letter Agreement No. 1.

**WHEREFORE**, CCURH and CCURA respectfully requests judgment against Defendant Machado for compensatory damages in an amount not less than $2,500,000 and $1,750,000, respectively, together with prejudgment interest on such amounts, costs and attorney's fees, including any costs of collection, pursuant to the contract, and such other and further relief as the Court deems just and proper.

## COUNT V
## BREACH OF CONTRACT AGAINST SOUTH AVIATION
## (CCURH LETTER AGREEMENT NO. 2)

153.     CCURH and CCURA reallege and reaffirm paragraphs 1 through 75 and 108 as if fully set forth herein.

154.     This is a claim against South Aviation for breach of contract.

155.     The CCURH Letter Agreement No. 2, as amended, supplemented, or extended, is a valid, binding, and enforceable contract, and CCURH, CCURA, South Aviation, and Machado fully accepted all provisions therein.

156.     As described in more detail herein, South Aviation and CCURH deposited $2,500,000, fully refundable to CCURH, to the Escrow Agent in connection with South Aviation's purported purchase of Aircraft No. 2.

157.     As described in more detail herein, pursuant to the Second CCURH Extension Agreement, CCURA became a party to the CCURH Letter Agreement No. 2 and the CCURH Escrow Agreement No. 2 and made a fully Refundable Deposit of $1,750,000 to the Escrow Agent in connection with South Aviation's purported purchase of Aircraft No. 2.

158.     Pursuant to the CCURH Letter Agreement No. 2, as amended, supplemented, or extended, South Aviation was obligated to refund or secure the refund of the full amounts of the above CCURH Refundable Deposit No. 2 and the CCURA Refundable Deposit No. 2 to CCURH and CCURA, respectively, on or before January 12, 2021.

159.     To date, no portion of the CCURH Refundable Deposit No. 2 or the CCURA Refundable Deposit No. 2 has been refunded.

160.     South Aviation, therefore, has materially breached CCURH Letter Agreement No. 2.

161.     Moreover, despite demand, South Aviation has materially breached CCURH Letter Agreement No. 2 by failing to comply with the terms of its indemnity agreement pursuant to the same. *See* Exhibit A-1, at § 2(b), (d), (i); (4)(b).

162.     South Aviation's breach of CCURH Letter Agreement No. 2 has caused damages to CCURH in an amount not less than $2,500,000, plus applicable interest.

163.     South Aviation's breach of the CCURH Letter Agreement No. 2 has caused damages to CCURA in an amount not less than $1,750,000, plus applicable interest.

164.     Furthermore, CCURH and CCURA are entitled to recover their attorney's fees and costs, including any costs of collection, pursuant to the CCURH Letter Agreement No. 2.

**WHEREFORE,** CCURH and CCURA respectfully request judgment against Defendant South Aviation for compensatory damages in an amount not less than $2,500,000 and $1,750,000,

respectively, together with prejudgment interest thereon, costs and attorney's fees, including any costs of collection pursuant to the contract, and such other and further relief as the Court deems just and proper.

## COUNT VI
## BREACH OF CONTRACT AGAINST FEDERICO A. MACHADO
## (CCURH LETTER AGREEMENT NO. 2)

165.    CCURH and CCURA reallege and reaffirm paragraphs 1 through 75 and 108 as if fully set forth herein.

166.    This is a claim against Machado for breach of contract.

167.    The CCURH Letter Agreement No. 2, as amended, supplemented, or extended, is a valid, binding, and enforceable contract, and CCURH, CCURA, South Aviation, and Defendant Federico A. Machado fully accepted all provisions therein.

168.    Pursuant to Section 5(b) of the CCURH Letter Agreement No. 2, Machado personally guaranteed South Aviation's obligations under the agreement and the Escrow Agent's obligations under the CCURH Escrow Agreement No. 2.

169.    Despite demand, Machado has materially breached the CCURH Letter Agreement No. 2 by failing to timely return, or secure the timely return of, the CCURH Deposit No. 2 or the CCURA Deposit No. 2 in accordance with the terms of the agreement. *See* Exhibit B-1, § 2(b), (d), (i) and 4(b); Exhibit B-2 at § 3(b), (d); (4)(b).

170.    Moreover, despite demand, Machado has materially breached CCURH Letter Agreement No. 2 by failing to comply with the terms of his indemnity agreement pursuant to the same or his obligation to indemnify CCURH and CCURA for the Escrow Agent's breach of the CCURH Escrow Agreement No. 2. *See* Exhibit B-1, at § 9.

171.     Machado's breach of CCURH Letter Agreement No. 2, as amended, supplemented, or extended, has caused damages to CCURH in an amount not less than $2,500,000, plus applicable interest.

172.     Machado's breach of the CCURH Letter Agreement No. 2, as amended, supplemented, or extended, has caused damages to CCURA in an amount not less than $1,750,000, plus applicable interest.

173.     Furthermore, CCURH and CCURA are entitled to recover their attorney's fees and costs, including any costs of collection, pursuant to CCURH Letter Agreement No. 2.

**WHEREFORE**, CCURH and CCURA respectfully requests judgment against Defendant Machado for compensatory damages in an amount not less than $2,500,000 and $1,750,000, respectively, together with prejudgment interest on such amounts, costs and attorney's fees, including any costs of collection, pursuant to the contract, and such other and further relief as the Court deems just and proper.

## COUNT VII
## BREACH OF CONTRACT AGAINST SOUTH AVIATION
## (CCURA LETTER AGREEMENT NO. 1)

174.     CCURA realleges and reaffirms paragraphs 1 through 91 and 108 as if fully set forth herein.

175.     This is a claim against South Aviation for breach of contract.

176.     The CCURA Letter Agreement No. 1, as amended, supplemented, or extended, is a valid, binding, and enforceable contract, and CCURA, South Aviation, and Machado fully accepted all provisions therein.

177.     As described in more detail herein, South Aviation and CCURA deposited $2,500,000, fully refundable to CCURA, to the Escrow Agent in connection with South Aviation's purported purchase of Aircraft No. 3.

178.     As described in more detail herein, pursuant to the CCURA Extension Agreement No. 1, CCURA deposited an additional $250,000, fully refundable to CCURA, to the Escrow Agent in connection with South Aviation's purported purchase of Aircraft No. 3.

179.     Pursuant to the CCURA Letter Agreement No. 1, as amended, supplemented, or extended, South Aviation was obligated to refund or secure the refund of the full amounts of the above CCURA Refundable Deposit No. 3 to CCURA on or before January 25, 2021.

180.     To date, no portion of the CCURA Refundable Deposit No. 3 has been refunded.

181.     South Aviation, therefore, has materially breached CCURA Letter Agreement No. 1, as amended, supplemented, or extended.

182.     Moreover, despite demand South Aviation has materially breached CCURA Letter Agreement No. 1, as amended, supplemented, or extended, by failing to comply with the terms of its indemnity agreement pursuant to the same. *See* Exhibit A-1, at § 2(b), (d), (i); (4)(b).

183.     South Aviation's breach of CCURA Letter Agreement No. 1, as amended, supplemented, or extended, has caused damages to CCURA in an amount not less than $2,750,000, plus applicable interest.

184.     Furthermore, CCURA is entitled to recovery of its attorney's fees and costs, including any costs of collection, pursuant to the CCURA Letter Agreement No. 1, as amended, supplemented, or extended.

**WHEREFORE,** CCURA respectfully requests judgment against Defendant South Aviation for compensatory damages in an amount not less than $2,750,000, together with prejudgment interest thereon, costs and attorney's fees, including any costs of collection pursuant to the contract, and such other and further relief as the Court deems just and proper.

## COUNT VIII
## BREACH OF CONTRACT AGAINST FEDERICO A. MACHADO
## (CCURA LETTER AGREEMENT NO. 1)

185.    CCURA realleges and reaffirms paragraphs 1 through 91 and 108 as if fully set forth herein.

186.    This is a claim against Machado for breach of contract.

187.    The CCURA Letter Agreement No. 1, as amended, supplemented, or extended, is a valid, binding, and enforceable contract, and CCURA, South Aviation, and Defendant Federico A. Machado fully accepted all provisions therein.

188.    Pursuant to Section 5(b) of the CCURA Letter Agreement No. 1, Machado personally guaranteed South Aviation's obligations under the agreement and the Escrow Agent's obligations under the CCURA Escrow Agreement No. 1.

189.    Despite demand, Machado has materially breached the CCURA Letter Agreement No. 1 by failing to timely return, or secure the timely return of, the CCURA Refundable Deposit No. 1 in accordance with the terms of the agreement. *See* Exhibit C-1, § 2(b), (d), (i) and 4(b); Exhibit C-2 at § 3(b), (d); (4)(b).

190.    Moreover, despite demand, Machado has materially breached CCURA Letter Agreement No. 1 by failing to comply with the terms of his indemnity agreement pursuant to the same or his obligation to indemnify CCURA for the Escrow Agent's breach of the CCURA Escrow Agreement No. 1. *See* Exhibit C-1, at § 9.

191.    Machado's breach of CCURA Letter Agreement No. 1, as amended, supplemented, or extended, has caused damages to CCURA in an amount not less than $2,750,000, plus applicable interest.

192.    Furthermore, CCURA is entitled to recovery of its attorney's fees and costs, including any costs of collection, pursuant to CCURA Letter Agreement No. 1.

**WHEREFORE**, CCURA respectfully requests judgment against Defendant Machado for compensatory damages in an amount not less than $2,750,000, together with prejudgment interest on such amounts, costs and attorney's fees, including any costs of collection, pursuant to the contract, and such other and further relief as the Court deems just and proper.

**COUNT IX**
**BREACH OF CONTRACT AGAINST SOUTH AVIATION**
**(CCURA LETTER AGREEMENT NO. 2)**

193.    CCURA realleges and reaffirms paragraphs 1 through 108 as if fully set forth herein.

194.    This is a claim against South Aviation for breach of contract.

195.    The CCURA Letter Agreement No. 2, as amended, supplemented, or extended, is a valid, binding, and enforceable contract, and CCURA, South Aviation, and Machado fully accepted all provisions therein.

196.    As described in more detail herein, South Aviation and CCURA deposited $2,500,000, fully refundable to CCURA, to the Escrow Agent in connection with South Aviation's purported purchase of Aircraft No. 4.

197.    As described in more detail herein, pursuant to the CCURA Extension Agreement No. 1, CCURA deposited an additional $250,000, fully refundable to CCURA, to the Escrow Agent in connection with South Aviation's purported purchase of Aircraft No. 4.

198.    Pursuant to the CCURA Letter Agreement No. 2, as amended, supplemented, or extended, South Aviation was obligated to refund or secure the refund of the full amounts of the above CCURA Refundable Deposit No. 4 to CCURA on or before January 25, 2021.

199.    To date, no portion of the CCURA Refundable Deposit No. 4 has been refunded.

200.    South Aviation, therefore, has materially breached CCURA Letter Agreement No. 2, as amended, supplemented, or extended.

201.    Moreover, despite demand, South Aviation has materially breached CCURA Letter Agreement No. 2, as amended, supplemented, or extended, by failing to comply with the terms of its indemnity agreement pursuant to the same. *See* Exhibit D-1, at § 2(b), (d), (i); (4)(b).

202.    South Aviation's breach of CCURA Letter Agreement No. 2, as amended, supplemented, or extended, has caused damages to CCURA in an amount not less than $2,750,000, plus applicable interest.

203.    Furthermore, CCURA is entitled to recovery of its attorney's fees and costs, including any costs of collection, pursuant to the CCURA Letter Agreement No. 2, as amended, supplemented, or extended.

**WHEREFORE,** CCURA respectfully requests judgment against Defendant South Aviation for compensatory damages in an amount not less than $2,750,000, together with prejudgment interest thereon, costs and attorney's fees, including any costs of collection pursuant to the contract, and such other and further relief as the Court deems just and proper.

## COUNT X
## BREACH OF CONTRACT AGAINST FEDERICO A. MACHADO
## (CCURA LETTER AGREEMENT NO. 2)

204.    CCURA realleges and reaffirms paragraphs 1 through 108 as if fully set forth herein.

205.    This is a claim against Machado for breach of contract.

206.    The CCURA Letter Agreement No. 2, as amended, supplemented, or extended, is a valid, binding, and enforceable contract, and CCURA, South Aviation, and Defendant Federico A. Machado fully accepted all provisions therein.

207.    Pursuant to Section 5(b) of the CCURA Letter Agreement No. 2, Machado personally guaranteed South Aviation's obligations under the agreement and the Escrow Agent's obligations under the CCURA Escrow Agreement No. 2.

208.     Despite demand, Machado has materially breached the CCURA Letter Agreement No. 2 by failing to timely return, or secure the timely return of, the CCURA Refundable Deposit No. 2 in accordance with the terms of the agreement. *See* Exhibit D-1, § 2(b), (d), (i) and 4(b); Exhibit D-2 at § 3(b), (d); (4)(b).

209.     Moreover, despite demand, Machado has materially breached CCURA Letter Agreement No. 2 by failing to comply with the terms of his indemnity agreement pursuant to the same or his obligation to indemnify CCURA for the Escrow Agent's breach of the CCURA Escrow Agreement No. 2. *See* Exhibit D-1, at § 9.

210.     Machado's breach of CCURA Letter Agreement No. 2, as amended, supplemented, or extended, has caused damages to CCURA in an amount not less than $2,750,000, plus applicable interest.

211.     Furthermore, CCURA is entitled to recovery of its attorney's fees and costs, including any costs of collection, pursuant to CCURA Letter Agreement No. 2.

**WHEREFORE**, CCURA respectfully requests judgment against Defendant Machado for compensatory damages in an amount not less than $2,750,000, together with prejudgment interest on such amounts, costs and attorney's fees, including any costs of collection, pursuant to the contract, and such other and further relief as the Court deems just and proper.

## PRAYER

**WHEREFORE**, Plaintiffs pray that Defendants be cited to appear and answer herein and following a trial on the merits or other disposition, Plaintiffs have and recover judgment, jointly and severally, from Defendants South Aviation, Inc. and Federico A. Machado in the following amounts:

1. As to Plaintiff CCUR Holdings, Inc., judgment in an amount not less than $5,000,000, comprised of the CCURH Refundable Deposits No. 1 and No.2, each in the amount of $2,500,000; and

2. As to Plaintiff CCUR Aviation Finance, LLC, judgment in an amount not less than $9,000,000, comprised of the CCURA Refundable Deposits No. 1, No. 2, each in the amount of $1,750,000, and the CCURA Refundable Deposits No. 3 and No. 4, each in the aggregate amount of $2,750,000;

together with prejudgment interest thereon, exemplary damages in the greatest amount allowed by applicable law for Defendants' fraud and misrepresentations as set forth herein, and all costs, attorneys' fees, and costs of collection pursuant to the operative agreements, and any and all such other and further relief as the Court deems just and proper:

Dated: March 1, 2021

Respectfully submitted,

*/s/ Jonathan B. Morton*

Jonathan B. Morton, Esq.
Florida Bar No. 956872
jonathan.morton@klgates.com
Stephen A. McGuinness, Esq.
Florida Bar No. 89369
stephen.mcguinness@klgates.com
**K&L GATES LLP**
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, FL 33131-2399
Telephone:     305-539-3300
Facsimile:      305-358-7095

*-and-*

Christopher A. Brown, Esq.
Texas Bar No. 24040583
(pro hac vice pending)
chris.brown@klgates.com
David Weitman, Esq.
Texas Bar No. 21116200
(pro hac vice pending)
David.weitman@klgates.com
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone:     214-939-5500
Facsimile:      214-939-5849

*Counsel for Plaintiffs*

## <u>VERIFICATION</u>

**STATE OF TEXAS** )
)
**COUNTY OF TRAVIS** )

Before me, the undersigned notary public, appeared Igor Volshteyn, who on his oath did depose and state:

1.      "My name is Igor Volshteyn.  I am the President of CCUR Holdings, Inc. ("<u>CCURH</u>") and the President of CCUR Aviation Finance, LLC ("<u>CCURA</u>" and, together with CCURH, the "<u>Plaintiffs</u>"). I am over 21 years of age and legally able to provide a sworn verification.

2.      I have read the Original Verified Complaint (the "<u>Complaint</u>") of Plaintiffs against Defendants South Aviation, Inc. ("<u>South Aviation</u>") and Federico Machado ("<u>Machado</u>" and, together with South Aviation, the "<u>Defendants</u>"), and the Plaintiffs' Verified Emergency Motion for Immediate Appointment of Receiver (the "<u>Motion</u>"), and I declare under penalty of perjury that the facts presented in the Complaint and the Motion, as they relate to CCUR Holdings, Inc. and to CCUR Aviation Finance, LLC, are true and correct to the best of my knowledge and belief.

3.      As President of CCURH, I am a custodian of records of CCURH and am familiar with its records and the manner in which they are kept.

4.      Attached to both the Complaint and the Motion are true and correct copies of the following documents (the "<u>CCURH Records</u>"):

   a.   that certain letter agreement, dated May 14, 2020, between and among CCURH, South Aviation, and Machado for Aircraft No. 1 (the "<u>CCURH Letter Agreement No. 1</u>") (**Exh. A-1**);

   b.   that certain Escrow Agreement, dated May 14, 2020, between CCURH and Wright Brothers Aircraft Title, Inc. (the "<u>Escrow Agent</u>") for Aircraft No. 1 (the "<u>CCURH Escrow Agreement No. 1</u>") (**Exh. A-2**);

   c.   that certain letter agreement, dated September 10, 2020, by South Aviation (the "First CCURH Extension Agreement") (**Exh. A-3**);

   d.   that certain letter agreement, dated November 13, 2020, between and among CCURH, South Aviation, and the Escrow Agent (the "Second CCURH Extension Agreement") (**Exh. A-4**);

   e.   that certain letter agreement, dated May 14, 2020, between and among CCURH, South Aviation, and Machado for Aircraft No. 2 (the "CCURH Letter Agreement No. 2") (**Exh. B-1**); and

   f.   that certain Escrow Agreement, dated May 14, 2020, between CCURH and the Escrow Agent for Aircraft No. 2 (the "CCURH Escrow Agreement No. 2") (**Exh. B-2**).

5.      Each of the CCURH Records was made at or new the time by—or from information transmitted by—someone with knowledge of the matters set forth therein; the CCURH Records are all kept in the course of CCURH's regularly conducted business activity; and making the CCURH Records is a regular practice of CCURH's business.

6.      As President of CCURA, I am a custodian of records of CCURA and am familiar with its records and the manner in which they are kept.

7.      Attached to both the Complaint and the Motion are true and correct copies of the following documents (the "CCURA Records"):

   a.   that certain letter agreement, dated May 14, 2020, between and among CCURH, South Aviation, and Machado for Aircraft No. 1 (the "CCURH Letter Agreement No. 1") (**Exh. A-1**);

   b.   that certain Escrow Agreement, dated May 14, 2020, between CCURH and Wright Brothers Aircraft Title, Inc. (the "Escrow Agent") for Aircraft No. 1 (the "CCURH Escrow Agreement No. 1") (**Exh. A-2**);

   c.   that certain letter agreement, dated September 10, 2020, by South Aviation (the "First CCURH Extension Agreement") (**Exh. A-3**);

   d.   that certain letter agreement, dated November 13, 2020, between and among CCURH, CCURA, South Aviation, and the Escrow Agent (the "Second CCURH Extension Agreement") (**Exh. A-4**);

e. that certain letter agreement, dated May 14, 2020, between and among CCURH, South Aviation, and Machado for Aircraft No. 2 (the "CCURH Letter Agreement No. 2") (**Exh. B-1**); and

f. that certain Escrow Agreement, dated May 14, 2020, between CCURH and the Escrow Agent for Aircraft No. 2 (the "CCURH Escrow Agreement No. 2") (**Exh. B-2**).

g. that certain letter agreement, dated August 28, 2020, between and among CCURA, South Aviation, and Machado for Aircraft No. 3 (the "CCURA Letter Agreement No. 1") (**Exh. C-1**);

h. that certain Escrow Agreement, dated August 27, 2020, between CCURA and the Escrow Agent for Aircraft No. 3 (the "CCURA Escrow Agreement No. 1") (**Exh. C-2**);

i. that certain letter agreement, dated November 27, 2020, between and among CCURA, South Aviation, and the Escrow Agent (the "CCURA Extension Agreement No. 1") (**Exh. C-3**);

j. that certain letter agreement, dated August 28, 2020, between and among CCURA, South Aviation, and Machado for Aircraft No. 4 (the "CCURA Letter Agreement No. 2") (**Exh. D-1**); and

k. that certain Escrow Agreement, dated August 28, 2020, between CCURA and the Escrow Agent for Aircraft No. 4 (the "CCURA Escrow Agreement No. 2") (**Exh. D-2**).

8. Each of the CCURA Records was made at or near the time by—or from information transmitted by—someone with knowledge of the matters set forth therein; the CCURA Records are all kept in the course of CCURA's regularly conducted business activity; and making the CCURA Records is a regular practice of CCURA's business.

FURTHER DECLARANT SAYETH NOT.

_____
Igor Volshteyn

_____
Notary Public In And For
The State of Texas

Dated:  This 26th day of February, 2021.



BRYAN ANDERSON
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 11/02/2021
NOTARY ID 12592363-8