UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs CCUR Aviation Finance, LLC and CCUR Holdings, Inc. (collectively, "Plaintiffs") *ex parte* Verified Motion for Immediate Appointment of Receiver, ECF No. [4] ("Motion"), filed on March 1, 2021. The Court has reviewed the Motion, all supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiffs initiated this action on March 1, 2021. ECF No. [1]. The same day, Plaintiffs filed the instant Motion seeking the appointment of a receiver to:

> (i) confirm what assets the Defendants previously had and currently have; (ii) confirm what the Defendants' creditors are currently owed; (iii) freeze assets to ensure that Defendants' creditors are repaid; (iv) marshal, safeguard, and liquidate assets; (v) ensure that preferential payments to creditors and insiders do not occur at the expense of other creditors; (vi) ensure that the Defendants' creditors are repaid in a fair and equitable manner; and (vii) file any necessary or appropriate ancillary actions to recover monies or assets for the benefit of the Defendants' creditors.

ECF No. [4] at 4. In particular, Plaintiffs request emergency relief because, on February 26, 2021, a criminal indictment in the Eastern District of Texas, which included one of the Defendants in

this case, Federico A. Machado, was unsealed. As such, Plaintiffs are concerned that this unsealed indictment will motivate Defendants to divert or conceal funds and assets from Plaintiffs to avoid satisfying Plaintiffs outstanding claims.

"The Court has broad equitable powers to stop misconduct and to preserve the status quo when there is good cause to do so." *Commodity Futures Trading Comm'n v. Fingerhut*, No. 1:20-cv-21887, 2020 WL 2747448, at *1 (S.D. Fla. May 26, 2020). These broad equitable powers include granting *ex parte* temporary restraining orders before a defendant has been served and given an opportunity to respond. *See* Fed. R. Civ. P. 65(b) (permitting the issuance of "a temporary restraining order without written or oral notice to the adverse party").

> It follows then that courts may also exercise their equitable powers to appoint a *temporary* receiver in the absence of service. *See, e.g.*, *Arkansas Louisiana Gas Co. v. Kroeger*, 303 F.2d 129, 132 (5th Cir. 1962) ("[A] court of equity does have the power and authority to make an ex parte appointment of a receiver.") (citations omitted); *Porter v. Cooke*, 7 F. Supp. 724 (W.D. La. 1933) (holding that written notice of application for appointment of receiver was sufficient without formal service). This makes sense. The basis for appointing a temporary receiver is the same as that underpinning an *ex parte* temporary restraining order: to preserve the status quo for a limited duration until the parties may be heard. *See Bookout v. Atlas Fin. Corp.*, 395 F. Supp. 1338, 1342 (N.D. Ga. 1974), *aff'd sub nom. Bookout v. First Nat. Mortg. & Disc. Co.*, 514 F.2d 757 (5th Cir. 1975) ("The appointment of a receiver certainly is not made for the purpose of destroying the rights of persons, but rather, that their rights may be made more secure.") (citation omitted).

*Fingerhut*, 2020 WL 2747448, at *2.

However, "[a] district court's appointment of a receiver . . . is an extraordinary equitable remedy." *United States v. Bradley*, 644 F.3d 1213, 1310 (11th Cir. 2011) (citation and internal quotation marks omitted).

> "[T]he appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action." *National Partnership Inv. Corp. v. National Housing Development Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998); *see also Hutchinson v. Fidelity Inv. Ass'n*, 106 F.2d 431, 436 (4th Cir. 1939) ("It should not be forgotten that the appointment of a receiver is not a matter of right, but one resting in the sound discretion of the

> court.") (citation omitted); *Sterling Sav. Bank v. Citadel Development Co.*, 656 F. Supp. 2d 1248, 1258 (D. Or. 2009) (noting that "a party does not have a substantive right to a receiver"). Simply put, "[r]eceivership is an extraordinary remedy that should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012).

*Fid. Bank v. Key Hotels of Brewton, LLC*, No. CIV.A. 15-0031-WS-M, 2015 WL 435035, at *1 (S.D. Ala. Feb. 2, 2015) (footnote omitted).

Upon review of the Motion and record in this case, the Court finds that Plaintiffs' request for the appointment of a receiver is due to be denied. Remarkably, Plaintiffs fail to provide any legal basis for granting the extraordinary relief requested, especially on an *ex parte* basis. Indeed, Plaintiffs' Motion does not appear to request temporary relief to maintain the status quo until the Defendants have an opportunity to appear and be heard. Instead, Plaintiffs' Motion seemingly requests the immediate appointment of a receiver for the entire duration of this case, without submitting any justification for this substantial request.

In addition, Plaintiffs' emergency request is entirely deficient as it ignores the notice of intent to seek criminal forfeiture included in the unsealed criminal indictment, which Plaintiffs contend serves as the basis for this alleged emergency. *See* ECF No. [4-12] at 42-44. The Court fails to see how it could properly appoint a receiver in this case, where such relief would clearly infringe on the ongoing criminal prosecution in Texas. Moreover, any claimed emergency to prevent the dissipation or concealment of Defendants' assets is directly refuted by the notice of intent to seek criminal forfeiture in the unsealed criminal indictment.

In sum, Plaintiffs have not presented any justifiable basis to award emergency, *ex parte* relief in the form of the appointment of a receiver in this case, especially where such relief would directly infringe on an ongoing criminal prosecution in another jurisdiction.

Case No. 21-cv-60462-BLOOM/Valle

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Emergency Motion, **ECF No. [4]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record