UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-60462-BLOOM/Valle**

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon WBIP Aviation One LLC and WBIP Aviation Two LLC's (collectively, "Intervenors") Motion to Intervene, ECF No. [19] ("Motion"), filed on March 12, 2021. Intervenors seek leave to permissively intervene in this action under Federal Rule of Civil Procedure 24(b)(1)(B). Intervenors contend that virtually identical questions of law and fact exist regarding the claims asserted by Plaintiffs CCUR Aviation Finance, LLC and CCUR Holdings, Inc. (collectively, "Plaintiffs") in this action. Defendants South Aviation, Inc. and Federico A. Machado (collectively, "Defendants") have failed to submit any timely response in opposition to the Motion. Additionally, Plaintiffs do not oppose the instant Motion. The Court has reviewed the Motion, Intervenor's Proposed Complaint, ECF No. [19-1], the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiffs initiated this action for fraud and breach of contract on March 1, 2021. ECF No. [1]. The Complaint alleges that Plaintiffs entered into escrow-backed aircraft financing agreements

with Defendants and an escrow agent, Wright Brothers Aircraft Title Inc., and paid large deposits pursuant to those agreements that were due to be repaid on January 15, 2021, but never were. Intervenors now seek leave to intervene in this case, alleging almost identical facts as those alleged in Plaintiffs' Complaint. *See* ECF No. [19-1].

Federal Rule of Civil Procedure 24(b) governs permissive interventions, and states:

(1) ***In General***. On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).

Thus, to permissibly intervene, the intervenor must show that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). When exercising its discretion, a district court "can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene]." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999); *see also McIntire v. Mariano*, No. 18-cv-60075, 2019 WL 78982, at *4 (S.D. Fla. Jan. 2, 2019).

"The 'claim or defense' portion of the rule has been construed liberally, and indeed the [United States] Supreme Court has said that it 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.'" *In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975)[1] (quoting *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)). The intervening party, however, "must demonstrate more than a

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Case No. 21-cv-60462-BLOOM/Valle

general interest in the subject matter of the litigation before intervention should be allowed." *Alexander v. Hall*, 64 F.R.D. 152, 157 (D.S.C. 1974).

Upon review of the instant Motion, the Court finds that Intervenors have met their burden of demonstrating that permissive intervention is warranted. Indeed, there is no dispute that there are nearly identical legal and factual commonalities between the two actions, and Defendants' failure to respond or oppose the Motion further support this conclusion. Moreover, there is no indication that either Plaintiffs, who do not oppose the Motion, or Defendants, who have failed to respond to the Motion, would be prejudiced in any way by the intervention. *See Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) ("Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties."). Finally, Intervenors' Motion is timely and would not cause any delay in this litigation, as they filed their Motion less than two weeks after this action was initiated. *See McIntire*, 2019 WL 78982, at *7. As such, the Court concludes that the Intervenors here should be permitted to intervene in this case.

Accordingly, it is **ORDERED AND ADJUDGED** that Intervenors' Motion, **ECF No. [19]**, is **GRANTED**. Intervenors must separately refile their Proposed Complaint, **ECF No. [19-1]**, by no later than **April 9, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-60462-BLOOM/Valle

Copies to:

Counsel of Record