## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

      Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

      Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Metrocity Holdings, LLC's ("Intervenor") Motion to Intervene, ECF No. [24] ("Motion"), and its Motion for Oral Argument, ECF No. [35]. Intervenor seeks leave to permissively intervene in this action under Federal Rule of Civil Procedure 24(b)(1)(B) due to common questions of law and fact as the claims asserted by Plaintiffs CCUR Aviation Finance, LLC and CCUR Holdings, Inc. (collectively, "Plaintiffs") in this action. Defendants South Aviation, Inc. and Federico A. Machado[1] (collectively, "Defendants") have failed to submit any timely response in opposition to the Motion. Additionally, Plaintiffs do not oppose the instant Motion, nor do Intervenors WBIP Aviation One LLC and WBIP Aviation Two LLC (collectively, "WBIP Intervenors"). The Court has reviewed the Motion, Intervenor's Proposed Complaint, ECF No. [24-1], the record in this case, the applicable law, and is otherwise

---

[1] The Court notes that the Intervenor submitted a return of non-service as to Federico A. Machado, ECF No. [39], and a certificate of service, ECF No. [40], indicating that copies of the Motion and the Notice of Joinder, ECF No. 32], were sent by mail to Machado's last known address. However, the return of non-service states that Machado does not reside at the address listed. As such, it does not appear that Machado has been served to date, which may affect Intervenor's ultimate ability to obtain the relief requested in its proposed complaint.

fully advised. For the reasons set forth below, the Motion is granted, and the request for oral argument is denied as moot.

Plaintiffs initiated this action for fraud and breach of contract on March 1, 2021. ECF No. [1]. The Complaint alleges that Plaintiffs entered into escrow-backed aircraft financing agreements with Defendants and Wright Brothers Aircraft Title Inc., an escrow agent. Plaintiffs paid large deposits pursuant to those agreements that were due to be repaid on January 15, 2021, but never were. Intervenor now seeks leave to intervene in this case, based upon the same fraudulent scheme as that alleged in Plaintiffs' Complaint. *See* ECF No. [24-1].

Federal Rule of Civil Procedure 24(b) governs permissive interventions, and states:

> (1) ***In General***. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).

Thus, to permissibly intervene, the intervenor must show that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). When exercising its discretion, a district court "can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene]." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999); *see also McIntire v. Mariano*, No. 18-cv-60075, 2019 WL 78982, at *4 (S.D. Fla. Jan. 2, 2019).

"The 'claim or defense' portion of the rule has been construed liberally, and indeed the [United States] Supreme Court has said that it 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.'" *In re*

*Estelle*, 516 F.2d 480, 485 (5th Cir. 1975)[2] (quoting *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)). The intervening party, however, "must demonstrate more than a general interest in the subject matter of the litigation before intervention should be allowed." *Alexander v. Hall*, 64 F.R.D. 152, 157 (D.S.C. 1974).

Upon review of the instant Motion, the Court finds that Intervenor has met its burden of demonstrating that permissive intervention is warranted. Indeed, there is no dispute that there are highly similar legal and factual commonalities between the two actions. Moreover, Defendant South Aviation, Inc.'s failure to respond or oppose the Motion further support this conclusion. Moreover, there is no indication that Plaintiffs and WBIP Intervenors, who do not oppose the Motion, or Defendants would be prejudiced in any way by the intervention. *See Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) ("Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties."). Finally, Intervenor's Motion is timely and would not cause any delay in this litigation, as it filed its Motion less than a month after this action was initiated and before any responsive pleading or scheduling order has been issued in this case. *See McIntire*, 2019 WL 78982, at *7. As such, the Court concludes that the Intervenor here should be permitted to intervene in this case.[3]

Accordingly, it is **ORDERED AND ADJUDGED** that Intervenor's Motion, **ECF No. [24]**, is **GRANTED**. Intervenor must separately refile their Proposed Complaint, **ECF No. [24-1]**,

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.
[3] Because the Court does not feel that any further argument is necessary for the resolution of this Motion, Intervenor's request for oral argument is due to be denied as moot.

Case No. 21-cv-60462-BLOOM/Valle

by no later than **April 19, 2021**. In addition, Intervenor's Motion for Oral Argument, **ECF No. [35]**, is **DENIED AS MOOT**.

> **DONE AND ORDERED** in Chambers at Miami, Florida, on April 12, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record