UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

**ORDER ON TEMPORARY RECEIVER'S AGREED EMERGENCY MOTION TO EXPAND THE RECEIVERSHIP TO INCLUDE RECENTLY DISCOVERED ASSETS**

**THIS CAUSE** is before the Court upon the Temporary Receiver's Agreed Emergency Motion to Expand the Receivership to Include Recently Discovered Assets, ECF No. [49] ("Motion"), filed on April 30, 2021. In her Motion, the Temporary Receiver requests that this Court expand the Receivership to include a recently discovered 1986 Bombardier Challenger Cl-601-2A12 (the "Aircraft"), owned by JF Aircorp Inc. ("JF Aircorp"), an entity which the Temporary Receiver believes is an affiliate of Defendant South Aviation, Inc. ("South Aviation"). Plaintiffs CCUR Aviation Finance, LLC and CCUR Holdings, Inc.'s (collectively, "Plaintiffs"), Intervenor Plaintiffs WBIP Aviation One, LLC and WBIP Aviation Two, LLC ("WBIP Intervenors"), and Intervenor Plaintiff Metrocity Holdings, LLC ("Metrocity Intervenor") each agree to the relief sought in the Motion. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part and denied in part.

Case No. 21-cv-60462-BLOOM/Valle

## I. BACKGROUND

Plaintiffs initiated this action for fraud and breach of contract on March 1, 2021. ECF No. [1]. The Complaint alleges that Plaintiffs entered into escrow-backed aircraft financing agreements with Defendants South Aviation and Federico Machado (collectively, "Defendants") and an escrow agent, Wright Brothers Aircraft Title Inc.. Plaintiffs paid large deposits pursuant to those agreements that were due to be repaid on January 15, 2021, but never were. The WBIP Intervenors and the Metrocity Intervenor allege almost identical claims for similar financing agreements they entered into with Defendants that were never repaid.

On April 16, 2021, this Court appointed Barbara Martinez as Temporary Receiver to

> confirm what assets South Aviation previously had and currently has; confirm what South Aviation's creditors are currently owed; freeze assets to ensure South Aviation's creditors are repaid; marshal, safeguard, and liquidate assets; ensure that preferential payments to creditors and insiders do not occur at the expense of other creditors; ensure that South Aviation's creditors are repaid in a fair and equitable manner; and file and prosecute ancillary actions to recover monies or assets for the benefit of South Aviation's creditors[.]

ECF No. [43] at 2 ("Receivership Order"). The Receivership Order also allows the Temporary Receiver to

> expand the scope of the receivership over other entities that (1) conducted any business or personal affairs related to or arising from equipment, inventory, parts, or financing related to the foregoing, (2) commingled or pooled assets with South Aviation, or (3) otherwise participated in the transfer or receipt of assets stemming from South Aviation or from any business or personal activity that is the subject of the Original Verified Complaint in this matter.

*Id.* at 3.

On April 30, 2021, the Temporary Receiver filed the instant Motion seeking an expansion of the Receivership Order to include the recently discovered Aircraft, which is currently hangared at Teterboro Airport in Teterboro, New Jersey, Hangar 122, with fixed-base operator ("FBO") Jet

2

Aviation Teterboro. In the Motion, the Temporary Receiver explains that although the Aircraft is owned by JF Aircorp,

> [t]here are several factors indicating [an] affiliation between South Aviation and JF Aircorp, including: (i) there is common ownership and control of the entities; (ii) they are operated out of the same office; (iii) they have the same registered agents; (iv) there are transfers of funds between the two operations, as well as money directed from JF Aircorp to Guatemala mining operations funded by South Aviation.

ECF No. [49] at 2; *see also id.* at 3-6. Moreover, the Temporary Receiver requests that the Receivership Order be expanded to include the Aircraft on an emergency basis in order to ensure that the Aircraft is not flown or otherwise removed from its current location in New Jersey. As explained above, Plaintiffs, the WBIP Intervenors, and the Metrocity Intervenor all agree to the relief sought in the Motion. There is no indication that JF Aircorp has been notified or served with the instant Motion.

## II. ANALYSIS

"A district court has 'broad powers and wide discretion to determine relief in an equity receivership.'" *SEC v. Quiros*, 966 F.3d 1195, 1199 (11th Cir. 2020) (quoting *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992)). "This discretion derives from the inherent powers of an equity court to fashion relief." *Elliot*, 953 F. 2d at 1566. "To that end, a district court may enter an asset freeze as a proper use of the Court's equitable powers." *FTC v. U.S. Mortg. Funding, Inc.*, No. 11-cv-80155, 2011 WL 810790, at *6 (S.D. Fla. Mar. 1, 2011) (citing *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1434 (11th Cir. 1984); *FTC v. Gem Merchandising Corp.*, 87 F.3d 466, 469 (11th Cir. 1996) ("[A] district court may order preliminary relief, including an asset freeze, that may be needed to make permanent relief possible.")).

Moreover, the expansion of an equity receivership may be appropriate where the requested expansion "is necessary to effectively safeguard assets for the benefit of investors . . . and to guard

against potential dissipation." *SEC v. Complete Bus. Sols. Grp.*, No. 20-cv-81205, 2020 WL 9209279, at *1 (S.D. Fla. Dec. 16, 2020). However, a "request to expand the receivership estate 'should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties.'" *Id.* at *2 (quoting *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012)) (citing *United States v. Bradley*, 644 F.3d 1213, 1310 (11th Cir. 2011) (noting that "[a] district courts' appointment of a receiver . . . is an extraordinary equitable remedy.")).

> Receiverships have been expanded by use of the alter ego doctrine to include entities related to defendants where funds have been commingled or corporate assets used for personal purposes. *See, e.g.*, *SEC v. Elmas Trading Corp.*, 620 F. Supp. 231 (D. Nev. 1985), *aff'd* 805 F.2d 1039 (9th Cir. 1986). Some courts have extended this principle to find that a receiver can exercise control over third-party property purchased using "scheme proceeds." *See S.E.C. v. Nadel*, No. 8:09-cv-87-T-26TBM, 2013 WL 2291871, at *2 (M.D. Fla. May 24, 2013) (third party entity's use of scheme proceeds to purchase oil and gas leases subjected it to inclusion in receivership despite that it was not an alter ego of defendant); *see also SEC v. Lauer*, No. 03-80612-Civ, 2009 WL 812719, at *4-5 (S.D. Fla. Mar. 26, 2009) (proceeds from sale of condominium that was maintained with tainted funds are also tainted by the fraud); *In re Fin. Federated Title & Tr., Inc.*, 347 F.3d 880 (11th Cir. 2003) (establishing constructive trust on property purchased with over 90% funds from Ponzi scheme); *CFTC v. Hudgins*, 620 F. Supp. 2d 790, 795 (E.D. Tex. 2009) (directing sale of condominium because defrauder's innocent girlfriend paid the mortgage with Ponzi scheme funds).

*SEC v. Torchia*, No. 1:15-cv-3904, 2016 WL 6212002, at *3 (N.D. Ga. Oct. 25, 2016). Nevertheless, where a receivership may be expanded to include a non-party or its property, that non-party is entitled to notice and an opportunity to be heard. *See, e.g.*, *SEC v. Nadel*, No. 8:09-cv-87-T-26TBM, 2013 WL 2291871, at *2 n.15 (M.D. Fla. May 24, 2013) (citing *SEC v. Wencke*, 783 F.2d 829, 835-36 (9th Cir. 1986) (affirming use of summary procedure in receiver's disgorgement proceedings); *In re San Vicente Med. Partners, Ltd.*, 962 F.2d 1402, 1408 (9th Cir. 1992) (concluding that district court may include non-party's property in SEC receivership order

"as long as the non-party . . . receives actual notice and an opportunity for a hearing."); *Warfield v. Alaniz*, 453 F. Supp. 2d 1118, 1133 (D. Ariz. 2006) (incorporating non-party's assets into receivership estate would not violate due process where non-party had adequate notice and opportunity to be heard); *SEC v. Abbondante*, No. 11-0066, 2012 WL 2339704, * 2 (D.N.J. June 19, 2012) (quoting *N.H. Fire Ins. v. Scanlon*, 362 U.S. 404, 406-07 (1960), that summary procedures may be conducted "on short notice, without summons and complaints")).

In the instant Motion, the Temporary Receiver does not seek expansion of the Receivership Order to include JF Aircorp at this stage. Rather, she only requests that the Receivership be expanded to include the Aircraft itself. Furthermore, the Temporary Receiver has submitted a variety of factors which would indicate that JF Aircorp and South Aviation were affiliates, including the repeated transfer of funds between the two entities, the commonality of ownership across the two entities, the same registered agent, and the same office address listed for both entities. These factors certainly suggest a strong affiliation between JF Aircorp and South Aviation.[1] However, JF Aircorp should be afforded notice and an opportunity to respond to the Motion before the Court expands the Receivership Order to include the Aircraft.

There is substantial risk that the Aircraft might be flown out of its current location in New Jersey, thus thwarting the Temporary Receiver's efforts to safeguard this potential asset of the Receivership Estates for the benefit of creditors pending further investigation of the affiliation between JF Aircorp and South Aviation. As such, the Court finds that preliminary equitable relief is warranted. The Court grants the Motion in part, as set forth in more detail below, and orders that

---

[1] Given the limited nature of the relief requested in the Motion, the Court only addresses the issue of whether the Receivership Order should be expanded to include the Aircraft itself, not whether JF Aircorp is an affiliate of South Aviation that should be part of the Receivership Estates, as defined in the Receivership Order.

5

the Aircraft be grounded and remain at its current location at Teterboro Airport in Teterboro, New Jersey, Hangar 122, with FBO Jet Aviation Teterboro, pending further order from this Court.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Temporary Receiver's Motion, **ECF No. [49]**, is **GRANTED in part and DENIED in part**.

2. The 1986 Bombardier Challenger Cl-601-2A12, bearing manufacturer's serial number 3064 and N-registration N28FM, owned by JF Aircorp Inc. and located at Teterboro Airport in Teterboro, New Jersey, Hangar 122, with FBO Jet Aviation Teterboro, shall remain grounded pending further order of this Court. All persons or entities with direct or indirect control over this Aircraft, other than the Temporary Receiver, are restrained and enjoined from directly or indirectly moving, transporting, selling, assigning, transferring, or otherwise interfering with the Aircraft in any manner.

3. **By no later than May 6, 2021**, the Temporary Receiver shall serve a copy of her Motion, ECF No. [49], this Order, and the Receivership Order, ECF No. [43], upon the registered agent for JF Aircorp Inc. Upon serving JF Aircorp Inc., the Temporary Receiver shall file a notice of compliance with the Court indicating the date of service.

4. JF Aircorp Inc. shall file a response to the Motion, if any, **by no later than May 20, 2021**. JF Aircorp Inc.'s failure to file a timely response may result in the Motion being granted by default, which would expand the Receivership Order to include the Aircraft and would vest title to the Aircraft with the Temporary Receiver by

Case No. 21-cv-60462-BLOOM/Valle

operation of law. The Temporary Receiver may submit a reply, if any, **within seven (7) days** of the date JF Aircorp files its response.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record