**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-60462-BLOOM/Valle**

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT**
**AGAINST DEFENDANTS SOUTH AVIATION, INC. AND FEDERICO A. MACHADO**

**THIS CAUSE** is before the Court upon Plaintiffs CCUR Aviation Finance, LLC ("CCURA") and CCUR Holdings, Inc.'s ("CCURH") (collectively, "Plaintiffs") Motion for Default Final Judgment, ECF No. [47] ("Motion") against Defendants South Aviation, Inc. ("South Aviation") and Federico A. Machado ("Machado") (collectively, "Defendants"). The Court has carefully reviewed the Motion, all supporting submissions, Plaintiffs' Verified Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiffs initiated this fraud and breach of contract action on March 1, 2021, ECF No. [1]. Summonses were issued as to both Defendants on the same day. ECF No. [3]. Service of the Summons, Verified Complaint, and Plaintiffs' Verified Amended Motion for Appointment of Temporary Receiver of Defendant South Aviation, Inc. ("Receivership Motion") was executed on Defendant South Aviation on March 5, 2021, ECF No. [14], which required a response by March

26, 2021. *See* ECF No. [16]. Additionally, service of the Summons, Verified Complaint, and the Receivership Motion was executed on Defendant Machado on March 9, 2021, ECF No. [15], which required a response by March 30, 2021. *See* ECF No. [17].

After Defendants failed to timely respond, Plaintiffs moved for entry of Clerk's Default as to South Aviation on March 29, 2021, ECF No. [26], which the Clerk of Court entered on March 29, 2021, ECF No. [31]. Plaintiffs moved for entry of Clerk's Default as to Defendant Machado on March 31, 2021, ECF No. [34], which the Clerk of Court entered on March 31, 2021, ECF No. [36]. To date, Defendants have neither moved to set aside the Clerk's Defaults nor filed any other paper in response to this Court's orders.

On April 16, 2021, the Court entered an Order on Plaintiffs' Verified Amended Expedited Motion for Appointment of Temporary Receiver ("Receivership Order"), ECF No. [43], granting the relief sought by Plaintiffs for the appointment of a Temporary Receiver over South Aviation. The Receivership Order was entered for the benefit of the Plaintiffs and South Aviation's creditors with claims in excess of $500 million. Pursuant to Section 32 of the Receivership Order, all litigation against South Aviation, among others, was stayed except for this action. Accordingly, Plaintiffs' Motion is not precluded by reason of the Receivership Order. Plaintiffs have now filed the instant Motion for default final judgment against both Defendants. ECF No. [47].

**II. LEGAL STANDARD**

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b). This Circuit maintains a "strong policy of determining cases on their merits and [] therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295

(11th Cir. 2003). Nonetheless, default judgment is appropriate and within a district court's sound discretion where the defendant has failed to defend or otherwise engage in the proceedings. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Cap. Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); instead, it acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307 ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citations omitted)); *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Moreover, although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment.

*Nishimatsu Constr. Co.*, 515 F.2d at 1206. Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). As such, "[b]efore entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Westgate Resorts, Ltd. v. Castle Law Grp.*, No. 6:17-cv-1063-Orl-31DCI, 2020 WL 264676, at *1 (M.D. Fla. Jan. 2, 2020) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206), *report and recommendation adopted*, No. 6:17-cv-1063-Orl-31DCI, 2020 WL 264134 (M.D. Fla. Jan. 17, 2020).

## III. DISCUSSION

### A. Liability

Plaintiffs' Verified Complaint asserts counts of fraud and breach of contract against Defendants relating to solicited funding of purportedly fully refundable escrow deposits associated with alleged aircraft acquisitions by South Aviation. All obligations were personally guaranteed by Machado. *See generally* ECF No. [1]. After reviewing the factual allegations in the Verified Complaint, the Court concludes that Plaintiffs have set forth a sufficient basis to enter default judgment against South Aviation and Machado for fraud and for breach of contract, specifically as to the certain letter agreements between Plaintiffs and South Aviation, personally guaranteed by Machado. *See generally* ECF No. [1-2]; ECF No. [1-6]; ECF No. [1-8]; ECF No. [1-11]. Moreover, because South Aviation and Machado have failed to appear, they have, by default, admitted the truth of the Verified Complaint's well-pled allegations. *See Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing

*Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Accordingly, the Court finds that Plaintiffs have sufficiently stated claims for relief against South Aviation and Machado on their fraud and breach of contract claims.

### B. Damages

"Even though well-pleaded facts in the complaint are deemed admitted, 'plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.'" *Cain v. Consumers Sols. Grp., LLC*, No. 2:16-cv-2031-VEH, 2017 WL 3131053, at *3 (N.D. Ala. July 24, 2017) (quoting *Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024 n.4 (S.D. Ala. 2007); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)).

The allegations in the Verified Complaint, taken as true, along with the evidence submitted in support of the Motion, establish certain damages: Based upon fraudulent misrepresentations, and documented agreements, Plaintiff CCURH deposited, on South Aviation's behalf, $4,700,000.00 in fully refundable escrow deposits associated with the purported purchase of four aircrafts by South Aviation. Under the described letter agreements, attached to the Verified Complaint, South Aviation agreed to refund or cause the refund of 100% of the refundable escrow

deposits to Plaintiff CCURH, along with deposit fees totaling $300,000.00, for a total refundable deposit amount of $5,000,000.00.

Moreover, based upon fraudulent misrepresentations and documented agreements, Plaintiff CCURA deposited, on South Aviation's behalf, $8,700,000.00 in fully refundable escrow deposits associated with the purported purchase of four aircrafts by South Aviation. Under the described letter agreements, attached to the Verified Complaint, South Aviation agreed to refund or cause the refund of 100% of the refundable escrow deposits to Plaintiff CCURH, along with deposit fees totaling $300,000.00, for a total refundable deposit amount of $9,000,000.00.

The allegations in the Verified Complaint and documents attached thereto further establish that Machado personally guaranteed all the obligations of the various letter agreements.

Plaintiffs' fraud and breach of contract claims relate to the same transactions. Plaintiffs have elected to recover damages pursuant to the various letter agreements with South Aviation, as personally guaranteed by Machado. Under applicable Florida law, a claimant on a breach of contract claim is entitled to recovery of its expectancy damages under the contract. *See Sharick v. Se. Univ. of the Health Sci., Inc.*, 780 So. 2d 136, 139 (Fla. 3d DCA 2000) ("Damages recoverable by a party injured by a breach of contract are those which would naturally result from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was made."). Plaintiffs' expectations under the various letter agreements were that Plaintiffs would receive a refund of 100% of the amounts deposited ($13,400,000.00), plus the deposit fees agreed to be funded and paid by South Aviation ($600,000.00), for a total expectancy of $14,000,000.00. The evidence submitted in support of Plaintiffs' Motion establishes that the above amounts were deposited with the escrow agent but that none of the agreed-upon amounts were refunded to the

Plaintiffs. Accordingly, Plaintiffs are entitled to the recovery of the $14,000,000.00 from South Aviation as follows:

1. $9,000,000.00 to Plaintiff CCURA; and

2. $5,000,000.00 to Plaintiff CCURH.

Pursuant to Machado's personal guaranty of each of the letter agreements and South Aviation's obligations within those agreements, Machado is jointly and severally liable to Plaintiffs for the above amounts.

### C. Attorneys' Fees

Pursuant to the terms of the letter agreements with South Aviation and Machado, Plaintiffs seek and are entitled to recovery of their fees and costs. Those fees and costs include attorneys' fees incurred due to South Aviation's breach of the letter agreements and including the costs of collection. *See* ECF No. [1-2] at 8; ECF No. [1-6] at 8; ECF No. [1-8] at 8; ECF No. [1-11] at 8. Plaintiffs jointly engaged the law firm of K&L Gates LLP and they agreed to pay and have paid the hourly rates for work performed to assert Plaintiffs' rights and remedies under the letter agreements and to collect the sums due and owing pursuant to those agreements. Plaintiffs seek to recover $351,507.65 in attorneys' fees billed in this case by their attorneys at K&L Gates LLP through April 16, 2021. Pursuant to Machado's personal guaranty of each of the various letter agreements and all of South Aviation's obligations within those agreements, Machado is jointly and severally liable to Plaintiffs for any and all attorneys' fees awarded.

The Court of Appeals for the Eleventh Circuit has set forth a framework within which courts may analyze the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("For decades the law in this circuit has been that [t]he court . . . is itself an expert on the question and may consider its own knowledge

and experience concerning reasonable and proper fees[.]"). First, a district court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1299; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Mia.*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The party who applies for attorneys' fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours expended are reasonable. *Id.* at 1303.

After calculating the lodestar fee, the Court then proceeds with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the court may rely upon a number of factors, including the quality of the results and representation in the litigation. *Id.* at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

As a general rule, attorneys must exercise what the United States Supreme Court has described as "billing judgment." *Hensley*, 461 U.S. at 434. In other words, attorneys must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotations and citations omitted). Ultimately, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Id.*

The Court has carefully reviewed Plaintiffs' request for attorneys' fees and the evidence submitted in support of their request. In determining the appropriate hourly rate for Plaintiffs' attorneys, the Court considers the factors elucidated in *Norman* (i.e., the prevailing market rate in the relevant community for similar services by lawyers of reasonable, comparable skills, experience, and reputation"), relevant case law, as well as its own knowledge and experience. Notwithstanding the breadth and unlimited nature of the parties' agreements concerning the award of attorneys' fees ("any costs and fees, including but not limited to attorneys' fees . . . ."), *see* ECF No. [1-2] at 8; ECF No. [1-6] at 8; ECF No. [1-8] at 8; ECF No. [1-11] at 8, Plaintiffs seek recovery of only a portion of the fees they have incurred in connection with Defendants' breaches of the letter agreements and Machado's personal guaranty of each, as well as in connection with collection efforts under those letter agreements. The Court concludes that the discounted average hourly rate charged by Plaintiffs' attorneys ($627.80) is not excessive, as each attorney billed at a rate commensurate with his or her experience and skill level. In light of the above factors and Defendants' failure to object, the Court finds that the rates requested are reasonable. *See Circuitronix, LLC v. Shenzhen Kinwong Elec. Co.*, No. 17-22462-CIV, 2019 WL 12265725, at *4 (S.D. Fla. Dec. 20, 2019) (finding that hourly rates for various attorneys ranging from $300.00 per

hour to $890.00 per hour were "reasonable and not objected to by the defendant"), *report and recommendation adopted*, No. 17-cv-22462, 2020 WL 9458712 (S.D. Fla. Mar. 17, 2020); *see also Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) ("Satisfactory evidence may also include 'citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases.'").

Next, the Court determines whether the hours expended in this case were reasonable. However, a review of the billing entries in this case reveals certain billing inefficiencies, which require adjustment. In particular, a few of the time entries include instances of inappropriate "block billing," which is the practice of including multiple distinct tasks within the same time entry. *Interim Healthcare, Inc. v. Health Care@Home, LLC*, No. 17-cv-61378, 2019 WL 6791465, at *6 (S.D. Fla. Nov. 27, 2019), *report and recommendation adopted*, No. 17-cv-61378, 2019 WL 6769666 (S.D. Fla. Dec. 12, 2019). For example, without indicating how much time was spent on each task, on March 3, 2021, Attorney Weitman billed 10.10 hours for the following billing entry:

> Discussions with J. Bicks regarding preparations for phone call with client group regarding order, next steps, and recommendations, with thoughts being [redacted] further revisions made to the Receivership Order; with additional comments from J. Bicks and made further revisions thereafter; circulated to our working group; further efforts to reach each of Machado's counsel; discussions with client group regarding overview of ideas, next steps, and request for further direction from clients; following phone call [redacted], Weitman call to AUSA Gonzalez' assistant, followed by calls with AUSA, Bob Wells, with C. Brown on the line; working session with C. Brown regarding additional revisions to be made to the Receivership Order, then the Receivership Motion, and the Affidavit or Declaration of D. Weitman in support of Motion; continued updates with working group and requested additional comments from J. Schneider to the receivership materials; coordinated activities with C. Brown regarding various emails to be sent to AUSA Bob Wells seeking his consent to receivership relief for the reasons discussed in call; various updates with client group throughout the evening; continued discussions with C. Brown regarding preparations for next set of filing and receiving comments from working group and comments from D. Weitman and response thereto[.]

ECF No. [47-2] at 50-51. Indeed, many of the billing entries are of such a length that it is difficult for the Court to determine whether the time spent on each task was reasonable.

While the Court does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred. *Interim Healthcare, Inc.*, 2019 WL 6791465, at *6 (citation omitted). Because of the block billing and lengthy time entries, however, it is impossible for the Court to fully "ascertain how much time was spent on each task." *Dial HD, Inc. v. ClearOne Commc'ns, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013); *see also Maiden Specialty Ins. Co. v. Three Chefs & a Chicken, Inc.*, No. 12-22724-CIV, 2014 WL 11429052, at *10 (S.D. Fla. Jan. 28, 2014), *report and recommendation adopted*, No. 12-22724-CIV, 2014 WL 11429053 (S.D. Fla. Mar. 13, 2014) (reducing fees for block billing where court was unable to determine if the amount of time spent on each task was reasonable); *Estrada v. Alexim Trading Corp.*, No. 10-23696-CIV, 2012 WL 4449470, at *11 (S.D. Fla. Sept. 26, 2012) (reducing hours for block billing, where counsel failed to separate the entries to allow the court to properly determine whether a reasonable amount of time was spent reviewing a particular filing as opposed to conferring about the filing).

As a result of the billing inefficiencies discussed above, the Court concludes that a minor reduction in the requested fees is appropriate. Rather than conducting an hour-by-hour analysis of the time entries, the Court finds that an across-the-board 5% reduction of fees is necessary to account for counsels' minor instances of block billing. *See, e.g.*, *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-cv-62688, 2021 WL 1092214, at *6 (S.D. Fla. Mar. 4, 2021), *report and recommendation adopted*, No. 15-cv-62688, 2021 WL 1089895 (S.D. Fla. Mar. 22, 2021) (recommending a 5% reduction for block billing); *Interim Healthcare, Inc.*, 2019 WL 6791465, at *6 (recommending a 10% reduction for billing inefficiencies); *Ovalle v. Perez*, No.

16-cv-62134, 2017 WL 7792719, at *2 (S.D. Fla. Nov. 9, 2017), *report and recommendation adopted*, No. 16-cv-62134, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017) (adopting a 10% reduction for use of block billing, redacted time entries, and redundancy); *see also Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut). Consequently, the Court concludes that Plaintiffs should be awarded $333,932.27 in attorneys' fees.[1]

### D. Costs

Pursuant to the terms of the parties' agreements and Federal Rule of Civil Procedure 54(d)(1), Plaintiffs also seek recovery of $1,560.64 in costs. These costs include taxable and non-taxable costs under the terms of the parties' agreements. Those agreements provide that Plaintiffs would be entitled to the immediate recovery and reimbursement of "<u>any</u> costs . . . incurred by [Plaintiffs] due to South [Aviation]'s breach of this Letter Agreement . . . , as well as <u>any</u> costs of collection incurred by [Plaintiffs] in connection herewith . . . ." *See* ECF No. [1-2] at 8; ECF No. [1-6] at 8; ECF No. [1-8] at 8; ECF No. [1-11] at 8. Thus, the recoverable costs are not limited only to taxable costs and, instead, expressly and broadly include "any costs." *See, e.g.*, *GE Med. Sys. S.C.S. v. SYMX Healthcare Corp.*, No. 18-cv-20922, 2021 WL 1945822, at *3 (S.D. Fla. May 14, 2021) (concluding that non-taxable costs allowed pursuant to a contractual agreement were recoverable because they "were necessarily incurred during [the prevailing party's] attempts to collect payment of the remaining amount due under the [] Agreement" (citing *Managed Care Sols., Inc. v. Cmty. Health Sys., Inc.*, No. 10-60170-CIV, 2013 WL 12086769, at *3 (S.D. Fla. Nov. 20,

---

[1] This amount consists of $351,507.65 (the fees requested) x .95 = $333,932.27 (reflecting 5% reduction for billing inefficiencies). *See Dial HD, Inc.*, 536 F. App'x at 931 (noting that where an hour-by-hour review is impractical, the Court can reduce either the total number of hours or the lodestar amount).

2013) (concluding that the non-taxable costs "were necessary disbursements in the litigation" and were therefore recoverable pursuant to the parties' contractual agreement), *report and recommendation adopted*, No. 10-60170-CIV, 2014 WL 12479993 (S.D. Fla. Jan. 14, 2014))); *see also Pelligrino v. Koeckritz Dev. of Boca Raton, LLC*, No. 08-80164-CIV, 2008 WL 6128747, at *4 (S.D. Fla. Nov. 24, 2008) (concluding that contractual provision authorizing recovery of "all costs" was "without any express or implied limitations" and entitled the prevailing party to costs beyond those statutorily authorized by 28 U.S.C. § 1920); *Am. Safety Cas. Ins. Co. v. Robert Charles Enters., Inc.*, No. 8:06-cv-237-T-17TBM, 2008 WL 2477655, at *1 (M.D. Fla. June 17, 2008). Upon review, the Court concludes that the requested costs are reasonable and recoverable. Accordingly, Plaintiffs are entitled to recover $1,560.64 in costs. Pursuant to Machado's personal guaranty of each of the various letter agreements and South Aviation's obligations within those agreements, Machado is jointly and severally liable to Plaintiffs for any and all costs awarded.

Plaintiffs' Original Verified Complaint, the Motion, and the evidence submitted in support of the Motion demonstrate that Plaintiffs will likely continue to incur recoverable fees and costs, including without limitation, attorneys' fees after April 16, 2021, in connection with the enforcement of their rights under the letter agreements with Defendants and in furtherance of their collections efforts. As such, this Order and the separate Final Default Judgment shall be without prejudice to Plaintiffs' rights to seek the reimbursement of such fees and costs incurred after April 16, 2021, from the Receivership Estate (as defined in the Receivership Order).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion, **ECF No. [47]**, is **GRANTED in part and DENIED in part** as to Defendants South Aviation, Inc. and Federico A. Machado.

2. Plaintiffs are entitled to and shall have and recover from Defendants South Aviation, Inc. and Federico A. Machado damages as follows:

   a. Plaintiff CCUR Aviation Finance, LLC shall have and recover from Defendants South Aviation, Inc. and Federico A. Machado, jointly and severally, actual damages in the amount of $9,000,000.00, together with pre-judgment interest at the maximum lawful rate through the date of final judgment; and

   b. Plaintiff CCUR Holdings, Inc. shall have and recover from Defendants South Aviation, Inc. and Federico A. Machado, jointly and severally, actual damages in the amount of $5,000,000.00, together with pre-judgment interest at the maximum lawful rate through the date of final judgment.

3. Plaintiffs, collectively, are awarded **$333,932.27** in attorneys' fees and **$1,560.64** in recoverable costs.

4. Plaintiffs are entitled to and shall have and recover from Defendants post-judgment interest at the maximum lawful rate on all the amounts awarded upon issuance of Final Default Judgment.

5. Plaintiffs are entitled to and shall have and recover from Defendants the above amounts, which shall be without prejudice to Plaintiffs' rights to seek the reimbursement of such fees and costs incurred after April 16, 2021, from the Receivership Estate.

6. Pursuant to the Court's Order Appointing Temporary Receiver Over Defendant South Aviation, Inc., pending further order of this Court, this Court shall retain jurisdiction over this matter for purposes of enforcing the terms of that Order.

Case No. 21-cv-60462-BLOOM/Valle

7. Pursuant to Federal Rule of Civil Procedure 58, the Court will separately enter Final Default Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 1, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record