## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

      Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

      Defendants.

_____/

### <u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court upon Intervenor Plaintiff Metrocity Holdings, LLC's ("Metrocity") Motion for Leave for Alternate Service of Process by Publication on Defendant Federico Machado, ECF No. [60] ("Motion for Service by Publication"), and its Motion for Extension to Perfect Service of Process on Defendant Federico Machado, ECF No. [85] ("Motion for Extension of Time"). The Court has carefully reviewed each Motion, all related submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Metrocity's Motion for Service by Publication is denied consistent with this Omnibus Order, and the Motion for Extension of Time is granted.

### I.  BACKGROUND

On March 1, 2021, Plaintiffs initiated this action against Defendants South Aviation, Inc. and Federico Machado ("Machado") (collectively, "Defendants") for fraud and breach of contract. *See* ECF No. [1]. Specifically, Plaintiffs' allege that they entered into escrow-backed aircraft financing agreements with Defendants and an escrow agent, Wright Brothers Aircraft Title Inc.,

and they paid large deposits pursuant to those agreements that were personally guaranteed by Machado but were never repaid. Notably, Machado has been indicted in the Eastern District of Texas for his role in this Ponzi scheme that defrauded numerous persons and obtained significant amounts of money by way of false and fraudulent representations. Less than a month after Plaintiffs initiated this action, Metrocity moved to intervene, ECF No. [24], which this Court granted, ECF No. [42]. On April 16, 2021, Metrocity filed its Intervenor Complaint, ECF No. [46] ("Intervenor Complaint"), which asserts the following eight counts: Count I – Civil RICO, 18 U.S.C. § 1962; Count II – Conspiracy to Violate Civil RICO, 18 U.S.C. § 1962(d); Count III – Fraud; Count IV – Breach of Contract (2019 Note); Count V – Breach of Contract (2019 Guaranty) – Against Machado; Count VI – Breach of Contract (2020 Note); Count VII – Breach of Contract (2020 Guaranty) – Against Machado; and Count VIII – Unjust Enrichment. *See generally id.*

Metrocity indicates that it has repeatedly and diligently attempted to personally serve Machado but has been unable to do so. In fact, Machado appears to have fled the country following his criminal indictment, *see* ECF No. [13-1] at 6-9, and was later arrested and detained in Argentina, *see* ECF No. [52] at 4. Machado is currently in custody in Argentina awaiting extradition proceedings. *Id.* As such, Metrocity seeks leave to serve Machado by publication in this district and in the Eastern District of Texas where his criminal case is pending. In light of Machado's fugitive status and the uncertainty surrounding his extradition to the United States, Metrocity seeks a ninety-day extension of time within which to serve Machado.

## II. DISCUSSION

### A. Service by Publication

Federal Rule of Civil Procedure 4(e) governs service on an individual within a judicial district of the United States, and states in relevant part that:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e)(1).

As noted above, in requesting leave to serve Machado by publication in this case, Metrocity relies on Florida law (i.e., the state where this Court is located) and Texas law (i.e., the state where service is made) to support its request. Both states permit service by publication.

**1. Service by Publication Under Florida Law**

Chapter 49 of the Florida Statutes sets forth the requirements for service of process by publication under Florida law. Section 49.011 enumerates fifteen types of cases in which service by publication is permitted. *See* Fla. Stat. § 49.011. Moreover, § 49.021 states that, "[w]here personal service of process or, if appropriate, service of process under s. 48.194 cannot be had, service of process by publication may be had upon any party, natural or corporate, known or unknown, including . . . . [a]ny known or unknown natural person[.]" Fla. Stat. § 49.021(1).

"As a condition precedent to service by publication, a plaintiff must file a statement in the action, executed by the plaintiff, the plaintiff's agent, or the plaintiff's attorney, setting forth substantially the matters required under the Florida Statutes, which statement may be contained in a verified pleading, an affidavit, or other sworn statement." *Evanston Ins. Co. v. 88 Spa LLC*, No. 8:19-cv-2543-T-23AEP, 2020 WL 5822067, at *1-2 (M.D. Fla. Apr. 13, 2020) (citing Fla. Stat. § 49.031(1)). When the request for service of process by publication is against a natural person, this sworn statement must demonstrate:

> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and

(2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and

(3) In addition to the above, that the residence of such person is, either:

(a) Unknown to the affiant; or

(b) In some state or country other than this state, stating said residence if known; or

(c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

Fla. Stat. § 49.041.

"This constructive service statute is strictly construed against the party who seeks to obtain service of process under it." *Huguenor v. Huguenor*, 420 So. 2d 344, 346 (Fla. 5th DCA 1982); *see also EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119, at *2 (M.D. Fla. Jan. 6, 2011) ("Because the statutes that allow for substitute service of process are an exception to the general rule requiring that a defendant be personally served, 'due process values require strict compliance.'" (quoting *Monaco v. Nealon*, 810 So. 2d 1084, 1085 (Fla. 4th DCA 2002))); *Hoffman v. Strobel*, No. 3:15-cv-110-J-32MCR, 2016 WL 11110422, at *1 (M.D. Fla. June 6, 2016). As such, the "complaint must allege sufficient facts to show a cause of action for which constructive service is allowed under the statute." *Hugenor*, 420 So. 2d at 346.

Moreover, "[w]hen a plaintiff seeks service of process by publication, due process demands that an honest and conscientious effort, reasonably appropriate to the circumstances, be made to acquire the information necessary to fully comply with the controlling statutes." *Miller v. Partin*, 31 So. 3d 224, 228 (Fla. 5th DCA 2010). "In considering whether a plaintiff conducted a diligent search and inquiry, courts must therefore determine 'whether the plaintiff reasonably employed the knowledge at his or her command, made diligent inquiry, and exerted an honest and

conscientious effort appropriate to the surrounding circumstances to acquire the information necessary to enable the plaintiff to effect personal service on the defendant.'" *Evanston Ins. Co.*, 2020 WL 5822067, at *2 (quoting *Miller*, 31 So. 3d at 228).

Metrocity argues that service by publication is permitted in this case because it has asserted claims "[f]or the construction of any will, deed, contract, or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder[.]" Fla. Stat. § 49.011(5). Metrocity also contends that it has satisfied the conditions precedent under § 49.021 and § 49.031 by submitting the Affidavit of Paul J. Battista, Esq. Pursuant to Fla. Stat. § 49.031 and Tex. R. Civ. P. 109, ECF No. [60-1] ("Battista Affidavit"). The Battista Affidavit details Metrocity's repeated and unsuccessful attempts to (1) contact Machado by phone and/or e-mail, (2) personally serve Machado at his last-known residence and speak with his wife, who continues to live at that address, regarding his whereabouts,[1] (3) search multiple databases and records in order to locate Machado, and (4) check government forums to ascertain whether he has been registered as being in federal custody upon extradition. *See id.* ¶¶ 8-11.

Upon review, the Court concludes that permitting service by publication would be improper because this case does not fall within § 49.011 (5). Contrary to Metrocity's belief, it is well established that Florida law does not permit service by publication in an action seeking monetary damages on *in personam* claims.[2] As Metrocity seeks monetary damages for, among

---

[1] As the Return of Non-Service, ECF No. [39], and the Battista Affidavit explain, during one of Metrocity's attempts to personally serve Machado at his last-known address, Lisa Lopez, who is believed to be Machado's wife, indicated that he "does not reside at this property." *Id.* at 3; ECF No. [60-1] ¶ 9; *see also* ECF No. [15-1] at 1.

[2] *See, e.g., Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) (noting that the Florida Statutes list specific "types of actions in which service may be made by publication. None of the categories involve a personal action for damages." (citing Fla. Stat. § 49.011 (1985))); *Hoffman*, 2016 WL 11110422, at *1 ("To the extent Plaintiffs attempt to move under Florida law . . . it does not appear that Plaintiffs can serve Defendants by publication in an action seeking monetary damages based on

others, claims for breach of contract and the enforcement of Machado's personal guarantees on Defendants' loans, the request to serve Machado by publication under Florida law is due to be denied.

## 2. Service by Publication Under Texas Law

Metrocity also contends that service by publication is warranted under Texas law. Texas law generally requires service by personal delivery or by certified mail with a return receipt requested. *See* Tex. R. Civ. P. 106. "However, when a plaintiff has exercised due diligence in attempting to ascertain a defendant's whereabouts, a court may authorize service by publication." *Compass Bank v. Robinson*, No. 5:15-cv-41, 2015 WL 13119412, at *1 (S.D. Tex. Aug. 18, 2015) (citing Tex. R. Civ. P. 109). Texas Rule of Civil Procedure 109 sets forth the parameters for obtaining service by publication:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has

---

*in personam* claims." (citing *Bruggemann v. The Amacore Grp.*, No: 8:09-cv-2562-T-30MAP, 2010 WL 3419269, at *1 (M.D. Fla. Aug. 27, 2010) (holding that Florida law does not permit service by publication in an action for money damages); *Zieman v. Cosio*, 578 So. 2d 332, 332 (Fla. 3d DCA 1991) ("The complaint seeks money damages and rescission of the contract, actions not enumerated in [Florida Statute] section 49.011."); *New England Rare Coin Galleries, Inc. v. Robertson*, 506 So. 2d 1161, 1162 (Fla. 3d DCA 1987) (noting that damages for breach of contract, fraud, and negligent misrepresentation through service of process by publication, "is not available to the plaintiff to procure in personam jurisdiction over the defendant"); *Bedford Comp. Corp. v. Graphic Press, Inc.*, 484 So. 2d 1225, 1227 (Fla. 1986) ("If constructive service must be used, then it confers only in rem or quasi in rem jurisdiction upon the court.."); *Honegger v. Coastal Fertilizer & Supply, Inc.*, 712 So. 2d 1161, 1162 (Fla. 2d DCA 1998) ("A personal money judgment necessitates in personam jurisdiction over the defendant.")); *GE Cap. Franchise Fin. Corp. v. CCI of W. Boca Raton, Inc.*, No. 08-80252-CIV, 2008 WL 11333493, at *1 (S.D. Fla. Nov. 25, 2008) (explaining that permitting constructive service by publication in an action *in personam* to enforce guarantees for loans and promissory notes would violate due process because "a defendant must be personally served in order to obtain a money judgment against him or her") (collecting cases); *Lorie v. Calderon*, 982 So. 2d 1199, 1202 (Fla. 3d DCA 2008) ("Constructive service confers only *in rem* or *quasi in rem* jurisdiction upon the court. A personal judgment against a defendant based on constructive service would deprive a defendant of his property without due process of law." (citations omitted)).

been unable to do so, the clerk shall issue citation for such defendant for service by publication.

Tex. R. Civ. P. 109.

The United States Supreme Court "has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950). "Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.*; *see also In re E.R.*, 385 S.W.3d 552, 558 (Tex. 2012) ("*Mullane* remains the seminal case involving notice by publication, and it explains how to evaluate the adequacy of notice.").

Nevertheless, "[s]ervice by publication is a means of last resort." *Compass Bank*, 2015 WL 13119412, at *1 (citing *In re E.R.*, 385 S.W.3d at 561; *Walker v. City of Hutchinson*, 352 U.S. 112 (1956) ("In too many instances notice by publication is no notice at all.")). Because "[d]ue process considerations may render service by publication ineffective unless all of the available methods reasonably likely to result in actual notice to the defendant have been attempted," plaintiffs must first exhaust all such methods of service. *In re E.R.*, 385 S.W.3d at 561 n.19. Moreover, "[a] diligent search must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *Id.* at 565 (footnote omitted); *see also Booth v. Martinez*, No. SA-07-CV-15-XR, 2007 WL 2086659, at *1 (W.D. Tex. July 18, 2007) ("Courts in Texas only allow service by publication or other substituted service after the plaintiff has exercised due diligence because these forms of service are disfavored and are unlikely to provide the defendant with notice of suit."). "Where *in personam* jurisdiction is based upon substituted service, the record must affirmatively show strict compliance with the

statute or rule authorizing such service," and the failure to do so "will render the attempted service of process invalid and of no effect." *Medford v. Salter*, 747 S.W.2d 519, 520 (Tex. Ct. App. 1988) (citations omitted).

In this case, Metrocity asserts that the Battista Affidavit satisfies each of the requirements of Texas Rule of Civil Procedure 109.[3] As Metrocity notes, the Battista Affidavit (1) is a sworn statement made under oath by Metrocity's counsel of record in this case, *see* ECF No. [60-1]; (2) explains that Machado fled the country, that his whereabouts were unknown until April 2021, and that he is now detained in Argentina and cannot be personally served, *id.* ¶¶ 11-13; (3) sets forth the various efforts Metrocity has undertaken in an effort to personally serve Machado and to locate him through various public records and governmental databases, *id.* ¶¶ 8-10; and (4) represents that Machado, who was a Florida resident, has been absent from Texas since he was detained in Argentina on April 15, 2021, and that Metrocity hired a process server to personally serve Machado at his last-know address, but was unable to do so, *id.* ¶¶ 9, 11-13. Upon review of the circumstances surrounding Machado's fugitive status and subsequent detainment in Argentina, along with Metrocity's efforts to personally serve or otherwise locate Machado, the Court is satisfied that Metrocity has acted diligently and comprehensively in attempting to serve Machado. *Cf. Compass Bank*, 2015 WL 13119412, at *1 (concluding that, despite the considerable efforts to serve, plaintiff had not met its burden because it had not exhausted all reasonably available means of locating the defendant). Accordingly, there is good cause to grant Metrocity's Motion for Service by Publication under Texas law.

---

[3] *See BBVA USA v. Hall*, No. 5:19-cv-99, 2019 WL 12338326, at *4 (S.D. Tex. Nov. 4, 2019) ("Rule 109 requires: (1) an oath by the party or attorney, (2) that the residence of the party defendant is unknown, (3) and that after due diligence plaintiff and affiant have been unable to locate the whereabouts for such defendant, (4) or that such defendant is absent from or is a nonresident of the state, and that the party applying for the citation has attempted to obtain personal service but has been unable to do so." (citing *Leithold v. Plass*, 488 S.W.2d 159, 164 (Tex. Civ. App. 1972); Tex. R. Civ. P. 108)).

Metrocity also submitted a proposed citation by publication, ECF No. [60-2], alongside its Motion for Service by Publication for this Court's approval. Texas Rule of Civil Procedure 114 sets forth the requirements for a citation by publication:

> Where citation by publication is authorized by these rules, . . . the citation shall be styled "The State of Texas" and shall be directed to the defendant or defendants by name, if their names are known, or to the defendant or defendants as designated in the petition, if unknown, or such other classification as may be fixed by any statute or by these rules. . . . The citation shall contain the names of the parties, a brief statement of the nature of the suit (which need not contain the details and particulars of the claim) a description of any property involved and of the interest of the named or unknown defendant or defendants, and, where the suit involves land, the requisites of Rule 115.

Tex. R. Civ. P. 114. Texas courts have recognized that Rule 114's express language indicates that "notice of the nature of the suit is essential to a valid citation by publication." *Wiebusch v. Wiebusch*, 636 S.W.2d 540, 542 (Tex. Ct. App. 1982). Indeed, because "authority for citation by publication comes solely from the statutes, enactments authorizing the mode of service are strictly construed; and when a statute provides for constructive service in a given case, the method prescribed is exclusive and admits of no substitute." *Id.*

Additionally, pursuant to Texas Rule of Civil Procedure 116(b)(1), "the citation must be served by publication in a newspaper under (c) and on the Public Information Internet Website under (d)." Rule 116 also specifies who must serve the citation, the time required for publication, and other relevant guidelines that apply to newspaper publication or public information internet website publication. *See* Tex. R. Civ. P. 116(c)-(d).

Metrocity argues that the proposed citation complies with all the requirements of Rules 114 and 116, explaining that the citation "names Machado and South Aviation as defendants and Metrocity as plaintiff," "describes that the suit arises from a Ponzi scheme," notes that "Machado's criminal case is in the Eastern District of Texas," "explains the purported violations of federal and

state law against Machado, and omits any description of real property because the suit deals with the personal property that Machado wrongfully obtained." ECF No. [60] at 9. Notably, however, a review of the proposed citation reveals that many of these representations are incorrect. Metrocity's proposed citation contains no description of the nature of the suit, the federal and state law claims asserted against Machado, or the ongoing criminal proceedings against Machado in the Eastern District of Texas. *See* ECF No. [60-2]. Clearly, Metrocity's proposed citation falls short of Rule 114's requirements. Indeed, a citation by publication that omits details regarding the nature of the suit or the claims asserted cannot adequately put a defendant on notice for the purposes of establishing proper service. *See Indus. Models, Inc. v. SNF, Inc.*, No. 02-13-00281-CV, 2014 WL 3696104, at *3 (Tex. Ct. App. July 24, 2014) ("If the record does not show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid[.]"). Accordingly, Metrocity's request to serve Machado by publication pursuant to Texas law is denied without prejudice. Metrocity may refile its Motion for Service by Publication under Texas law that attaches a proper citation by publication consistent with the requirements of Texas Rule of Civil Procedure 114.

### B. Extension of the Service Deadline

Federal Rule of Civil Procedure 4(m) sets forth the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Generally, good cause for the failure to timely serve exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)

(internal quotations omitted). Nevertheless, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process" under this rule. *Id.* (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)); *see also Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335-Orl-37GJK, 2015 WL 12844297, at *2 (M.D. Fla. Apr. 15, 2015).

Pursuant to Rule 4(m), the current deadline for Metrocity to serve Machado expires on July 15, 2021. Due to its ongoing difficulties locating Machado in order to personally serve him, Metrocity has now filed its Motion for Extension of Time, which seeks a ninety-day extension of the deadline to serve. Upon review, the Court finds that good cause exists to extend this service deadline, especially in light of Machado's fugitive status and the uncertainty as to when he will be extradited back to the United States. As such, the Motion for Extension of Time is granted and Metrocity must serve Machado on or before October 11, 2021.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Metrocity's Motion for Leave for Alternate Service of Process by Publication on Defendant Federico Machado, **ECF No. [60]**, is **DENIED**. Metrocity may refile a motion for service by publication under Texas law that addresses the issues raised in this Omnibus Order.

2. Metrocity's Motion for Extension to Perfect Service of Process on Defendant Federico Machado, **ECF No. [85]**, is **GRANTED**. Metrocity shall serve process on Defendant Federico Machado **by October 11, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 14, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record