**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

## TEMPORARY RECEIVER'S FIRST APPLICATION FOR REASONABLE FEES AND REIMBURSEMENT OF INCURRED COSTS FOR APRIL 16, 2021 – JUNE 30, 2021

Barbara Martinez, Esq., the court appointed Temporary Receiver herein (the "Temporary Receiver"), by and through undersigned counsel, pursuant to the Court's Order on Plaintiff's Verified Amended Expedited Motion for Appointment of Temporary Receiver (the "Receivership Order"), D.E. 43, of the Receivership Estates[1], hereby files this First Application (the "Application") for payment of reasonable fees and reimbursement of actual incurred costs for April 16, 2021 through June 30, 2021 (the "Application Period"). In support thereof, the Temporary Receiver states:

**I.   PRELIMINARY STATEMENT**

The Temporary Receiver and her counsel have worked diligently to marshal and preserve all assets of the Receivership Estates, investigate their business operations, and investigate any

---

[1] The Receivership Estates includes Defendant South Aviation, Inc., and its respective affiliates, subsidiaries, successors, and assigns (excluding Defendant Machado individually).

1

claims the Estates may have. The Temporary Receiver seeks Court approval to pay the sum of $719,237.00 to the professionals engaged by the Temporary Receiver for fees incurred and reimbursement of $20,993.04 in expenses for a total payment of $740,230.04. The Temporary Receiver recognizes that this is not an insignificant amount. It is important to note, however, that this fee application covers an extremely busy period for the Receivership for multiple reasons.

First, the Receivership was disadvantaged by the fact that the Temporary Receiver was appointed months after South Aviation, Inc., ("South Aviation") was no longer operating and after Federico A. Machado ("Machado") fled to avoid prosecution. The Temporary Receiver was appointed a month and a half after the filing of the Complaint and approximately eight months after the original indictment involving the related Scheme was filed in the Eastern District of Texas.[2] At that point, South Aviation had been moved out of their office space and ceased business operations for months. Consequently, the Temporary Receiver and professionals engaged in this matter did not have the benefit of taking control of an operating business, which would have allowed immediate access and control of business records, financial records, and other relevant data. Instead, the Receivership has relied on those professionals engaged to conduct significant investigation, research, thorough review of already pending matters, and work overseas, as well as collaboration with creditors and other entities to comply with the Receivership Order.

Second, despite these challenges, the Receivership has identified other related domestic entities that were previously unknown, are not part of the pending criminal indictment in Texas, and may properly fall within the scope of the Receivership. This revelation has led to the

---

[2] On August 12, 2020, Fred Machado was originally indicted for his role in the Scheme in a criminal proceeding pending before the United States District Court for the Eastern District of Texas, Sherman Division (the "Texas Court"), in the proceeding styled "United States of America v. Deborah Lynn Mercer-Erwin, et al.", Case No. 4:20-CR-212, Judge Mazzant presiding (the "Texas Proceedings").

Temporary Receiver's investigation of potential third-party claims that may generate additional income to the Receivership Estates. The Temporary Receiver is also seeking to expand the Receivership to include related companies as additional entities that received proceeds of the scheme detailed in the Complaint that were comingled with investor funds.[3]

Third, in addition to related domestic entities, the Receivership is investigating and overseeing assets in Guatemala. As the Court is aware, the parties in the pending civil action claim a combined total loss of more than $50 million, with an initial estimate of $165 million in fraud. More recent estimates are significantly higher with at least $350 million in potential damages to individuals who lost their refundable deposits. Some of the proceeds of the Ponzi scheme were alleged to have been sent to Guatemala. Indeed, the Temporary Receiver's investigation has confirmed this fact and identified significant assets in Guatemala within the scope of the Receivership. Consequently, the Receivership has taken control of certain entities, including a mine in Guatemala as well as other property in an effort to assess value, determine potential liabilities in Guatemala, and consider appropriate liquidation of assets. These tasks require significant work and collaboration with legal counsel and government authorities in Guatemala to ensure compliance with all relevant laws and policies.

Fourth, handling aircraft matters across the United States has required some specialized knowledge of aviation matters. Because multiple issues have arisen regarding aircrafts that may fall within the scope of the Receivership, the Temporary Receiver retained those well-versed in aviation law as needed.

---

[3] A Motion to Expand the Receivership to include JF Aircorp, Inc., is currently pending and ripe for adjudication. *See* D.E. 70. The Temporary Receiver anticipates that a Motion to Expand the Receivership to include Wright Brothers Aircraft Title, Inc. ("Wright Brothers") is forthcoming.

Finally, the Temporary Receiver and professionals retained have collaborated closely with the Assistant United States Attorney in the pending criminal case, all Plaintiffs and Intervenors involved in this underlying case, as well as parties in the pending Bankruptcy Proceeding[4] regarding a Motion to Expand the Receivership to Include the Wright Brothers. The legal issues related to a potential motion are significant and have required significant work and consideration by all those involved.

Those who seek payment pursuant to this fee application have contributed to the significant efforts of the Receivership and have agreed to defer payment for their fees and expenses pending funding and the Court's approval of a fee application. Presently, the Receivership remains without funding. The Temporary Receiver, through the support of Holland & Knight, has paid out-of-pocket critical operating expenses as well as other costs necessary to preserve assets for the investors' and creditors' benefit, which are included in this application. Meanwhile, the Temporary Receiver and her team continue to investigate claims and attempt to sell identified assets. The Temporary Receiver anticipates that these ongoing efforts will provide a source of payment to fund the Receivership and operations of the company, while maximizing the assets of the Receivership Estates.

As more fully described herein, the Receiver's counsel and all professionals have provided valuable services and are entitled to reasonable payment of the fees and reimbursement of their expenses.

---

[4] On April 19, 2021, the Plaintiffs and Metrocity Intervenor (the "Petitioners") filed a Chapter 7 Involuntary Petition Against Wright Brothers in U.S. Bankruptcy Court in the Western District of Oklahoma, 5:21-bk-10994, Chief Judge Janice D. Loyd presiding.

## II. BACKGROUND

On March 1, 2021, Plaintiffs filed their Original Verified Complaint (this "Complaint") against Defendants South Aviation and Machado (together, "Defendants"). In its Complaint, the Plaintiff alleges that the Defendants engaged in a fraudulent Ponzi scheme (the "Scheme") to provide financing for aircraft purchase agreements for South Aviation under false representations and executed under false pretenses. Contemporaneously, the Plaintiffs filed an Emergency Motion For Immediate Appointment of Receiver Pursuant to Rule 7.1(a)(2). Thereafter, this Court granted two motions to intervene submitted by WBIP Aviation One, LLC and WBIP Aviation Two, LLC ("WBIP Intervenors") and by Metrocity Holdings, LLC ("Metrocity Intervenor") (collectively, the "Intervenors"). D.E. 38 and 42.

On April 16, 2021, the District Court appointed Barbara Martinez, Esq. as Temporary Receiver over the Receivership Estates. The Receivership Order requests the Temporary Receiver to, among other things:

> confirm what assets South Aviation previously had and currently has; confirm what South Aviation's creditors are currently owed; freeze assets to ensure South Aviation's creditors are repaid; marshal, safeguard, and liquidate assets; ensure that preferential payments to creditors and insiders do not occur at the expense of other creditors; ensure that South Aviation's creditors are repaid in a fair and equitable manner; and file and prosecute ancillary actions to recover monies or assets for the benefit of South Aviation's creditors. D.E. 43 at 2.

The Receivership Order also directs the Temporary Receiver to "file periodic fee applications for payment of reasonable fees and reimbursement of actual incurred costs." *Id* at 21. The Order further states that the "fee/cost applications shall be filed every three (3) months for the Court's consideration." Thus, this is the Temporary Receiver's first Application to the Court for compensation.

**III.     INFORMATION ABOUT APPLICATION**

During the Application Period the Temporary Receiver and her professionals have performed many services in connection with this matter, including but not limited to:

- Established control over bank accounts and financial information;

- Investigated South Aviation's assets;

- Identified and took control of some physical assets in Guatemala;

- Collaborated with government officials in Guatemala;

- Obtained and reviewed records and documents in Guatemala;

- Took legal control of certain assets in Guatemala;

- Identified and notified creditors of the Receivership Estates;

- Issued subpoenas;

- Prepared motions on the Receivership's behalf;

- Prepared reports and other updates regarding the Temporary Receiver's operations of the Receivership Estates;

- Responded to various filings from Non-Party issues;

- Sent demand letters to former counsel and registered agents;

- Investigated potential third-party claims;

- Engaged experts to conduct forensic review.

The Application contains the following:

(a) <u>Time Period Covered by Application</u>: April 16, 2021 through June 30, 2021

(b) <u>Date of Temporary Receiver's Appointment</u>: April 16, 2021

(c) <u>Dates Services Commenced:</u> April 16, 2021

(d) <u>Names and Rates of all Professionals</u>: *See* Exhibit 4

(e) <u>Interim or Final Application</u>: Interim

(f) <u>Records Supporting Fee Application:</u> See below

Moreover, the Temporary Receiver has attached exhibits to this Application consisting of:

<u>Exhibit 1</u>: Temporary Receiver's Certification

<u>Exhibit 2</u>: Total compensation and expenses requested

<u>Exhibit 3</u>: Fee Schedule: Names and Hourly Rates of Professional & Total Amount Billed for each Professional

<u>Exhibit 4</u>: Time records for the time period covered by this Application, sorted in chronological order, including a summary and breakdown of the requested reimbursement of expenses

## IV. CASE STATUS

### a. Cash on Hand

To date, the Temporary Receiver has not recovered any liquidated assets for the Receivership Estates. Approximately three months prior to the Temporary Receiver's Appointment, Machado, President of South Aviation, wiped his bank accounts and fled the United States. Shortly after her appointment, the Temporary Receiver uncovered various foreign assets, namely thirteen corporations or entities, several plots of land, a development real estate project, and licenses to two mines in Guatemala related to South Aviation.

The Temporary Receiver is optimistic that at least some assets in Guatemala will be sold, and therefore liquidated for the benefit of the Receivership Estates.

### b. Summary of Administration of the Case

Although no liquidity to date, the Temporary Receiver and her counsel have engaged in extensive work to uncover assets that are tied to the alleged Scheme. The team has gathered a great deal of information about the Defendants' financial assets and liabilities, assisted in marshalling

assets, obtained substantial discovery needed for the tracing and eventual recovery of funds, and obtained control of valuable assets despite many challenges.

For example, the Temporary Receiver was provided no records or financial information by South Aviation. Much of the Temporary Receiver's time has been spent requesting documents from various third parties, reviewing bank records, identifying related entities involved in the Scheme, and gaining legal control of the assets on behalf of the Receivership Estates. The Scheme involving South Aviation included money transferred to, and investments made, in Guatemala. As such, Guatemala legal counsel ("Legalsa") was retained to assist with the identification and protection of the assets, and identified three entities affiliated with South Aviation: (a) Desarrollos Inmobiliarios Izabal, S.A., ("DII") (b) Minas del Pueblo, S.A., ("MDP") and (c) El Pato GT, S.A. ("El Pato").

These entities, and their accompanying assets, presented additional legal and administrative barriers for the Temporary Receiver to take control. Nevertheless, the Temporary Receiver and her team of professionals recently gained formal control of MDP and also have control of DII. Now that the Temporary Receiver has lawful control of two foreign entities, counsel from Holland & Knight is working diligently to assess the value of the assets, identify potential buyers, sell, and liquidate the various assets. Some of the assets include: the exploitation license of a zinc and lead mine, a concrete block making plant, a real estate project, as well as valuable equipment and machinery.

To assist in the sale of the assets, the Temporary Receiver is in the process of retaining a consulting firm to conduct an assessment of the value of Meca I, the zinc and lead mine owned by MDP. A very reputable mining engineering firm, which is willing and able to prepare a value forecast, has also been contacted. Both firms will work in tandem to provide an assessment report.

A finalized report will be completed within a month from the engagement. These experts' services are not included in this fee application.

### c. Concurrent Proceedings

Over the past three months, the Temporary Receiver has analyzed and tracked the criminal proceedings pending before the United States District Court for the Eastern District of Texas, Sherman Division (the "Texas Court"), in the proceeding styled "United States of America v. Deborah Lynn Mercer-Erwin, et al.", Case No. 4:20-CR-212. The Temporary Receiver and her counsel have engaged in several discussions with the Assistant United States Attorney to avoid any wasted efforts or overlap in the criminal forfeiture of assets.

Additionally, on April 19, 2021, the Plaintiffs and Metrocity Intervenor (the "Petitioners") filed a Chapter 7 Involuntary Petition Against Wright Brothers in U.S. Bankruptcy Court in the Western District of Oklahoma, 5:21-bk-10994. The Temporary Receiver has examined these proceedings and their status. She is currently in discussions with the Petitioners and non-parties to the Receivership to determine the best course of action to consolidate the Bankruptcy and this underlying case for efficient distribution of assets.

### d. Summary of Creditor Claims Proceedings

The Temporary Receiver has not yet established a formal claims process due to the unique nature of this Receivership and difficulty identifying assets. These efforts are ongoing and submitted to the Court for approval.

### e. Description of Assets

For detailed information of identified assets of the Receivership Estate, including the anticipated or proposed disposition of the assets, the Temporary Receiver respectfully refers the Court and interested parties to the First 30-Day Report, D.E. 52, she filed on May 16, 2021.

    *f.  Description of Liquidated and Unliquidated Claims Held by Temporary Receiver*

  The Temporary Receiver is investigating a number of potential claims and causes of action against various third parties with the assistance of R&H Restructuring (Cayman) Ltd ("R&H"), as experts in asset tracing, cross border insolvency, forensic accounting, and asset disposition. These claims may include common law claims and claims under fraudulent transfer statutes.

**V.  THE PROFESSIONALS**

  *a.  Holland & Knight LLP*

  The Temporary Receiver is a partner at the law firm of Holland & Knight. In addition to her experience in private practice, the Receiver served for over twenty years as a federal prosecutor in the Southern District of Florida, where she personally directed hundreds of cases involving allegations of international and domestic human trafficking, money laundering, child exploitation, extortion, international kidnappings and other transnational crimes.

  The Temporary Receiver is working with a team of attorneys and paralegals at Holland & Knight, as her counsel, to administer this case. During the period covered by this Application, the Receiver and Holland & Knight billed 1,227.90 hours and seek payment of fees in the sum of $719,237.00 and reimbursement of expenses in the sum of $20,993.04, for a total of $740,230.04. The Temporary Receiver has certified the amounts provided herein are accurate and reflect the work completed by the Temporary Receiver and her counsel. *See* Exhibit 1.

  The professional services rendered by the Temporary Receiver and her counsel at Holland & Knight, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to those services, are set forth and described in more detail in Exhibit 3 and Exhibit 4, attached hereto, respectively. The records attached include a daily description of the services rendered, the hours expended, and the hourly rates of the partners, associates, and para professionals performing the

reflected services. The attached records have been prepared based upon the contemporaneous daily time records maintained by the individuals rendering the services.

### b. *Additional Retained Professionals*

Due to the lack of liquidity in the Receivership Estate, the following entities have agreed to a delayed billing cycle for services rendered:

- Legalsa: Guatemala Legal Counsel;

- Jeffrey Antonio Bremermann Estrada: Former Consultant for Minas Del Pueblo, S.A. in Guatemala City;

- H.D. Investigative: Investigation consulting firm that assisted with site visits and witness interviews;

- R&H Restructuring (Cayman) Ltd.: experts assisting in the investigation of potential claims and causes of action against various third parties;

## VI. MEMORANDUM OF LAW

The Temporary Receiver and her professionals are entitled to reasonable compensation and expenses, pursuant to the Receivership Order. Receivership courts have traditionally determined reasonableness by utilizing the familiar lodestar approach, calculating a reasonable hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., S.E.C. v. Aquacell Batteries, Inc.*, 2008 WL 276026, *3 (M.D. Fla. Jan 31, 2008); *see also Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).[5] The hourly rates billed by the Temporary Receiver and her professionals are reasonable for professionals practicing in the Southern District of Florida.

---

[5] The law in this circuit for assessing the reasonableness of fees is set out in *Norman v. Hous., Auth. of Montgomery*, 836 F.2d 1292. (11th Cir. 1988). According to Norman, the starting point in determining an objective estimate of the value of professional services is to calculate the "lodestar" amount, by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id*. at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"In general, a reasonable fee is based on all circumstances surrounding the receivership." *SEC v. W. L. Moody & Co., Bankers*, 374 F. Supp. 465, 480 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975); ("[T]he court may consider all of the factors involved in a particular receivership in determining an appropriate fee." *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994). "In determining the amount of their compensation, due consideration should be given to the amount realized, as well as the labor and skill needed or expended, and other circumstances having a bearing on the question of the value of the services." *Sec. & Exch. Comm'n v. Striker Petroleum, LLC* (N.D. Tex., 2012) (citing *City of New Orleans v. Malone*, 12 F.2d 17, 19 (5th Cir. 1926)). Part of "determining the nature and extent of the services rendered," however, includes an analysis as to the reasonableness of the services rendered, bearing in mind the nature of a receivership. As the Supreme Court has noted:

> The receiver is an officer of the court, and subject to its directions and orders . . . . [H]e is . . . permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court. . . . So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness. The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management.

*Stuart v. Boulware*, 133 U.S. 78, 81-82 (1890).

The circumstances of this Receivership are unique. The Temporary Receiver quickly needed to assess the financial situation of the Receivership Estates to determine how to identify and maximize the value of the assets for the benefit of the investors and creditors. The Temporary Receiver and her counsel have expended a considerable amount of time and effort to perform the extensive work necessary to execute the tasks set forth in this Court's Receivership Order.

Within the first few weeks, the Temporary Receiver retained counsel and immediately drafted motions to expand the Receivership to include additional assets. The Temporary Receiver

and counsel have also responded to the concerns of the investors, creditors, employees, beneficiaries, and other interested parties. The Temporary Receiver utilized the skills of counsel to reduce costs for the assessment of the financial records and to understand the finances of South Aviation, including efforts to trace transfers of the investors and creditors' funds.

There were difficulties determining the interrelationship of the Defendants' related entities and the extent of their participation in the fraudulent scheme, due to the breadth of the fraud and the lack of access to the records maintained by the Defendants, as well as the specific factual circumstances and legal issues involved in the Receivership Estates' operations. The Temporary Receiver and her counsel have engaged in extensive fact-finding and legal analysis in light of the complex issues raised by the Receivership and interested parties, limiting their ability to perform other, significant work due to the demands of this case on their time.  As a result, the professionals have taken a substantial financial risk, and failure to recover their fees would place a tremendous burden on their practices.

In addition to fees, the receiver is "also entitled to be reimbursed for the actual and necessary expenses" that the receiver "incurred in the performance of [its] duties." *Fed. Trade Comm'n v. Direct Benefits Grp.*, LLC, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013). The Temporary Receiver and her professionals support their claims for reimbursement of expenses with "sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the estate." *Sec. & Exch. Comm'n v. Kirkland*, 2007 WL 470417, at *2 (M.D. Fla. Feb. 13, 2007) (citing *In re Se. Banking Corp.*, 314 B.R. 250, 271 (Bankr. S.D. Fla. 2004)). A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred. *See SEC v. Byers*, 590 F.Supp.2d

637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation.").

As more fully described above and supported by the time records, the Temporary Receiver and her professionals have reasonably and diligently discharged their duties, and provided a benefit to the Receivership Estates, the investors and creditors.

WHEREFORE, the Temporary Receiver and her professionals respectfully request that this Court enter an Order granting this motion that (a) authorizes compensation to the Temporary Receiver of $124,251.84; (b) authorizes interim compensation to the Temporary Receiver's counsel, Holland & Knight of $615,978.20; and (c) grants the Temporary Receiver and her counsel such other and further relief as is just, all without prejudice to the right of the Temporary Receiver to apply for additional compensation for services and expenses yet to be performed or invoiced.

Dated: July 16, 2021                         Respectfully submitted,

                By:   s/ *Sydney B. Alexander*
                    John R. Chapman
                    Florida Bar No. 47682
                    John.Chapman@hklaw.com
                    Holland & Knight LLP
                    515 East Las Olas Boulevard, Suite 1200
                    Fort Lauderdale, FL 33301
                    Telephone: (954) 525-1000
                    Facsimile: (954) 463-2030

                    Sydney B. Alexander
                    Florida Bar No. 1019569
                    Sydney.Alexander@hklaw.com
                    Holland & Knight LLP
                    701 Brickell Avenue, Suite 3300
                    Miami, FL 33131
                    Telephone: (305) 374-8500
                    Facsimile: (305) 789-7799

                    *Counsel for Temporary Receiver*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served on this day on counsel identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  *s/ Sydney B. Alexander*
                                                   Sydney B. Alexander

**SERVICE LIST**

| | |
|---|---|
| Jonathan Bart Morton<br>jonathan.morton@klgates.com<br>Stephen Allan McGuinness<br>stephen.mcguinness@klgates.com<br>K&L Gates LLP<br>Southeast Financial Center<br>200 S Biscayne Boulevard, 39th Floor<br>Miami, FL 33131-2399<br>Telephone: (305) 539-3357<br>Facsimile: (305) 358-7095<br>*Counsel for CCUR Holdings, Inc.*<br>*and CCUR Aviation Finance, LLC* | Christopher A. Brown<br>chris.brown@klgates.com<br>David Weitman<br>david.weitman@klgates.com<br>K&L Gates, LLP<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201<br>Telephone: (214) 939-5500<br>*Counsel for CCUR Holdings, Inc.*<br>*and CCUR Aviation Finance, LLC* |
| John Arrastia, Jr.<br>jarrastia@gjb-law.com<br>Paul Joseph Battista<br>pbattista@gjb-law.com<br>Genovese Joblove & Battista, P.A.<br>100 S.E. 2nd Street, 44th Flr.<br>Miami, FL 33131<br>Telephone: (305) 349-2329<br>Facsimile: (305) 428-8832<br>*Counsel for Metrocity Holdings, LLC* | Peter Harlan Levitt<br>plevitt@shutts-law.com<br>Shutts & Bowen<br>201 S Biscayne Boulevard<br>Suite 1500 Miami Center<br>Miami, FL 33131<br>Telephone: (305) 358-6300<br>Facsimile: (305) 415-9847<br>*Counsel for WBIP Aviation One, LLC*<br>*and WBIP Aviation Two, LLC* |
| Gabriel Hertzberg<br>ghertzberg@curtis.com<br>Curtis, Mallet-Prevost, Colt & Mosle, LLP<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 696-8856<br>Facsimile: (917) 368-7356<br>*Counsel for WBIP Aviation One, LLC*<br>*and WBIP Aviation Two, LLC* | South Aviation, Inc.<br>1470 Lee Wagoner Blvd, Suite 100<br>Fort Lauderdale, FL 33315<br>*Pro Se* |
| | Federico A. Machado<br>1470 Lee Wagoner Blvd., Suite 100<br>Fort Lauderdale, FL 33315<br>*Pro Se* |
| Eduardo F. Rodriguez<br>eddie@efrlawfirm.com<br>EFR Law Firm<br>1 Alhambra Plaza, Suite 1225<br>Coral Gables, Florida 33134<br>Office: (305) 340-0034<br>Mobile: (305) 978-9340<br>*Counsel for HV Pal Holdings, LLC* | Gerard S. Catalanello<br>Gerard.Catalanello@alston.com<br>Kimberly J. Kodis<br>Kimberly.Kodis@alston.com<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, New York 10016<br>Telephone: (212) 210-9400<br>Facsimile: (212) 210-9444<br>*Counsel for HV Pal Holdings, LLC* |