UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-60462-BLOOM/Valle**

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

      Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

      Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Intervenor Plaintiff Metrocity Holdings, LLC's ("Metrocity") Amended Motion for Leave for Alternate Service of Process by Publication on Defendant Federico Machado, ECF No. [90] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Metrocity's Motion is granted.

## I. BACKGROUND

On March 1, 2021, Plaintiffs initiated this action against Defendants South Aviation, Inc. and Federico Machado ("Machado") (collectively, "Defendants") for fraud and breach of contract. *See* ECF No. [1]. Specifically, Plaintiffs' allege that they entered into escrow-backed aircraft financing agreements with Defendants and an escrow agent, Wright Brothers Aircraft Title Inc., and that they paid large deposits pursuant to those agreements that were personally guaranteed by Machado but were never repaid. Notably, Machado has been indicted in the Eastern District of Texas for his role in this Ponzi scheme that defrauded numerous persons and obtained significant

amounts of money by way of false and fraudulent representations. Less than one month after Plaintiffs initiated this action, Metrocity moved to intervene, ECF No. [24], which this Court granted, ECF No. [42]. On April 16, 2021, Metrocity filed its Intervenor Complaint, ECF No. [46] ("Intervenor Complaint"), which asserts the following eight counts: Count I – Civil RICO, 18 U.S.C. § 1962; Count II – Conspiracy to Violate Civil RICO, 18 U.S.C. § 1962(d); Count III – Fraud; Count IV – Breach of Contract (2019 Note); Count V – Breach of Contract (2019 Guaranty) – Against Machado; Count VI – Breach of Contract (2020 Note); Count VII – Breach of Contract (2020 Guaranty) – Against Machado; and Count VIII – Unjust Enrichment. *See generally id.*

As in its previous motion for alternate service by publication, ECF No. [60], Metrocity indicates that it has repeatedly and diligently attempted to personally serve Machado but has been unable to do so, and renews its prior motion after correcting the citation by publication that was originally filed. In addition, as Metrocity has noted, Machado appears to have fled the country following his criminal indictment, *see* ECF No. [13-1] at 6-9, and was later arrested and detained in Argentina, *see* ECF No. [52] at 4. Machado is currently in custody in Argentina awaiting extradition proceedings. *Id.* As such, Metrocity seeks leave to serve Machado by publication in this district and in the Eastern District of Texas where his criminal case is pending.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(e) governs service on an individual within a judicial district of the United States, and states in relevant part that:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e)(1).

As noted above, in requesting leave to serve Machado by publication, Metrocity relies on Texas law (i.e., the state where service is to be made) to support its request. Indeed, Metrocity contends that service by publication is warranted under Texas law, which typically requires service by personal delivery or by certified mail with a return receipt requested. *See* Tex. R. Civ. P. 106. "However, when a plaintiff has exercised due diligence in attempting to ascertain a defendant's whereabouts, a court may authorize service by publication." *Compass Bank v. Robinson*, No. 5:15-cv-41, 2015 WL 13119412, at *1 (S.D. Tex. Aug. 18, 2015) (citing Tex. R. Civ. P. 109). Texas Rule of Civil Procedure 109 sets forth the parameters for obtaining service by publication:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication.

Tex. R. Civ. P. 109.

The United States Supreme Court "has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950). "Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.*; *see also In re E.R.*, 385 S.W.3d 552, 558 (Tex. 2012) ("*Mullane* remains the seminal case involving notice by publication, and it explains how to evaluate the adequacy of notice.").

Nevertheless, "[s]ervice by publication is a means of last resort." *Compass Bank*, 2015 WL 13119412, at *1 (citing *In re E.R.*, 385 S.W.3d at 561; *Walker v. City of Hutchinson*, 352 U.S. 112

(1956) ("In too many instances notice by publication is no notice at all.")). Because "[d]ue process considerations may render service by publication ineffective unless all of the available methods reasonably likely to result in actual notice to the defendant have been attempted," plaintiffs must first exhaust all such methods of service. *In re E.R.*, 385 S.W.3d at 561 n.19. Moreover, "[a] diligent search must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *Id.* at 565 (footnote omitted); *see also Booth v. Martinez*, No. SA-07-cv-15-XR, 2007 WL 2086659, at *1 (W.D. Tex. July 18, 2007) ("Courts in Texas only allow service by publication or other substituted service after the plaintiff has exercised due diligence because these forms of service are disfavored and are unlikely to provide the defendant with notice of suit."). "Where *in personam* jurisdiction is based upon substituted service, the record must affirmatively show strict compliance with the statute or rule authorizing such service," and the failure to do so "will render the attempted service of process invalid and of no effect." *Medford v. Salter*, 747 S.W.2d 519, 520 (Tex. Ct. App. 1988) (citations omitted).

Metrocity incorporates its arguments from its prior motion for alternate service by publication, which attached the Affidavit of Paul J. Battista, Esq., ECF No. [60-1] ("Battista Affidavit"). *See* ECF No. [90] at 2. The Battista Affidavit, Metrocity contends, satisfies each of the requirements of Texas Rule of Civil Procedure 109.[1] As Metrocity notes, the Battista Affidavit (1) is a sworn statement made under oath by Metrocity's counsel of record in this case, *see* ECF No. [60-1]; (2) explains that Machado fled the country, that his whereabouts were unknown until

---

[1] *See BBVA USA v. Hall*, No. 5:19-cv-99, 2019 WL 12338326, at *4 (S.D. Tex. Nov. 4, 2019) ("Rule 109 requires: (1) an oath by the party or attorney, (2) that the residence of the party defendant is unknown, (3) and that after due diligence plaintiff and affiant have been unable to locate the whereabouts for such defendant, (4) or that such defendant is absent from or is a nonresident of the state, and that the party applying for the citation has attempted to obtain personal service but has been unable to do so." (citing *Leithold v. Plass*, 488 S.W.2d 159, 164 (Tex. Civ. App. 1972); Tex. R. Civ. P. 108)).

April 2021, and that he is now detained in Argentina and cannot be personally served, *id.* ¶¶ 11-13; (3) sets forth the various efforts Metrocity has undertaken to personally serve Machado and to locate him through various public records and governmental databases, *id.* ¶¶ 8-10; and (4) represents that Machado, who was a Florida resident, has been absent from Texas since he was detained in Argentina on April 15, 2021, and Metrocity hired a process server to personally serve Machado at his last-known address, but was unable to do so, *id.* ¶¶ 9, 11-13. Upon review of the circumstances surrounding Machado's fugitive status and subsequent detainment in Argentina, along with Metrocity's efforts to personally serve or otherwise locate Machado, the Court is satisfied that Metrocity has acted diligently and comprehensively in attempting to serve Machado. *Cf. Compass Bank*, 2015 WL 13119412, at *1 (concluding that, despite the considerable efforts to serve, plaintiff had not met its burden because it had not exhausted all reasonably available means of locating the defendant). Accordingly, there is good cause to grant Metrocity's Motion for Service by Publication under Texas law.

Metrocity also submitted a proposed citation by publication, ECF No. [90-1], alongside its Motion for Service by Publication for this Court's approval. Texas Rule of Civil Procedure 114 sets forth the requirements for a citation by publication:

> Where citation by publication is authorized by these rules, . . . the citation shall be styled "The State of Texas" and shall be directed to the defendant or defendants by name, if their names are known, or to the defendant or defendants as designated in the petition, if unknown, or such other classification as may be fixed by any statute or by these rules. . . . The citation shall contain the names of the parties, a brief statement of the nature of the suit (which need not contain the details and particulars of the claim) a description of any property involved and of the interest of the named or unknown defendant or defendants, and, where the suit involves land, the requisites of Rule 115.

Tex. R. Civ. P. 114. Texas courts have recognized that Rule 114's express language indicates that "notice of the nature of the suit is essential to a valid citation by publication." *Wiebusch v.*

*Wiebusch*, 636 S.W.2d 540, 542 (Tex. Ct. App. 1982). Indeed, because "authority for citation by publication comes solely from the statutes, enactments authorizing the mode of service are strictly construed; and when a statute provides for constructive service in a given case, the method prescribed is exclusive and admits of no substitute." *Id.*

Additionally, pursuant to Texas Rule of Civil Procedure 116(b)(1), "the citation must be served by publication in a newspaper under (c) and on the Public Information Internet Website under (d)." Rule 116 also specifies who must serve the citation, the time required for publication, and other relevant guidelines that apply to newspaper publication or public information internet website publication. *See* Tex. R. Civ. P. 116(c)-(d).

Metrocity argues that the proposed citation, which it revised and submitted alongside the instant Motion, now complies with the requirements of Rules 114 and 116, explaining that:

> First, that this case involves a "civil proceeding that is separate and apart from the criminal proceeding currently pending against [Machado] in the Eastern District of Texas. *See United States v. Debra Lynn Mercer-Erwin, et al.*, Case No. 4:20-CR-212 (E.D. Tex.)." *See* [ECF No. [90-1] at 2.]. Second, the citation states that this suit "concerns [Machado's] conduct with and on behalf of South Aviation, Inc. in perpetrating a fraudulent scheme to victimize Metrocity while disguising the operation as a series of legitimate business transactions." *See id.* And third, the citation lists "Metrocity's causes of action against [Machado]," which includes "one count of Civil Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962(c); one count of Conspiracy to Violate Civil RICO under 18 U.S.C. § 1962(d); one count of Fraud; four counts of Breach of Contract; and one count of Unjust Enrichment." *See id.*

ECF No. [90] at 2.

The Court is satisfied that these details satisfy the previously deficient citation by publication submitted with Metrocity's prior motion. *See generally* ECF No. [86]. Indeed, Metrocity's revised proposed citation now complied with Rule 114's requirements because it includes the necessary details regarding the nature of the suit and the claims asserted in order to put a defendant on notice for the purposes of establishing proper service. As such, Metrocity's

Case No. 21-cv-60462-BLOOM/Valle

request to serve Machado by publication pursuant to Texas law is granted.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Metrocity's Motion for Leave for

Alternate Service of Process by Publication on Defendant Federico Machado, **ECF No. [90]**, is

**GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 6, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record