UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60462-BLOOM/VALLE

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon the Temporary Receiver's First Application for payment of reasonable fees and reimbursement of costs incurred from April 16, 2021 through June 30, 2021 (ECF No. 89) (as amended, the "First Application"). United States District Judge Beth Bloom has referred the First Application to the undersigned for a Report and Recommendation. (ECF No. 107).

Having reviewed the First Application, the Creditors' Opposition to the First Application (ECF No. 92), the Temporary Receiver's Response (and Amended Response) to the Creditors' Opposition to the First Application (ECF Nos. 105, 108),[1] the Order on Plaintiffs' Verified Amended Expedited Motion for Appointment of Temporary Receiver (ECF No. 43), the Temporary Receiver's Status Reports (ECF Nos. 52, 111, and 142), and being otherwise duly

---

[1] ECF No. 108 is the Temporary Receiver's Notice of Errata, attaching an Amended Response to the Opposition, which reflects revised fee amounts for H&K. *Compare* (ECF Nos. 105 at 6, 27, 105-1 at 2) *with* (ECF Nos. 108 at 7, 28, 108-1 at 34). According to the Temporary Receiver, the Amended Response has no other changes. (ECF No. 108 at 2).

advised in the matter, the undersigned recommends that the First Application be **GRANTED IN PART**. The Temporary Receiver should be authorized to: (i) compensate herself $121,893; (ii) compensate the Temporary Receiver's counsel Holland & Knight ("H&K"), at the discounted interim amount of $520,494.50; and (iii) reimburse the Temporary Receiver for $20,993.04 in costs.

## I.  BACKGROUND

This action was filed in March 2021 by Plaintiffs CCUR Aviation Finance, LLC and CCUR Holdings, Inc.'s (collectively, the "Plaintiffs") against South Aviation, Inc. ("South Aviation") and Federico A. Machado relating to a Ponzi scheme arising out of a series of aircraft financing transactions. *See generally* (ECF No. 1). In April 2021, the Court appointed Barbara Martinez, Esq., as the Temporary Receiver to, among other things, confirm what assets South Aviation previously had and currently has; confirm what South Aviation's creditors are currently owed; freeze assets to ensure South Aviation's creditors are repaid; marshal, safeguard, and liquidate assets; ensure that preferential payments to creditors and insiders do not occur at the expense of other creditors; ensure that South Aviation's creditors are repaid in a fair and equitable manner; and file and prosecute ancillary actions to recover monies or assets for the benefit of South Aviation's creditors. *See generally* (ECF No. 43 at 2, 3) (the "Appointment Order").

According to the Appointment Order, the Temporary Receiver has the power to:

> [c]hoose, engage, and employ attorneys, accountants and other appropriate agents or professionals, as the Temporary Receiver deems advisable or necessary in the performance of her duties and responsibilities. The Temporary Receiver and her professionals shall be entitled to reasonable compensation from the assets now held by South Aviation or ultimately secured by the Temporary Receiver. Said compensation shall be commensurate with her duties and obligations under the circumstances, subject to approval of this Court.

*Id.* ¶ 8.P. Additionally, the Temporary Receiver and all professionals she retains are entitled to compensation deemed to be reasonable and appropriate for their work, which will have priority as

an administrative expense. *Id.* ¶¶ 46, 48. Lastly, the Temporary Receiver is authorized to file motions to employ professionals, such as attorneys and/or accountants, whose rates will be disclosed in same. *Id.* ¶ 46.

## II. LEGAL STANDARD

A receiver is an officer of the court and is subject to its direction and orders. *SEC v. Onix Cap. LLC*, No. 16-CV-24678, 2020 WL 9549527, at *2 (S.D. Fla. Jan. 24, 2020), *report and recommendation adopted*, 2020 WL 9549523 (S.D. Fla. May 13, 2020). A receiver is generally permitted to obtain counsel for herself, and other employees to aid in the management of the receivership estate. *Id.* (citations omitted). A receiver also owes a duty to exercise reasonable care to protect and preserve the assets of the receivership estate as required by a receivership order. *Id.* In determining a reasonable fee for a receiver, her attorneys, and accountants, a court must consider the nature and complexity of the legal issues presented and the skills necessary to resolve them. *SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992) ("Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and results are always relevant.") (quotation marks omitted).

Many courts use the lodestar method to determine the reasonableness of the fees charged by the receiver and the professionals she hires. *See, e.g.*, *Onix,* 2020 WL 9549527, at *2; *FTC v. JPM Accelerated Servs., Inc.*, No. 09-CV-2021-OrL-28KRS, 2010 WL 11626760, at *2 (M.D. Fla. Jul. 12, 2010) ("Courts have held that a lodestar-style analysis is appropriate in evaluating the reasonableness of fees charged by accountants and other non-attorney professionals."). The lodestar approach considers the reasonableness of the hourly rates claimed by the professionals and the reasonableness of the hours expended. *Onix*, 2020 WL 9549527, at *2; *JPM*, 2010 WL 11626760, at *2. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and

reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). While the particular expertise, experience, and prestige of the attorneys may be considered, the fees are constrained by the prevailing market rates. The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299.

### III. THE FIRST APPLICATION

In the First Application, the Temporary Receiver initially requests $719,237 in legal fees for counsel H&K and $20,993.04 in costs, for a total of $740,230.04.[2] (ECF No. 89 at 2, 10). Certain purported creditors[3] filed an Opposition to the First Application (ECF No. 92) (the "Opposition"), raising several arguments, including that: (i) the Temporary Receiver failed to comply with the Appointment Order by not seeking Court approval *prior* to hiring these professionals (ECF No. 92 at 4-8); (ii) the First Application is premature because the Receivership Estate has no liquid assets (*id*. at 8-10); (iii) the hourly billing rates are excessive/unreasonable

---

[2] According to the First Application, the following professionals were also retained, but agreed to delayed billing for services rendered: Legalsa (Guatemala Legal Counsel), Jeffrey Antonio Bremermann Estrada (former consultant for Minas del Pueblo), H.D. Investigative (investigative consulting firm), and R&H Restructuring (Cayman) Ltd. (restructuring experts). (ECF No. 89 at 11). Therefore, the First Application is limited to legal fees and costs incurred by the Temporary Receiver and counsel H&K. *See generally* (ECF Nos. 89, 105, 108).

[3] The creditors who opposed the First Application are: Rusty 115 Corp., Hopop Corp., Davidpop Corp., Rustypop Corp., Darusty Corp., Moncler Motors LLC, BOE 25014 LLC, BOE 30868 LLC, BOE 30874 LLC, BOE 30875 LLC, BOE 34432 LLC, Dash 4542 LLC, Dash 4554 LLC, Dash 4555 LLC, Chemtov Mortgage Group Corp., CMG 777 Excrow3 LLC, CMG 777 Escrow4 LLC, CMG 777 Escrow5 LLC, CMG DHC8 Escrow 7 LLC, Metrocity Holdings LLC, and Bryn and Associates, P.A. (ECF No. 92 at 1 n.1). Although the Temporary Receiver argues that, aside from Metrocity, the entities opposing the Receivership's fees are unknown and their claims have not been calculated, the Temporary Receiver does not challenge the standing of these purported creditors to oppose the First Application. (ECF Nos. 105 at 2 n. 3, 108-1 at 2). Accordingly, the First Application is considered on the merits as amended by the Temporary Receiver's Response to the Opposition.

and the hours billed fail to exemplify billing judgment (*id.* at 10-18); and (v) the expenses are not sufficiently supported by invoices (*id.* at 18). The creditors who filed the Opposition also request a hearing on the First Application and summarily request the appointment of a Creditor's Committee. *Id*. at 19-20.

In Response to the Opposition, the Temporary Receiver voluntarily reduced the hourly rates for all timekeepers for H&K above $750, with the exclusion of the Temporary Receiver and counsel Warren Gluck. (ECF Nos. 105 at 6, 108-1 at 7). Additionally, all timekeepers who dedicated less than four hours to the matter were removed from the requested fee amount. *Id*. With these reductions, the Temporary Receiver requests a reduced amount of $520,494.50 in legal fees for H&K timekeepers (excluding the Temporary Receiver). (ECF No. 108-1 at 7)*; see also* (ECF Nos. 105 at 6, 105-1 at 2, 105-2 at 3, 108-1 at 7, 34)*.* The Temporary Receiver seeks an additional $121,893 for her services. (ECF Nos. 105-1 at 3, 108-1 at 35). The Temporary Receiver also reiterated her request for costs with no reduction. (ECF Nos. 105 at 25, 108-1 at 26).

### A. The Temporary Receiver's Attorney's Fees are Reasonable

The undersigned has considered the Opposition's arguments. Contrary to the Opposition, however, nothing in the Appointment Order requires the Temporary Receive to seek *prior* Court approval to engage professionals. *See* (ECF No. 92 at 3, 4-8). Rather, the Temporary Receiver can "[c]hoose, engage, and employ attorneys, accountants and other appropriate agents or professionals, as the Temporary Receiver deems advisable or necessary in the performance of her duties and responsibilities" and is authorized to file motions to employ professionals. (ECF No. 43 ¶ 8.P). Additionally, the undersigned finds no conflict of interest in the Temporary Receiver engaging H&K attorneys (who are her partners and associates) as that is common in this District. *See* (EF No. 92 at 7); *see also SEC v. Lauer*, No. 03-CV-80612, 2012 U.S. Dist. LEXIS 194287, at *4, 5 (S.D. Fla. Jul. 17, 2012), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS

194285 (S.D. Fla. Aug. 24, 2012) (Marty Steinberg, Esq., the court-appointed receiver and partner at Hunton & Williams LLP, retained his firm as his counsel for the receivership); *FTC v. Marcus*, No. 17-CV-60907 (S.D. Fla. Oct. 13, 2017) (ECF Nos. 135, 211) (Jonathan E. Perlman, Esq., the receiver and a shareholder at Genovese Joblove & Battista, P.A., retained his firm as counsel for the receivership). Moreover, the fees billed in this matter are similar to what the Temporary Receiver and H&K charge other clients and are customary for peer South Florida attorneys. *See* (ECF No. 105 at 16) (listing billing rates for comparable South Florida law firms).

Furthermore, the Court has considered the relevant factors under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")[4] and the Court's own knowledge and experience. *See Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (the court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value (quoting *Norman*, 836 F.2d at 1303). The undersigned has also reviewed the reduced hourly rates and hours expended. *Compare* (ECF No. 89-3) *with* (ECF No. 108-1 at 34). Based on this review, the Court is satisfied that the reduced rates and hours expended are reasonable.

The other *Johnson* factors also support the reasonableness of the Temporary Receiver's claimed fees. More specifically, the record reflects that the Temporary Receiver and her counsel have spent thousands of hours investigating potential claims and the Receivership Estates'

---

[4] Pursuant to *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit. The *Johnson* factors are: (i) the time and labor required; (ii) the novelty and difficulty of the questions presented; (iii) the skill required to perform the legal service properly; (iv) the preclusion of other employment; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed by the client or circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the undesirability of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.7 (1986).

business operations. *See, e.g.,* (ECF Nos. 105 at 12, 105-1, 108-1 at 13, 34). The Receivership has foreign and domestic assets requiring coordination across borders. (ECF No. 105 at 12). Moreover, due to the complex nature of the case, it was necessary for the Temporary Receiver to employ professionals who are experienced and familiar with fraud investigations, asset-tracing and recovery, Ponzi schemes, aviation law, international disputes, and bankruptcy law, including restructuring and creditors' rights. *Id.* at 13, 15. Furthermore, the Temporary Receiver and her H&K counsel have foregone working on other matters to address the demands of this Receivership. *Id.* at 15-16.

In addition: (i) the Temporary Receiver and her counsel will use fixed hourly rates for the services rendered to the Receivership (*id.* at 17); (ii) time constraints in the case require that the Temporary Receiver resolve issues rapidly, efficiently, and economically (*id.*); (iii) the Temporary Receiver and her counsel have uncovered various foreign assets and continue to investigate potential claims, believing that there is significant value in the assets for the benefit of the Receivership (*id.* at 17-18); and (iv) fee awards to other receiverships in South Florida are similar to the Temporary Receiver's request. (*id.* at 20). The Temporary Receiver has also provided sufficient information regarding the experience, reputation, and ability of the attorneys working on this matter. *Id*. at 18-19.

The undersigned is also unpersuaded by the Opposition's argument that authorizing payment to the Temporary Receiver of her reasonable attorney's fees and costs is premature. (ECF No. 92 at 8-10). Rather, according to the Appointment Order, "[t]he compensation of the Temporary Receiver and her professionals shall be entitled to priority as administrative expenses." (ECF No. 43 at ¶ 48). Further, "there is an implied understanding that the court which appointed [her] and whose officer [she] is will protect [her] right to be paid for [her] services, to be reimbursed for [her] proper costs and expenses." *Elliott*, 953 F.2d at 1576. "Even though a

7

receiver may not have increased, or prevented a decrease in, the value of the collateral, if a receiver reasonably and diligently discharges [her] duties, [she] is entitled to compensation." *Id.* at 1577. Moreover, the Temporary Receiver disputes that the Receivership Estates (as defined in the First Application) are without value and further describes assets in Guatemala and elsewhere, which may allow creditors to be repaid in a fair and equitable manner. *See, e.g.,* (ECF No. 105 at 25); *see also* (ECF No. 52, 111, 142) (the Temporary Receiver's Status Reports). Therefore, the uncertainty of the source to fund the award of fees and costs does not obviate the Temporary Receiver's right to compensation for her efforts. Accordingly, an award of fees and costs is appropriate at this time.

### B. The Temporary Receiver's Costs are Reimbursable

The Temporary Receiver also seeks reimbursement for $20,993.04 in expenses. (ECF No. 89 at 2). The Opposition summarily challenges the Temporary Receiver's costs as insufficiently supported. (ECF No. 92 at 18). Although the Temporary Receiver voluntarily reduced her fees, she did not reduce her costs. (ECF Nos. 105 at 25, 108-1 at 26).

The undersigned has reviewed the submissions, including the Temporary Receiver's certification under oath that she "seeks reimbursement only for the amount billed to the [Temporary Receiver] by the third-party vendor and paid by the [Temporary Receiver] to such vendor." (ECF No. 89-1 at 3). Additionally, although the Temporary Receiver did not include receipts for the third-party services in the First Application, "reimbursable costs" are listed in the records attached to the First Application. (ECF No. 89-4 at 2, 49-50, 58-59). *Compare, e.g.*, (ECFNo. 89) *with* (ECF No. 131) (the Temporary Receiver's Second Interim Application with receipts and invoices for various services/costs). Accordingly, based on a review of the record,

the undersigned finds that the expenses in the First Application are reasonable and should be reimbursed.[5]

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Temporary Receiver's First Application be **GRANTED IN PART**. The Temporary Receiver should be authorized to: (i) compensate herself $121,893; (ii) compensate the Temporary Receiver's counsel (H&K), at the discounted interim amount of $520,494.50; and (iii) reimburse the Temporary Receiver for $20,993.04 in costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 3, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
    All Counsel of Record

---

[5] The undersigned denies the Opposition's request for a hearing and the conclusory request to appoint a Creditor's Committee. (ECF No. 92 at 9-10, 19-20). The First Application can be determined on the record. Moreover, the appointment of a Creditor's Committee is not properly set forth in response to the First Application. Rather, if necessary, the purported creditors may seek relief through an appropriate motion for the District Judge's consideration.