UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon the Temporary Receiver Barbara Martinez's ("Temporary Receiver") First Application for Reasonable Fees and Reimbursement of Incurred Costs for April 16, 2021 – June 30, 2021, ECF No. [89] ("Application"). Creditors Rusty 115 Corp., Hopop Corp., Davidpop Corp., Rustypop Corp., Darusty Corp., Moncler Motors LLC, BOE 25014 LLC, BOE 30868 LLC, BOE 30874 LLC, BOE 30875 LLC, BOE 34432 LLC, Dash 4542 LLC, Dash 4554 LLC, Dash 4555 LLC, Chemtov Mortgage Group Corp., CMG 777 Excrow3 LLC, CMG 777 Escrow4 LLC, CMG 777 Escrow5 LLC, CMG DHC8 Escrow 7 LLC, Metrocity Holdings LLC, and Bryn and Associates, P.A. (collectively, "Creditors") filed a Response in Opposition, ECF No. [92] ("Response"), to which the Temporary Receiver filed a Reply, ECF No. [105] ("Reply").[1]

---

[1] The Temporary Receiver filed a Notice of Errata correcting a mathematical error in its Reply. *See* ECF No. [108]. References to the Temporary Receiver's Reply in this Order will be made to the corrected Reply attached as an exhibit to the Notice of Errata. *See* ECF No. [108-1].

Magistrate Judge Alicia Valle issued a Report and Recommendations ("R&R"), recommending that the Temporary Receiver's Application be granted in part, in accordance with the discounted compensation requested in the Temporary Receiver's Reply. *See* ECF No. [146]. Creditors Rusty 115 Corp., Hopop Corp., Davidpop Corp., Rustypop Corp., Darusty Corp., Moncler Motors LLC, BOE 25014 LLC, BOE 30868 LLC, BOE 30874 LLC, BOE 30875 LLC, BOE 34432 LLC, Dash 4542 LLC, Dash 4554 LLC, Dash 4555 LLC, Chemtov Mortgage Group Corp., CMG 777 Excrow3 LLC, CMG 777 Escrow4 LLC, CMG 777 Escrow5 LLC, CMG DHC8 Escrow 7 LLC, LLC, and Bryn and Associates, P.A. (collectively, "Putative Creditors") filed a timely objection, ECF No. [153] ("Objection").[2] This Court has conducted a *de novo* review of the R&R and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court determines that the Putative Creditors' Objection is without merit and adopts the R&R.

**I.     BACKGROUND**

On April 16, 2021, the Court appointed the Temporary Receiver to confirm South Aviation's assets; determine the amount owed to South Aviation's creditors; freeze assets to ensure South Aviation's creditors are repaid; marshal, safeguard, and liquidate assets; ensure that preferential payments to creditors and insiders do not occur at the expense of other creditors; ensure that South Aviation's creditors are repaid in a fair and equitable manner; and file and prosecute ancillary actions to recover monies or assets for the benefit of South Aviation's creditors. *See* ECF No. [43] at 2 ("Appointment Order"). According to the Appointment Order, the

---

[2] Metrocity Holdings LLC did not file an objection. The Temporary Receiver does not challenge the standing of the Putative Creditors to oppose the R&R. *See generally* ECF No. [108-1]; *see also* ECF No. [146] at 4, n.3. The Court, therefore, addresses the merits of the Putative Creditors' Objection.

Temporary Receiver has the power to "[c]hoose, engage, and employ attorneys, accountants and other appropriate agents or professionals, as the Temporary Receiver deems advisable or necessary in the performance of her duties and responsibilities." *Id.* ¶ 8.P. Additionally, the Appointment Order states:

> The Temporary Receiver and all professionals she retain[s] are entitled to compensation deemed to be reasonable and appropriate for their work. The Temporary Receiver is authorized to file motions to employ professionals, such as attorneys and/or accountants, whose rates will be disclosed in same.

*Id.* ¶ 46.

On July 16, 2021, the Temporary Receiver filed her Application, requesting $740,230.04 for fees and expenses. *See* ECF No. [89] at 2. The Creditors filed a Response arguing that: (1) the Temporary Receiver did not comply with the Appointment Order because she failed to seek Court approval prior to hiring professionals and created a conflict of interest by hiring her own firm, Holland & Knight ("H&K"), as her counsel; (2) the Application is premature considering the lack of liquid assets; and (3) the requested hourly rates and time billed are unreasonable, the expenses are unreasonable, and the Temporary Receiver and her counsel did not exercise billing judgment. *See generally* ECF No. [92]. In her Reply, the Temporary Receiver discounted the requested compensation to $642,387.50 and argued that (1) the Temporary Receiver complied with the Appointment Order because the Appointment Order did not require her to seek Court approval prior to hiring professionals and there is no conflict of interest in hiring H&K; (2) the requested compensation for fees is reasonable; (3) the requested compensation for expenses is reasonable; and (4) the recovered assets are valuable. *See generally* ECF No. [108-1].

On December 3, 2021, Magistrate Judge Valle issued her R&R, recommending that the Temporary Receiver's Application be granted in part, in accordance with the discounted compensation requested in the Temporary Receiver's Reply. *See* ECF No. [146]. On December

17, 2021, the Putative Creditors filed their Objection, arguing that Magistrate Judge Valle erred because the R&R fails to consider that (1) the Temporary Receiver did not seek Court approval prior to hiring professionals and created a conflict of interest by hiring H&K; (2) the Application is premature and unreasonable because there are no appreciable assets; and (3) the requested hourly rates and time billed are unreasonable, the expenses are unreasonable, and the Temporary Receiver and her counsel did not exercise billing judgment. *See generally* ECF No. [153]. The Temporary Receiver did not file an objection.

## II.      LEGAL STANDARD

A receiver is an officer of the court and is subject to its direction and orders. *See SEC v. Onix Cap. LLC*, No. 16-CV-24678, 2020 WL 9549527, at *2 (S.D. Fla. Jan. 24, 2020), *report and recommendation adopted*, 2020 WL 9549523 (S.D. Fla. May 13, 2020). A receiver is generally permitted to obtain counsel for herself, and other employees to aid in the management of the receivership estate. *See id*. (citations omitted). A receiver also owes a duty to exercise reasonable care to protect and preserve the assets of the receivership estate as required by a receivership order. *See id.* In determining a reasonable fee for a receiver, her attorneys, and accountants, a court must consider the nature and complexity of the legal issues presented and the skills necessary to resolve them. *See SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992) ("Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and results are always relevant." (citation and internal quotation marks omitted)).

As the R&R notes, many courts use the lodestar method to determine the reasonableness of the fees charged by the receiver and the professionals she hires. *See, e.g.*, *Onix,* 2020 WL 9549527, at *2; *FTC v. JPM Accelerated Servs., Inc.*, No. 09-CV-2021-OrL-28KRS, 2010 WL 11626760, at *2 (M.D. Fla. Jul. 12, 2010) ("Courts have held that a lodestar-style analysis is

appropriate in evaluating the reasonableness of fees charged by accountants and other non-attorney professionals."). The lodestar approach considers the reasonableness of the hourly rates claimed by the professionals and the reasonableness of the hours expended. *Onix*, 2020 WL 9549527, at *2; *JPM*, 2010 WL 11626760, at *2. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). While the particular expertise, experience, and prestige of the attorneys may be considered, the fees are constrained by the prevailing market rates. The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299.

### III. DISCUSSION

As a preliminary matter, the Court notes that the Objection is improper, as it is a generalized objection that attempts to expand upon and reframe issues originally raised in the briefing. *Compare* ECF No. [92] with ECF No. [153]. "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [R&R]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)). Further, "[a]n objection must specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020) (citing *United States v.*

*Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with.")). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). In this case, the Putative Creditors fail to point to specific errors in the R&R's findings, reasoning, or conclusions. *See generally* ECF No. [153]. Instead, the Objection, for the most part, reiterates the arguments raised in the Creditor's Response. *See generally id.* Therefore, the Objection is due to be overruled on this basis alone. Nevertheless, even upon consideration of the merits of the Putative Creditors' Objection, the Court determines that the Objection must be overruled.

### a. Compliance with the Appointment Order

First, the Objection argues that the Temporary Receiver was required to file a motion seeking Court approval prior to hiring professionals. *See* ECF No. [153] at 5. The Objection also argues that the Temporary Receiver created a conflict of interest because the Temporary Receiver hired her own firm H&K as her counsel before seeking the Court's approval and agreed to pay the full rate charged by H&K partners, associates, and staff. *See id.* at 8. However, as the R&R correctly notes, the Appointment Order allowed the Temporary Receiver to "[c]hoose, engage, and employ attorneys, accountants and other appropriate agents or professionals, as the Temporary Receiver deems advisable or necessary in the performance of her duties and responsibilities." *See* ECF No. [146] at 5 (quoting ECF No. [43] ¶ 8.P). Further, the Putative Creditors' reliance on paragraph 46 of the Appointment Order is unpersuasive because paragraph 46 states that the "Temporary Receiver is authorized to file motions to employ professionals, such as attorneys and/or accountants, whose rates will be disclosed in same." ECF No. [43] ¶ 46. By its plain terms, paragraph 46 "authorize[s]" the Temporary Receiver to file motions to employee professionals.

*See* ECF No. [43] ¶¶ 8.P, 46. The Appointment Order does not require such motions to be filed *prior* to hiring professionals.[3] Additionally, the R&R correctly finds that the Temporary Receiver did not create a conflict of interest by engaging H&K attorneys to serve as her counsel because that practice is common in this District. *See* ECF No. [146] at 5-6 (citing *SEC v. Lauer*, No. 03-80612-CIV, 2012 WL 12892875, at *1 (S.D. Fla. July 17, 2012), *report and recommendation adopted*, No. 03-80612-CIV, 2012 WL 12892411 (S.D. Fla. Aug. 24, 2012); *FTC v. Marcus*, No. 17-CV-60907 (S.D. Fla. Jan. 29, 2018) (ECF Nos. [135], [211])).[4] Therefore, the Putative Creditors' first argument is unpersuasive.

    **b. Appreciable Assets**

Second, the Putative Creditors argue that the Application is premature because the Temporary Receiver has not realized any liquid assets. *See* ECF No. [153] at 9. The Putative Creditors stress that "results are always relevant" and that the Temporary Receiver should not be entitled to any compensation when there are no liquid assets. *Id.* at 3, 9 (citing *Elliott*, 953 F.2d at 1577).

However, as the R&R points out, the Appointment Order states that "[t]he compensation of the Temporary Receiver and her professionals shall be entitled to priority as administrative expenses." ECF No. [146] at 7 (quoting ECF No. [43] ¶ 48). The Eleventh Circuit has also held that "there is an implied understanding that the court which appointed [the Temporary Receiver] and whose officer [she] is will protect [her] right to be paid for [her] services, to be reimbursed for

---

[3] To the extent that the Temporary Receiver needs to comply with paragraph 46, the Court considers the instant Application to be sufficient.

[4] To the extent that the Putative Creditors argue that the Temporary Receiver created a conflict of interest when she agreed to the high hourly rates charged by H&K attorneys and staff, *see* ECF No. [153] at 8, the Court notes that the Temporary Receiver has agreed to cap the hourly rates for most of the timekeepers at H&K, *see* ECF [108-1] at 6, and the Court further determines that the hourly rates are reasonable below. Therefore, there is no conflict of interest.

[her] proper costs and expenses." *Elliott*, 953 F.2d at 1576 (citation and internal quotation marks omitted). In this case, the Temporary Receiver sufficiently describes assets in Guatemala and elsewhere that may soon be liquidated, *see* ECF No. [89] at 3, and which may allow creditors to be repaid in a fair and equitable manner, *see* ECF No. [108-1] at 26; *see also* ECF Nos. [52], [111], [142]. Therefore, considering the likelihood of liquid assets in the future and the priority with which this Court should treat the Temporary Receiver's compensation, the relative uncertainty of the source of funds at this juncture does not obviate the Temporary Receiver's right to compensation for her efforts thus far.

### c. Reasonableness of the Fees and Expenses

#### i. Reasonableness Factors

The Objection argues that the R&R failed to make downward adjustments for other reasonableness factors after considering the lodestar approach. *See* ECF No. [153] at 11. The Objection states that other relevant reasonableness factors include: "(1) the results achieved by the Receiver; (2) the ability, reputation and professional qualities of the Receiver necessary for the job; (3) the size of the Estate and its ability to afford the expenses and fees; and (4) the time required to conclude the receivership." ECF No. [153] at 11-12 (citing *FTC v. Sicard*, 2018 WL 3244011, at *3 (M.D. Fla. Jun. 18, 2018), *report and recommendation adopted*, 2018 WL 3241272 (M.D. Fla. Jul. 3, 2018)).

However, the R&R expressly considered not only the lodestar approach but also the *Johnson* factors, which include the *Sicard* factors listed above. *See* ECF No. [146] at 6 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).[5] According to the R&R, the *Johnson* factors include: "(i) the time and labor required; (ii) the novelty and

---

[5] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

8

difficulty of the questions presented; (iii) the skill required to perform the legal service properly; (iv) the preclusion of other employment; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed by the client or circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the undesirability of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases." *See* ECF No. [146] at 6, n.4 (citing *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.7 (1986)).

The R&R addressed the "(1) results achieved by the Receiver[,]" ECF No. [153] at 11, by expressly considering "(viii) . . . the results obtained" and the "assets in Guatemala and elsewhere," ECF No. [146] at 6, n.4, 8. The R&R took into consideration the "(2) ability, reputation and professional qualities of the Receiver[,]" ECF No. [153] at 11, by accounting for "(ix) the experience, reputation and ability of the attorneys" and the fact that the "Temporary Receiver has also provided sufficient information regarding the experience, reputation, and ability of the attorneys working on this matter[,]" ECF No. [146] at 6, n.4, 7. The R&R considered "(3) the size of the Estate and its ability to afford the expenses and fees[,]" ECF No. [153] at 11-12, by accounting for "(viii) the amount involved" and the "significant value in the assets for the benefit of the receivership[,]" ECF No. [146] at 6, n.4, 7. Lastly, the R&R considered the "(4) the time required to conclude the receivership[,]" ECF No. [153] at 12, by taking into account the "(i) the time and labor required" and the fact that the "record reflects that the Temporary Receiver and her counsel have spent thousands of hours investigating potential claims and the Receivership Estate's business operations[,]" ECF No. [146] at 6, n.4, 6-7. This Court similarly determines that the results thus far, the difficulties in coordinating the recovery of foreign and domestic assets, the

9

complex nature of the case, the time spent by the Temporary Receiver and her counsel, and the other *Johnson* factors render the requested fees reasonable.

### ii. Comparison to Common Hourly Rates

The Objection contends that the hourly rates and hours billed are unreasonable considering the hourly rates in similar cases. *See* ECF No. [153] at 12-18. More specifically, the Putative Creditors argue that the hourly rates requested in this case exceed the hourly rates commonly billed for federal receiverships in Florida. *See id.* at 16-17. The Putative Creditors also attempt to distinguish the hourly rates in this case from the hourly rates in the cases cited by the Temporary Receiver by arguing that the cited cases did not involve any objections to the hourly rates, concerned matters that were more complicated, or involved receivers who were more successful in marshaling and administering assets. *See id.* at 17-18.

However, the Putative Creditors' argument that the Court should rely on the hourly rates for federal receiverships in Florida as the relevant point of comparison is unpersuasive given the varying complexity of receiverships. While a comparison to the hourly rates billed for receiverships may be a starting point, it is not dispositive since such a comparison does not consider the material differences in the difficulties posed by each receivership. *See SEC v. W. L. Moody & Co.*, 374 F.Supp. 465, 483 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975)[6] ("In general, a reasonable fee is based on all circumstances surrounding the receivership. Accordingly, although authorities provide convenient guidelines, the unique fact situation of each case renders direct reliance on precedent impossible."). A receivership involving a business that has ceased operating for months, foreign and domestic assets, and allegations of fraud, as in this case, warrants a higher hourly rate commensurate with the difficult circumstances. *See* ECF No. [89] at 2. Further,

---

[6] As noted previously, pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

to the extent that the Court finds the hourly rates in other cases to be convenient guidelines, the Court does not consider the differences between the hourly rates in this case and the hourly rates in the cited cases to be significant enough to warrant a determination of unreasonableness. *See* ECF Nos. [108-1] at 17, [105-4] at 19 (noting that in a different case, the court-appointed receiver Jon Sale was entitled to an hourly rate of $775).

In addition, the Court considers the lack of objections to the hourly rates in the cited cases to be immaterial. The courts in the cited cases were under the same obligation as this Court to ensure the reasonableness of the fees, irrespective of any objections from the creditors. Additionally, the Putative Creditors do not specify or otherwise make clear how the matters in the cited cases were more complicated than this instant case involving a business that has long ceased operating, foreign and domestic assets, and allegations of fraud. *See generally* ECF No. [153]. As indicated above, the Court considers this case to involve sufficiently complicated matters. Moreover, there may be significant asset recovery given the Temporary Receiver's Status Reports, so the Putative Creditors' claim that other receivers were more successful in marshaling and administering assets is unavailing. *See* ECF Nos. [52], [111], [142]. As such, the hourly rates in this case are reasonable, the R&R appropriately considered the reasonableness of the fee compensation, and the Objection on this matter is overruled.[7]

---

[7] It should be noted that it is customary for a receiver and its counsel to charge discounted hourly rates, not standard rates. *See, e.g.*, *SEC v. Onix Cap. LLC*, No. 16-CV-24678, 2020 WL 9549527, at *3 (S.D. Fla. Jan. 24, 2020), *report and recommendation adopted*, 2020 WL 9549523 (S.D. Fla. May 13, 2020) (noting that the receiver charged reduced hourly rates); *SEC v. LottoNet Operating Corp.*, 17-21033-CV-LENARD/GOODMAN, 2018 WL 8050454, at *4 (S.D. Fla. Feb. 26, 2018) (same); *FTC v. Student Debt Dr. LLC*, No. 17-61937-CIV-DIMITROULEAS/SNOW, 2018 WL 4922465, at *1 (S.D. Fla. Jan. 11, 2018) (same); *SEC v. Int'l Cap. Mgmt., Inc.*, No. 98-7062-CIV-DIMITROULEAS/ROSENBAUM, 2008 WL 11470843, at *2 (S.D. Fla. Jan. 8, 2008) (same). The Temporary Receiver has voluntarily capped the rates of other timekeepers in the Reply, but the Temporary Receiver and counsel Warren Gluck have not capped their hourly rates, charging $850 and $935 respectively. *See* ECF No. [108-1] at 34. The Temporary Receiver also states that Jose Casal will be replacing John Chapman, and his yet-to-be-determined hourly rates will not be capped. *See* ECF No. [108-1] at 6, 13, n. 12, 19-20. The Temporary Receiver further states her intention to confer with the stakeholders regarding the appropriate hourly rates for the Temporary

### iii. Billing Judgment

The Putative Creditors also argue that the Temporary Receiver and her counsel did not exercise billing judgment. *See* ECF No. [153] at 18-21. According to the Putative Creditors, the Temporary Receiver and its counsel needlessly used timekeepers in different states, performed excessive, duplicative, and unnecessary work, and engaged in block billing. *See id.* at 20. However, as the Temporary Receiver correctly points out in her Reply, the Temporary Receiver's retention of H&K – an international law firm with resources across countries and states – and the Temporary Receiver's reliance on experts from different regions were part of a reasonable attempt to administer assets in various parts of the world more efficiently. *See* ECF No. [108-1] at 4-5. Further, a review of the timesheets indicates that the timekeepers at H&K did not perform excessive, duplicative, and unnecessary work and included sufficient descriptions to reasonably clarify, rather than obscure, the work they performed. *See generally* ECF No. [89-4]. Therefore, the Court determines that the Temporary Receiver and her counsel exercised billing judgment.

### iv. Reasonableness of the Expenses

Lastly, the Putative Creditors argue that the R&R erred in awarding $16,000.00 in reimbursable costs for the services of Jeffrey Antonio Bremermann Estrada ("Estrada"). *See* ECF No. [153] at 21. They claim that the payments to Estrada are listed as line-item expenses and that the Temporary Receiver did not provide any other invoices or documentation for the expenses. *See id.* Magistrate Judge Valle states in her R&R that she reviewed the exhibits attached to the

---

Receiver, Warren Gluck, and Jose Casal in the future. *See* ECF Nos. [92-2] at 2-3, [108-1] at 13, n.12. Although the hourly rates for the Temporary Receiver and Warren Gluck are not unreasonable as indicated above, the Court notes that past courts have stressed that "no receivership is intended to generously reward court-appointed officers." *FTC v. Worldwide Info Servs., Inc.*, 2014 WL 12611353, at *2 (M.D. Fla. Apr. 24, 2014) (quoting *SEC v. W. L. Moody & Co.*, 374 F.Supp. 465, 483 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975)). As such, any further voluntary reduction in fees and expenses in future Applications for Reasonable Fees would be viewed favorably.

Application and found the reimbursable costs requested to be reasonable. *See* ECF No. [146] at 8; *see also* ECF No. [89-4] at 2, 49-50, 58-59. This Court's review of the same exhibits indicates that the Temporary Receiver submitted line-item expenses related to Estrada and further identified specific invoice numbers and dates of service. *See* ECF No. [89-4] at 50.[8] The Court considers such information to be sufficient in demonstrating the reasonableness of the expenses.

### d. Request for Hearing

Magistrate Judge Valle determined that the issues presented in the Application could be determined on the record and denied the Creditors' request for a hearing. *See* ECF No. [146] at 9, n.5. Similarly, this Court does not find a hearing to be necessary to resolve the issues presented in the pleadings. As such, the Court denies the Putative Creditors' request for a hearing.

### e. Request for Creditors' Committee

Magistrate Judge Valle denied the Creditors' request to appoint a Creditors' Committee, stating that the Creditors should file a separate motion before this Court if the Creditors determined that a Creditors' Committee should be appointed. *See* ECF No. [146] at 9, n.5. The Putative Creditors did not object to the denial of the appointment of a Creditors' Committee in their Objection and did not file a motion seeking such an appointment. *See generally* ECF No. [153]. The Temporary Receiver states its willingness to confer with the creditors on a regular basis as she has done in the past. *See* ECF No. [108-1] at 27-28. As such, based upon the Temporary Receiver's agreement to continue to confer with the creditors, the request to appoint a Creditors' Committee is denied.

---

[8] The expenses appear to have been used in part to fund the mining operations at Minas del Pueblo, SA. *See* ECF Nos. [108-1] at 16.

## IV. CONCLUSION

In sum, upon a comprehensive review, the Court finds Magistrate Judge Valle's R&R to be well reasoned and correct. The Court agrees with the analysis in the R&R and concludes that the Temporary Receiver's Application should be granted in part and denied in part consistent with the R&R.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Objections, **ECF No. [153]**, are **OVERRULED**;

2. The R&R, **ECF No. [146]**, is **ADOPTED**.

3. The Application, **ECF No. [89]**, is **GRANTED IN PART AND DENIED IN PART**.

   The Temporary Receiver is authorized to:

   a. Compensate herself the amount of **$121,893.00**;

   b. Compensate the Temporary Receiver's counsel Holland & Knight the amount of **$520,494.50**.[9]

4. The Putative Creditors' request for a hearing is **DENIED**.

5. The Creditors' request for a Creditors' Committee is **DENIED**.

---

[9] The R&R states that the Temporary Receiver should be authorized to separately "reimburse the Temporary Receiver for $20,993.04 in costs." *See* ECF No. [146] at 9. However, it appears that the $20,993.04 in "expenses" are included in the total compensation requested. *See* ECF No. [89-2]; *see also* ECF No. [89] at 2 ("The Temporary Receiver seeks Court approval to pay the sum of $719,237.00 to the professionals engaged by the Temporary Receiver for fees incurred and reimbursement of $20,993.04 in expenses for a *total payment* of $740,230.04." (emphasis added)). The Temporary Receiver's Reply does not elaborate on the distinction between the fees requested and the expenses requested, indicating that the $20,993.04 in expenses are subsumed within the total discounted compensation requested. *See* ECF No. [108-1] at 28. Therefore, the Court determines that the Temporary Receiver and H&K are not entitled to a separate additional compensation of $20,993.04 in expenses. The reimbursement for $20,993.04 in expenses is subsumed within the $121,893.00 and $520,494.50 compensation figures noted above.

Case No. 21-cv-60462-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 27, 2021.

                                                **BETH BLOOM**
                                                **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record