**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

       Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

       Defendants.

_____/

### TEMPORARY RECEIVER'S THIRD INTERIM APPLICATION FOR REASONABLE FEES AND REIMBURSEMENT OF COSTS FOR OCTOBER 1, 2021 – DECEMBER 31, 2021

Barbara Martinez, Esq., as the court-appointed Temporary Receiver (the "Temporary Receiver"), respectfully moves this Court for approval of her Third Application for payment of reasonable fees and reimbursement of incurred costs (the "Third Application") for the Temporary Receiver and Holland & Knight LLP ("H&K") for services provided from October 1, 2021 through December 31, 2021 (the "Application Period"), and other professionals retained since April 2021 on a delayed billing cycle. In support thereof, the Temporary Receiver states:

### I.    CASE STATUS

This action was filed on March 1, 2021, by Plaintiffs CCUR Aviation Finance, LLC and CCUR Holdings, Inc. (collectively, the "Plaintiffs") against South Aviation, Inc. ("South Aviation") and Federico A. Machado (collectively, the "Defendants") relating to a Ponzi scheme arising out of a series of aircraft financing transactions. Plaintiffs submitted a Verified Amended

Expedited Motion for Appointment of Temporary Receiver over Defendant South Aviation, Inc., [ECF No. 13] ("Amended Motion"). This Court previously granted the only two motions to intervene filed to date in this case, submitted by: (i) WBIP Aviation One, LLC and WBIP Aviation Two, LLC ( "WBIP Intervenors"); and (ii) Metrocity Holdings, LLC ("Metrocity Intervenor"). See [ECF Nos. 38 & 42]. The WBIP Intervenors and Metrocity Intervenor each joined the Amended Motion. *See* [ECF Nos. 21 & 32].

On April 16, 2021, pursuant to the Court's Order on Plaintiffs' Verified Amended Expedited Motion for Appointment of Temporary Receiver (the "Appointment Order"), the Court appointed Barbara Martinez, Esq., to, *among other things*, confirm what assets South Aviation previously had and currently has; confirm what South Aviation's creditors are currently owed; freeze assets to ensure South Aviation's creditors are repaid; marshal, safeguard, and liquidate assets; ensure that preferential payments to creditors and insiders do not occur at the expense of other creditors; ensure that South Aviation's creditors are repaid in a fair and equitable manner; and file and prosecute ancillary actions to recover monies or assets for the benefit of South Aviation's creditors. The Temporary Receiver's First Status Report, [ECF No. 52], First Fee Application, [ECF No. 89], Second Status Report, [ECF No. 111], Second Fee Application, [ECF No. 131], and most recently, Third Status Report, [ECF No. 142], detail her and her team of professionals' efforts to achieve these objectives, as well as the various challenges faced in connection with this undertaking.[1]

---

[1] The Receivership Estates include Defendant South Aviation, Inc., and its respective affiliates, subsidiaries, successors, and assigns (excluding Defendant Machado individually), many of which have already been identified by the Temporary Receiver and enumerated in prior reports to the Court and will be included in the Temporary Receiver's forthcoming status report.

On October 6, 2021, the Court entered an order expanding the Receivership to include JF Aircorp, Inc., [ECF No. 113], which owns the 1986 Bombardier Challenger C1-601-2A12 previously described to this Court. On December 6, 2021, the Court also entered an order approving the process for the noticing and submission of claims by putative creditors and victims of the Ponzi scheme, [ECF No. 148].

## II.    BACKGROUND ON PROFESSIONALS AND FEES

Due to the complexity and unique nature of this case, it was necessary for the Temporary Receiver to employ professionals that are experienced and familiar with fraud investigation, asset-tracing and recovery, Ponzi schemes, aviation law, international disputes, and bankruptcy, restructuring, and creditors' rights. As a result, over the past nine months and pursuant to the rights and responsibilities outlined in the Appointment Order, the Temporary Receiver engaged: (1) H&K to provide legal services and assist in investigating and marshaling the assets of the Receivership; (2) HD Investigative Group to conduct the preliminary investigation of South Aviation; (3) Legalsa to provide legal services in Guatemala; (4) Conner & Winters, LLP to provide legal services with respect to the chapter 7 bankruptcy proceeding captioned *In re Wright Brothers Aircraft Title, Inc.*, No. 21-10994-JDL (Bankr. W.D. Okla.) (the "WBAT Bankruptcy"), which is closely related to the administration of the Receivership Estates;[2] (5) R&H Restructuring to provide asset recovery tracing services; and (6) and Broadlands Mineral Advisory Services Ltd. to provide mine appraisal and consulting services.[3]

_____

[2] Association with local counsel is required in order for an attorney to appear *pro hac vice* in a proceeding pending before the United States Bankruptcy Court for the Western District of Oklahoma. *See Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma*, R. 9010-1(G)(5).
[3] Although the Temporary Receiver retained the provided list of professionals during the Receivership, this Application only includes the fees and costs for those professionals that provided services during the Application Period.

As provided in the Appointment Order, and confirmed in this Court's Order approving the Magistrate Judge's Report and Recommendation, the Temporary Receiver and her professionals are entitled to reasonable compensation. [*See* ECF Nos. 43 and 154]. Additionally, "the compensation of the Temporary Receiver and her professionals shall be entitled to priority as administrative expenses." [*Id*.].

The Order gives the Temporary Receiver the power to "[c]hoose, engage, and employ attorneys, accountants and other appropriate agents or professionals, as the Temporary Receiver deems advisable or necessary in the performance of her duties and responsibilities." [*Id*.].

For this Application Period, the work of the Temporary Receiver and her professionals is primarily focused on:

- analyzing over 72,000 documents and e-mail communications to investigate the fraud and related activities;

- scrutinizing the factual basis for potential litigation claims;

- finalizing and distributing the claims process;

- preserving and pursuing additional assets for the Receivership;

- conducting research and preparing briefing to respond to fee application objections by non-party putative creditors;

- preparing and serving additional discovery; and

- assessing the value of the remaining assets.

During the Application Period, the work of the Temporary Receiver and her team of professionals has continued to operate within the following core work streams:

- identifying, preserving and liquidating Guatemalan entities and assets;

- pursuing aircraft and creditor claims;

4

- determining the true and just stakeholders of South Aviation;

- identifying the "net winners" of the Ponzi scheme and recoverable assets;

- conducting follow-up investigation and interviews and preparing for further investigative efforts; and

- preparing a funding, recovery and litigation plan.

The Temporary Receiver also had to coordinate her and her team's efforts with other quasi-parallel proceedings, based on the same core set of facts, to ensure that assets traceable or belonging to the Receivership Estates could be marshalled expeditiously without interfering with either the WBAT Bankruptcy or the Department of Justice's criminal proceedings pending in the United States District Court for the Eastern District of Texas.

In accordance with the Appointment Order, for this Application Period, the Temporary Receiver requests that this Court enter an order authorizing payment of:

1. reasonable attorneys' fees due to Legalsa, local counsel in Guatemala;

2. reasonable attorneys' fees due to Conner & Winters, LLP, local counsel for the WBAT Bankruptcy;

3. fees for R&H Restructuring for forensic asset tracing services;

4. reasonable attorneys' fees and costs incurred by her counsel, H&K; and

5. the Temporary Receiver's fees.

Attached hereto as **Exhibit 1** is the Temporary Receiver's Certification for the Third Fee Application. Specifically, the Temporary Receiver seeks Court approval to pay $426,819.00 in fees and $3,760.25 in reimbursement of costs for H&K's legal services rendered during the Application Period. *See* **Exhibit 3**. The Temporary Receiver has billed $49,215.00 in fees and $441.00 in costs, and now requests that she be reasonably compensated for diligent administration

of the Receivership Estates in compliance with, and advancement of, the mandate outlined in the Appointment Order. *See* **Exhibit 2**. The Temporary Receiver and her professionals have paid expenses necessary to maintain assets for the creditors' benefit.

Additionally, the remaining requested fees are owed to the other professionals engaged by the Temporary Receiver for their valuable services, as more fully described below, which include the mine appraisal, and accounting and consulting services. *See* **Exhibits 4-6.**

### III.   ACCOUNTING

The Appointment Order provides, "[t]he Temporary Receiver need not obtain Court approval prior to the disbursement of South Aviation's funds for expenses in the ordinary course of the administration and management of South Aviation, including the maintenance of its assets." [ECF No. 43]. Therefore, South Aviation funds have been disbursed for the expenses in the ordinary course of business of the administration and maintenance of the South Aviation assets located in Guatemala without this Court's approval. Further, as provided in the Appointment Order, this Court and the creditors are being periodically informed of these expenses through the Temporary Receiver's status reports. *See, e.g.,* [ECF Nos. 111 and 142], reimbursement to J. Bremermann for Minas del Pueblo, S.A.'s ("MDP") weekly expenses.

The Temporary Receiver will soon file an interim status report that will include additional details regarding the expenses incurred by the Receivership in the ordinary course of business, assets sold in Guatemala, cash on hand, and the amounts paid for the maintenance and preservation of MDP, as well as projected expenses.

### IV.   THE PROFESSIONALS AND SERVICES RENDERED DURING THE APPLICATION PERIOD

#### A.  The Temporary Receiver

The Temporary Receiver commenced services immediately upon her appointment. She has worked diligently to identify the necessary professionals to assist in the recovery in order to ensure the Receivership Estates are administered as efficiently as possible, expand the Receivership when appropriate, investigate the Receivership Estates, and, to the extent possible, oversee the day-to-day operations of the Receivership Estates.

In this Fee Application, the Temporary Receiver capped her own fees not to reflect the H&K standard annual rate changes effective as of October 2021.

Fees and costs requested as a result of the Temporary Receiver's efforts, in the sum of $49,656.00, are attached hereto as **Exhibit 2**.[4]

#### B.  Holland & Knight LLP

As counsel for the Temporary Receiver, H&K has provided day-to-day consulting and legal services to the Temporary Receiver, sold assets in excess of $180,000.00, located additional assets such as aircraft, drafted various pleadings regarding asset recovery and expansion of the Receivership, created a court-approved notice and submission claims process, reviewed thousands of business records of the Receivership Estates, marshalled both the domestic and foreign assets, and facilitated bi-weekly conversations between the Temporary Receiver and putative creditors to keep them apprised of the Temporary Receiver's efforts and material developments.

---

[4] The attached invoice includes a $6,312.21 fee during the Application Period that was previously disbursed from the Receivership bank account for the execution of a search warrant involving MDP. As a result, this incurred fee was reduced from the total invoice, along with any costs outside the Application Period, for the Third Fee Application.

In this Fee Application, the Temporary Receiver has applied a 3% discount off the total requested fees for H&K's services as counsel. Additionally, despite H&K's standard annual rate changes effective as of October 2021, the Temporary Receiver voluntarily and proactively capped the fees for herself and all H&K timekeepers at their previous rates for this Application Period to reduce the cost to the Receivership. In October 2021, the hourly rates for each partner at H&K (including the Temporary Receiver) working on this matter increased anywhere from approximately 4% to 7.5%. Hourly rates for each associate working on this matter increased anywhere from approximately 15% to 17%. In addition, Catherine Rowsey was recently promoted from associate to partner and her new billing rate increased by approximately 14.8%. Therefore, the fees requested are materially discounted and below the current market value. The Temporary Receiver also removed all costs incurred from legal research platforms as well as document retrieval fees.

After the Appointment Order, H&K merged with law firm Thompson & Knight LLP, a premier law firm primarily based in Texas. As a result of the merger, H&K expanded industry and practice resources, including the areas of investigation and asset recovery, and the Temporary Receiver identified additional professionals at the firm whose experience would significantly benefit the Receivership.

The professionals added to the Receivership team as counsel include:

• Jessica Magee (Equity Partner): focuses her practice on alleged accounting or disclosure fraud, offering fraud, insider trading, internal investigations, securities class actions, corporate governance and complex commercial litigation involving partnership and company disputes. She served as a Senior Officer in the United States Securities and Exchange Commission's Division of Enforcement where she investigated, litigated, and supervised

numerous matters involving Ponzi schemes and receivers, and she has extensive experience handling investigations, including previously serving as counsel to a receiver. She is overseeing the investigation and primarily handling the forthcoming litigation strategy.

- • Catherine Rowsey (Non-Equity Partner): focuses her practice on complex commercial litigation and arbitration matters, government investigations and enforcement actions, and corporate governance and internal investigations including substantial experience in cases involving fraud, breach of fiduciary duty, corporate governance, breach of contract, antitrust, misappropriation of trade secrets, and trust and estate disputes. She is assisting in handling the management of the complex discovery, document review, and analysis of potential claims.

- • Brandon King (Associate): focuses his practice on government investigations and enforcement actions, white collar defense, internal investigations, and appellate law. He has relevant experience with complex commercial litigation matters, and is assisting in document review and the analysis of potential claims.

- • Landon Mignardi (Associate): focuses his practice on a wide variety of legal issues, including the defense of individuals under investigation by the U.S. Securities and Exchange Commission and U.S. Department of Justice. He is assisting in the legal research and drafting of discovery requests and pleadings.

With the assistance of the above professionals, the comprehensive collection and review of the more than 72,000 emails and other documents maintained in hard copy with South Aviation's prior counsel, stored at South Aviation's server, and obtained through the Receivership's discovery efforts are now complete.[5] The database is being stored by a third party

---

[5] A comprehensive document review of the above-described materials is complete.  In addition, the Temporary Receiver and her team of professionals are engaged in continuing discovery and

vendor through H&K at a flat monthly rate. Based on the document review, H&K identified additional discovery necessary to advance and complete the Receivership investigation. H&K is currently assessing the potential expansion and litigation claims, and avenues of recovery for the benefit of the Receivership Estates and their creditors.

On December 6, 2021, the Court entered an Order approving the noticing and submission of claims process, [ECF No. 148]. The Legal Notice of Claims Administration Process and Proof of Claim submission date is this week, on January 27, 2022. Therefore, the H&K analysis of creditor claims is forthcoming.

Attached as **Exhibit 3** is a detailed statement of services for reasonable fees and reimbursement of actual incurred costs for H&K's services totaling $430,579.25.

### C. Legalsa

Legalsa is the Temporary Receiver's local counsel in Guatemala. The Temporary Receiver's team is working with Legalsa to address the many legal issues pertaining to the Receivership's foreign entities and their assets including, but not limited to: the transfer of these entities and assets to the Receivership's control; the appointment of the Temporary Receiver as these foreign entities' legal representative under Guatemalan law; the status and preservation of MDP's mining license; the attempt to recover an aircraft seized by the Guatemalan government; the implications of a criminal investigation launched against the former legal representative of MDP; and a dispute over El Pato GT, S.A.'s ownership. Thus, Legalsa's assistance is critical to the Temporary Receiver's ability to not only complete her analysis of the assets and liabilities of the Receivership Estates located in Guatemala, but also protecting and preserving such assets.

---

document collection efforts and, as new materials are received--for example an additional ~18,000 documents from a financial institution--they will be added to the existing database for review and analysis on an ongoing basis.

Moreover, Legalsa has advised the Temporary Receiver on a number of miscellaneous business and operational issues regarding the foreign entities and assets. A number of challenges associated with the Receivership Estates located in Guatemala require constant communication between the Temporary Receiver, H&K, and Legalsa. A detailed summary of the tasks and unique circumstances surrounding the Receivership's efforts to liquidate the assets in Guatemala was included in the Temporary Receiver's Second Interim Status Report dated August 30, 2021, [ECF No. 111], and Third Interim Status Report dated November 19, 2021, [ECF No. 142].

Attached as **Exhibit 4** is a detailed statement of services for reasonable fees and reimbursement of actual costs incurred for Legalsa's services totaling $2,556.00.

### D.  R&H Restructuring (Cayman) Ltd.

As experts in asset tracing, cross border insolvency, forensic accounting, and asset disposition, R&H Restructuring (or "R&H") completed its preliminary forensic analysis report. This report is crucial to the Temporary Receiver's investigation of potential claims and causes of action against various third parties, including "net winners."

R&H has broad experience in assisting in complex administrations, liquidations and receiverships across a number of industry sectors and jurisdictions. Over the past three months, R&H has analyzed voluminous bank records for the various Receivership Estates and presented the results of their analysis to assist the Temporary Receiver in identifying (i) gaps in financial discovery and areas where additional subpoenas and requests are necessary; (ii) net winners involved in the Ponzi scheme; (iii) potential South Aviation and Machado affiliates and alter egos; and (iv) potential claims. R&H Restructuring has generously agreed to work *on spec* to assist in the recovery efforts for the benefit of the Receivership Estates. R&H's invoice for services rendered in the amount of $96,354.60 is attached hereto as **Exhibit 5**.

### E.  Conner & Winters, LLP

As noted above, the Temporary Receiver engaged Conner & Winters, LLP to provide legal services in connection with the WBAT Bankruptcy. Andrew R. Turner is a Conner & Winters LLC partner practicing in Oklahoma, where the WBAT Bankruptcy is pending, and has more than 30 years of experience in commercial bankruptcy cases involving oil and gas, real estate, telecommunications, medical services, trucking, and many other industries, representing large secured and unsecured creditors, debtors in possession, trustees, committees and members of committees. Mr. Turner has particular experience in the aviation industry, and his and his firm's services for the Receivership include attendance at various hearings, advising and consulting the Receivership, and keeping the Temporary Receiver and her counsel apprised of any material developments in the WBAT Bankruptcy. This work is essential for a number of reasons, not the least of which is the significant overlap—both in facts and relevant individuals and entities— between the WBAT Bankruptcy and the Receivership, and the need for the Temporary Receiver to remain apprised of the former in order to make informed decisions about how to invest time, resources, and efforts in the latter. The reasonable fees requested for Conner & Winters, LLP's legal services during the Application Period are $360.00, attached hereto as **Exhibit 6**.

| Fee Application Breakdown | |
|---|---|
| Temporary Receiver | $49,215.00 (Fees)<br>$441.00    (Costs)<br>**$49,656.00** |
| Holland & Knight LLP (Counsel to Receiver) | $426,819.00 (Fees)<br>$3,760.25    (Costs)<br>**$430,579.25** |
| Legalsa (Guatemala Counsel) | $2,556.00 |
| R&H Restructuring (Forensic Analysts) | $96,354.60[6] |

---

[6] R&H Restructuring has offered a discount for their services if the Fee Application is paid on or before June 30, 2022. Since the particular circumstances of payment are outside the Temporary Receiver's control and require Court approval for distribution of the funds for services provided,

| | |
|---|---|
| Connor & Winters, LLP (Oklahoma Bankruptcy Counsel) | $360.00 |
| **TOTAL:** | **$579,505.85** |

## V.    MEMORANDUM OF LAW

The Temporary Receiver and her professionals are entitled to reasonable compensation and costs pursuant to the Appointment Order and this Court's Order approving the Magistrate Judge's Report and Recommendation. [*See* ECF Nos. 43 and 154]. Generally, attorneys' fees sought by a receiver and her professionals will be evaluated utilizing the lodestar method, which assists the court in determining whether the hourly rates and hours expended are reasonable. *SEC v. Onix Capital LLC*, 2020 WL 9549527, at *2 (S.D. Fla. Jan. 24, 2020), *report and recommendation adopted by* 2020 U.S. Dist. LEXIS 254333, 2020 WL 9549523 (S.D. Fla. May 13, 2020). The lodestar approach considers the reasonableness of the hourly rates claimed by the professionals and the reasonableness of the hours expended. *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Haus. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). While the particular expertise, experience, and prestige of the attorneys may be considered, the fees are constrained by the prevailing market rates. *Id.*

In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, courts also consider the following factors enumerated in *Johnson*: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the

---

the Temporary Receiver is requesting authorization and approval for the entire invoice amount, rather than the potential discounted rate. If applicable, a discount of $9,635.00 will be applied with an amended total amount of $86,719.14 for this Application Period.

13

fee is fixed or contingent; (7) time limitations imposed by the client or by the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974); *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1274-1275 (S.D. Fla. 2019); *see also Norman*, 836 F.2d at 1299-1300 (the Eleventh Circuit reaffirmed the use of the *Johnson* factors).

As demonstrated below, in applying the *Johnson* factors, the Temporary Receiver and her professionals charged a reasonable hourly rate for their services.

## A. Application of the Johnson Factors

### 1. *Time and labor required.*

The Receivership has been time- and labor-intensive, and the exhibits attached to this Application evidence the significant effort that the Temporary Receiver and her team of professionals have expended to advance the Receivership despite numerous challenges including, but not limited to, investigating entities and individuals who had considerable lead time before her appointment and navigating quasi-parallel criminal and bankruptcy proceedings. *See* **Exhibits 2-3**. As steward of the Receivership Estates, it has been challenging to coordinate and execute the recovery of foreign assets, especially given the challenge that domestic receivership orders are often not recognized abroad. Yet the Temporary Receiver, with the help of her team at H&K, has uncovered a dozen foreign corporations or entities, several plots of land, a development real estate project, and licenses or license applications to two mines in Guatemala. Further, H&K has issued additional discovery, completed a comprehensive document review, facilitated bi-weekly meetings with the parties in this action, and provided daily counsel to the Temporary Receiver for the benefit of the creditor body.

14

Progress continues on the domestic front, where H&K has expanded the Receivership to include JF Aircorp, [*See* ECF No. 114], arranged the public sale of an aircraft—another benefit to the Receivership Estates—and undertaken a claims process to ensure the equitable distribution of the Receivership Estates to known and potential creditors. Claims packages are due January 27, 2022.

The above examples highlight both the variety and breadth of tasks and subject matters required in order to manage the Receivership.

### 2. *Novelty and difficulty of the questions presented.*

The nature of this case required the Temporary Receiver to employ professionals who are experienced with fraud investigation, asset-tracing and recovery, Ponzi schemes, aviation law, international disputes, and bankruptcy, restructuring and creditors' rights.

Assuming control of foreign entities and their accompanying assets has presented additional and novel legal and administrative barriers. For example, obtaining a Guatemalan tax identification number in order for the Temporary Receiver to transact in Guatemala on behalf of the foreign entities has required consultation with counsel in Guatemala. Additionally, legal issues regarding the mining licenses in Guatemala, including an investigation of El Pato GT, S.A., have further complicated the administration of the Receivership Estates.

In short, the questions presented in this matter have not been straightforward, but rather required careful consideration and specialized know-how.

### 3. *Skill required to perform the legal services properly.*

In order to perform the services in connection with this matter, the Temporary Receiver's and H&K's skill and expertise across subject matters, practice specialties, languages, and even borders was required.

#### 4.  *Preclusion of other employment.*

The past two years have been H&K's most profitable, and this case has required significant time and work. In order to diligently address the issues and demands of this Receivership, the Temporary Receiver and her team at H&K have voluntarily and proactively reduced attorney billing rates, capped associate and partner-level attorney billing rates, reduced and written off attorney time and matter costs (legal research, etc.), and foregone billing for other engagements that were certain to result in collected fees at higher rates.

#### 5.  *Customary fees.*

What a lawyer charges his fee-paying clients "is powerful, and perhaps the best, evidence of his market rate." *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1327 (S.D. Fla. 2015) (quoting *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000)); *see also Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc*., 253 F.3d 1332, 1336-37 (11th Cir. 2001) (holding that the agreed upon billing rate is a strong indication of a reasonable rate but affirming the award of an hourly rate that exceeded that agreed upon billing rate because "the agreed-upon fee rate does not necessarily act as a cap or ceiling in determining the reasonable hourly rate"). The fees billed in this matter are lower than what the Temporary Receiver's counsel at H&K charge other clients and, as such, are strong evidence that they are lower than customary fees for their services.

Notably, this Court found that the H&K hourly rates provided in the Temporary Receiver's First Fee Application, the same rates set forth in this Application, are reasonable. [ECF No. 154] (adopting the Report and Recommendation for the Temporary Receiver's First Fee Application and finding that, due to the significantly complicated matters involved, H&K's hourly rates in this case are reasonable.). This Application Period additionally includes a self-imposed fee cap notwithstanding the industry standard annual rate increase as of October 2021. As explained above,

the discounts in the hourly rates for each partner at H&K (including the Temporary Receiver) range anywhere from 4% to 7.5%, and 15% to 17% for associates at H&K. Thus, the fees requested are materially discounted and below the customary fees for the services provided.

### 6. Fixed fee.

The Temporary Receiver and her professionals' compensation will be based on fixed hourly rates subject to this Court's final approval. To date, neither the Temporary Receiver nor her team at H&K have received compensation for their services or reimbursement for their costs. As a result, the professionals have taken a substantial financial risk, and failure to recover their fees would place a tremendous burden on their practices.

### 7. Time limitations.

This matter has imposed time limitations on the Temporary Receiver and her professionals due to the types of assets involved. Indeed, the situation at MDP has been unpredictable and required fast action on several occasions. For example, H&K had to act quickly to prevent an onsite dam from overflowing at the MDP property following a monsoon storm, which is described in detail in the Temporary Receiver's Second Status Report. [*See* ECF No. 111]. During the Application Period, a search warrant was executed on MDP's property in connection with a criminal investigation that is ongoing in Guatemala and involves the former legal representative of MDP. Additional details on this search warrant and how the Temporary Receiver handled it were provided in the Temporary Receiver's Third Status Report. [*See* ECF No. 142]. Working under these time constraints has put additional stress on the Temporary Receiver and her team.

### 8. Amount involved and results obtained.

Thus far, the Temporary Receiver has conferred a substantial benefit to the Receivership Estates by managing and protecting the Receivership's assets. As more fully described in the

Temporary Receiver's Third Status Report, [ECF No. 142], a significant portion of the Temporary Receiver's time during this billing period has been devoted to limiting the Receivership liabilities and preserving its assets, specifically in Guatemala.

During this Application Period, the retained professionals have further investigated the alleged fraud, communicated weekly with putative creditors, appeared in concurrent proceedings, conducted interviews, issued additional discovery, created a court-approved claims process, reviewed thousands of documents, and continued to preserve assets for the benefit of the creditor body.[7]

The Temporary Receiver and her professionals have, to date, uncovered various foreign assets, namely a dozen corporations or entities, several plots of land, a development real estate project, and licenses or license applications to two mines in Guatemala presumably funded by South Aviation and the Receivership Estates.

Additionally, the Temporary Receiver and HV Pal Holdings, LLC ("HV Pal") will hold a public sale of an aircraft by the second quarter of 2022, a 1986 Bombardier Challenger C1-601-2A12, that will add value to the Receivership Estates.

Lastly, the Temporary Receiver and her attorneys will analyze the submissions of the claims process that will ensure equitable distribution of the Receivership Estates and identify any net winners.

### 9.  *Experience, reputation and ability of the attorney(s).*

The Temporary Receiver and her counsel at H&K are established, experienced attorneys with substantial experience in the substantive areas of law required by this proceeding. The

---

[7] Notably, a material amount of time and expense was also dedicated to responding to objections from non-party Putative Creditors to previously filed Fee Applications.

biographies and competencies of each H&K attorney are laid out in the Temporary Receiver's Response to Creditors' Opposition to First Application for Reasonable Fees and Reimbursement of Incurred Costs ("First Application"), [*See* ECF No. 105], and provided in Section III(B) above.

The principal attorney for the Temporary Receiver at Legalsa, Johann Hartleben, is experienced in corporate and real estate transactions and aviation law, which are all germane to the assets located in Guatemala. Mr. Hartleben is also recognized in Chambers and Partners for his work.

All retained professionals, as detailed above, were intentionally retained to work on particular workflows benefiting the Receivership based on their respective areas of practice and experience.

### 10. Undesirability of the case.

Despite the risk of working on a receivership that is unfunded, the Temporary Receiver and her professionals are privileged to be working for the benefit of this Receivership. While others may consider it undesirable, this case is not undesirable to the Temporary Receiver and her team.

### 11. Awards in similar cases.

The fees and costs submitted to the Court for consideration in the Third Application are similar to those awarded in other complicated cases for the same time and quantity of work, which the Temporary Receiver demonstrated in her Response to Creditors' Opposition to First Application for Reasonable Fees and Reimbursement of Incurred Costs, [*See* ECF No. 105], in Response to the Objection to Second Fee Application, and this Court recognized and addressed in the Order Adopting the Magistrate Judge's Report and Recommendations. [ECF No. 154].

In conclusion, having satisfied the *Johnson* factors, the Temporary Receiver and her team at H&K are entitled to their reasonable compensatory rates.

**B.  The Hours Were Reasonably Expended.**

To meet the second step of the lodestar approach, the fee applicant must provide specific and detailed evidence that will allow the court to accurately determine the amount of fees awarded. *Evans v. D. Cefalu Mgmt.*, 334 F. Supp. 3d 1277, 1282 (S.D. Fla. 2018) (quoting *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)). A litigant may support her fee by submitting chronological bills and invoices. *See Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1304 (S.D. Fla. 2015). To this end, the Temporary Receiver and her team at H&K have submitted their time records and summaries, inclusive of dates, and thus have provided sufficient evidence to support their fees, as well as all professionals retained to support the Receivership. *See* **Exhibits 2-3**.

WHEREFORE, the Temporary Receiver and her professionals respectfully request that this Court enter an Order granting the Temporary Receiver's Third Application that authorizes (a) compensation to the Temporary Receiver for $49,656.00; (b) a discounted interim compensation to the Temporary Receiver's counsel, Holland & Knight LLP, for $430,579.25; (c) compensation to Legalsa, local counsel in Guatemala, for $2,556.00; (e) payment to R&H Restructuring for forensic asset tracing for $96,354.60; and (f) payment to Connor and Winters, LLP for legal services in the concurrent bankruptcy proceeding pending in Oklahoma for  $360.00.

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that she conferred with counsel for Plaintiffs, and counsel for the Intervenors, and provided them with a copy of  this Application on January 17, 2022. The WBIP Intervenors did not respond as to their position on the requested relief herein. Counsel for Plaintiffs, CCUR, and counsel for the Metrocity Intervenor, informed undersigned counsel and the Temporary Receiver that they do not take a position on the Application and requested relief herein at this time.

Dated: January 24, 2022

Respectfully submitted,

By:      s/*Sydney B. Alexander*
      Warren Gluck, *Pro Hac Vice*
      New York Bar No. 4701421
      Warren.Gluck@hklaw.com
      Holland & Knight LLP
      31 West 52nd Street 12th Floor
      New York, NY  10019
      Telephone: (212) 513-3200
      Facsimile: (212) 385-9010

      Sydney B. Alexander
      Florida Bar No. 1019569
      Sydney.Alexander@hklaw.com
      Holland & Knight LLP
      701 Brickell Avenue, Suite 3300
      Miami, FL 33131
      Telephone: (305) 374-8500
      Facsimile: (305) 789-7799

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served on this day on counsel identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Sydney B. Alexander*
Sydney B. Alexander

**SERVICE LIST**

| | |
|---|---|
| Jonathan Bart Morton<br>jonathan.morton@klgates.com<br>Stephen Allan McGuinness<br>stephen.mcguinness@klgates.com<br>K&L Gates LLP<br>Southeast Financial Center<br>200 S Biscayne Boulevard, 39th Floor<br>Miami, FL 33131-2399<br>Telephone: (305) 539-3357<br>Facsimile: (305) 358-7095<br>*Counsel for CCUR Holdings, Inc.*<br>*and CCUR Aviation Finance, LLC* | Christopher A. Brown<br>chris.brown@klgates.com<br>David Weitman<br>david.weitman@klgates.com<br>K&L Gates, LLP<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201<br>Telephone: (214) 939-5500<br>*Counsel for CCUR Holdings, Inc.*<br>*and CCUR Aviation Finance, LLC* |
| John Arrastia, Jr.<br>jarrastia@gjb-law.com<br>Paul Joseph Battista<br>pbattista@gjb-law.com<br>Genovese Joblove & Battista, P.A.<br>100 S.E. 2nd Street, 44th Flr.<br>Miami, FL 33131<br>Telephone: (305) 349-2329<br>Facsimile: (305) 428-8832<br>*Counsel for Metrocity Holdings, LLC* | Peter Harlan Levitt<br>plevitt@shutts-law.com<br>Shutts & Bowen<br>201 S Biscayne Boulevard<br>Suite 1500 Miami Center<br>Miami, FL 33131<br>Telephone: (305) 358-6300<br>Facsimile: (305) 415-9847<br>*Counsel for WBIP Aviation One, LLC*<br>*and WBIP Aviation Two, LLC* |
| Gabriel Hertzberg<br>ghertzberg@curtis.com<br>Curtis, Mallet-Prevost, Colt & Mosle, LLP<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 696-8856<br>Facsimile: (917) 368-7356<br>*Counsel for WBIP Aviation One, LLC*<br>*and WBIP Aviation Two, LLC* | South Aviation, Inc.<br>1470 Lee Wagoner Blvd, Suite 100<br>Fort Lauderdale, FL 33315<br>*Pro Se* |
| | Federico A. Machado<br>1470 Lee Wagoner Blvd., Suite 100<br>Fort Lauderdale, FL 33315<br>*Pro Se* |
| Eduardo F. Rodriguez<br>eddie@efrlawfirm.com<br>EFR Law Firm<br>1 Alhambra Plaza, Suite 1225<br>Coral Gables, Florida 33134<br>Office: (305) 340-0034<br>Mobile: (305) 978-9340<br>*Counsel for HV Pal Holdings, LLC* | Gerard S. Catalanello<br>Gerard.Catalanello@alston.com<br>Kimberly J. Kodis<br>Kimberly.Kodis@alston.com<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, New York 10016<br>Telephone: (212) 210-9400<br>Facsimile: (212) 210-9444<br>*Counsel for HV Pal Holdings, LLC* |