UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.

_____/

**TEMPORARY RECEIVER'S OMNIBUS REPLY TO PUTATIVE CREDITORS' OPPOSITION TO THE AMENDED THIRD AND FOURTH INTERIM APPLICATIONS FOR REASONABLE FEES AND REIMBURSEMENT OF COSTS**

Barbara Martinez, Esq., the Court appointed Temporary Receiver (the "Temporary Receiver"), by and through undersigned counsel, replies to the *Creditors'[1] [Opposition] to Temporary Receiver's Amended Third Interim Application for Fees and Reimbursement of Costs for October 1, 2021 – December 31, 2021, and Request for Hearing*, ECF No. [202], and *Creditors' [Opposition] to Temporary Receiver's Amended Fourth Interim Application for Fees*

---

[1] As defined in the Objections, these entities are: Rusty 115 Corp., Hopop Corp., Davidpop Corp., Rustypop Corp., Darusty Corp., Moncler Motors LLC, BOE 25014 LLC, BOE 30868 LLC, BOE 30874 LLC, BOE 30875 LLC, BOE 34432 LLC, Dash 4542 LLC, Dash 4554 LLC, Dash 4555 LLC, Chemtov Mortgage Group Corp., CMG 777 Escrow3 LLC, CMG 777 Escrow4 LLC, CMG 777 Escrow5 LLC, CMG DHC8 Escrow 7 LLC, and Bryn and Associates, P.A. (collectively, the "Putative Creditors").

*and Reimbursement of Costs for January 1, 2022 – March 31, 2022, and Request for Hearing*, ECF No. [203], (collectively, the "Objections").[2]

## Introduction

Despite their cries of "Big Law bill churning" and accusations of impropriety and self-dealing, the Putative Creditors continue to file duplicative objections on matters well known to the Court. They make many of the same legal arguments previously made (all the way up to the Eleventh Circuit) and rejected by the Court. The Temporary Receiver and her counsel agree with the Putative Creditors that every fee application must be justified and welcome constructive input to benefit all persons and entities impacted by the Receivership. However, it is apparent that the Putative Creditors' repeated objections to the fee applications aim to discredit the Receivership by ignoring prior rulings and regurgitating a false narrative that the Temporary Receiver and her counsel are engaged in a host of missteps and wrongdoing solely for profit.

The Putative Creditors now seek to waste the Court's time and the resources of the Receivership by requesting a hearing in front of the Court—a hearing, which would add nothing of value or substance to the record. Moreover, preparing for and attending a hearing will require significant time—and expense—for the Receivership, the core issue the Putative Creditors claim to be so concerned with.

Even the few fresh objections raised by the Putative Creditors are not based in law or fact, and would be enhanced in no way by oral argument. Practically speaking, a hearing runs completely counter to the numerous objections lodged by the Putative Creditors, especially for a proceeding that would require extensive preparation, argument, and potentially post-hearing

---

[2] The Fee Objections are essentially carbon copies of each other. In the interest of the efficiency, this Reply will collectively address both objections simultaneously unless otherwise noted.

briefing by the Temporary Receiver's counsel, all of which would strain the Receivership and distract the Temporary Receiver from carrying out her duties as ordered by the Court. In any case, the Amended Third, ECF No. [196], and Fourth, ECF No. [197], Fee Applications (collectively, the "Fee Applications"), like those before them, can be decided on the pleadings before the Court *alone*.

Putting aside the misguided tactics taken by the Putative Creditors to undermine the Receivership, the Temporary Receiver is considering other local firms to bring potential net winner claims. These local firms are not only qualified to litigate net winners claims, but have also demonstrated receivership experience and will work at lower rates. As mentioned in the Sixth Status Report, ECF No. [199] at 7, with the retention of BDO, the Temporary Receiver is finalizing the determination of net winners by mid-October 2022.

Nevertheless, the Temporary Receiver stands by her decision to hire Holland & Knight, the work done by the Receivership team thus far, and all the submitted fee applications, including those before the Court. Contrary to the Putative Creditors assertions, the Temporary Receiver's Holland & Knight team is well suited to handle unique aspects of this matter and, as detailed in previous filings, includes a bilingual partner with extensive experience in managing and resolving disputes involving Guatemalan and Latin American assets; a partner with expertise in advising receivers, trustees, and liquidators and a thought-leader in the area of asset recovery; and a partner who previously served as a Senior Officer for the SEC, who brings tremendous value to the team as head of the investigative side of the Receivership. *See* ECF Nos. [105] at 18–19, [196] at 10.[3]

---

[3] *See also* the attorney bios for Katharine Menendez de la Cuesta, Warren E. Gluck, and Jessica B. Magee at https://www.hklaw.com/en/professionals.

The ability to utilize a team of excellent lawyers from various locations and different areas of expertise has allowed the Receivership to manage complex assets in Guatemala, quickly seize an aircraft in New Jersey, operate with little funding despite potential claims of approximately $349,600,000.00, *see* ECF No. [199] at 5, and continue the investigation as well as administer the claims process, while simultaneously responding to constant opposition from the Putative Creditors. Holland & Knight also agreed to provide representation in this matter despite the high risk of non-payment. There is simply no truth to the Putative Creditors' assertions that the Receivership team is merely seeking to enrich themselves at the expense of creditors. The Temporary Receiver is well aware of and continues to uphold her fiduciary duties.

## Arguments and Authorities

**A. The Putative Creditors request for a hearing should be denied because they have failed to detail the reasons a hearing would be helpful to the Court and the Fee Applications can be decided based on the record.**

The Local Rules dictate that a hearing is not required to be set at a party's request and the setting of a matter for hearing is well within the Court's discretion. *See* S.D. Fla. L. R. 7.1(b). In fact, the Court can forego a hearing when it has a "'detailed record of the evidence before it'" and the requesting party has failed to "'adequately indicate how a hearing will aid the court's determination.'" *Organizacion Miss Am. Latina, Inc. v. Ramirez Urquidi*, No. 16-cv-22225-KMM, 2018 WL 4777167, at *2 (S.D. Fla. Sept. 27, 2018) (quoting *Sec. & Exch. Comm'n v. Lauer*, 610 F. App'x 813, 821 (11th Cir. 2015)) (cleaned up). As is clear based on the pleadings before the Court, the grounds for denying oral argument are abundant.

As further detailed below, the Putative Creditors raise mostly arguments previously made and based on facts that have been clearly set forth in the record. Any new arguments are also reliant

4

on facts already in the record and fully briefed. There is nothing to be gained by an evidentiary hearing.

Consequently, as with all of the fee applications previously filed, the Court can decide the issues and address the Putative Creditors' complaints as it always has—solely on the record. *See* ECF No. [193] at 14 ("Given the Court's analysis above, the Court does not find a hearing to be necessary to address the issues [related to the Second Fee Application].").

**B.    Most of the Putative Creditors' arguments are duplicative, their cases are distinguishable, and their briefing rehashes issues already decided by the Court.**

Even though they have been previously admonished by the Court to refrain from asserting "[f]rivolous, conclusive, or general objections," *see* ECF No. [154] at 6 (citing *Mardsen v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)), the Putative Creditors continue to raise moot arguments that have already been rejected by the Court on more than one occasion. In the Objections, the Putative Creditors' make the following routine arguments:

1. the Temporary Receiver's requests for fees violates the so-called "Rule of Moderation";
2. the Temporary Receiver has failed to apply a reasonable rate or use proper billing judgment;[4]
3. the lack of assets in the Receivership should result in either a delayed ruling or a denial of the Fee Applications; and
4. the Temporary Receiver has engaged in self-dealing and created a conflict of interest by hiring H&K as her counsel.

Each of these complaints has been raised in previous oppositions to the Temporary Receiver's fee applications, *see, e.g.*, ECF Nos. [92] at 3, [147] at 13–16, [153] at 1–2 (the rule of

---

[4] The Temporary Receiver would like to underscore that the Court has not taken issue with the fees charged by R&H Restructuring, and that in the Amended Third Application, any block billing in the Original Third Application has been corrected. *See* ECF Nos. [193] at 13, [196-5].

moderation); ECF Nos. [92] at 9–17, [147] at 8–20, [153] at 9–20 (reasonableness of fees and billing judgment); ECF Nos. [92] at 7–9, [147] at 6–8, [153] at 8–9 (determination based on the receivership's assets); ECF Nos. [92] at 3–7, [147] at 1–6, [153] at 4–8 (approval for retaining H&K), to which the Temporary Receiver has replied, *see* ECF Nos. [105], [151], [175], or are otherwise familiar to the Court, *see* ECF Nos. [146], [154], [193].

First, the so-called "rule of moderation" is just a restatement of the policy underlying the lodestar assessment of attorneys' fees: reasonableness. *See Sec. & Exch. Comm'n v. Byers*, 590 F. Supp. 2d 637, 644–49 (S.D.N.Y. 2008) (generally discussing fees for receiver and counsel in terms of reasonableness) [hereinafter *Byers I*]; *In re New York Inv'rs*, 79 F.2d 182, 184–85 (2d Cir. 1935) ("[A]n allowance to [an equity receiver] of $37,500 seems more reasonable than that awarded by the court below. We accordingly reduce the total of $45,000 to $37,500 . . . .").

In any case, this principal is inapposite because the rule of moderation, at least in this Circuit, is applied when deciding whether to award a receiver fees which have been previously held back. *See Sec. & Exch. Comm'n v. Lauer*, No. 03-80612-CIV-MARRA/HOPKINS, 2016 WL 3225180, at *2 (S.D. Fla. Mar. 31, 2016) (citing *Sec. & Exch. Comm'n v. Byers*, No. 08-7104(DC), 2014 WL 7336454, at *5 (S.D.N.Y. Dec. 23, 2014)) ("In light of all the circumstances of this case, the Court does not believe it is fair or appropriate to award the receiver or his professionals any amounts that have been [held back]. They have been adequately compensated based on the fees the Court has and is now approving."); *see also Byers I*, 590 F. Supp. at 645, 648 (S.D.N.Y. 2008) (citing the rule of moderation, yet awarding counsel to the receiver $1.7M in fees); *but see also Sec. & Exch. Comm'n v. Mantria Corp.*, No. 09-CV-02676-CMA-MJW, 2020 WL 3642377, at *4 (D. Colo. July 6, 2020) (citing *Byers I*, 590 F. Supp. 2d at 645) (determining, after applying the rule of moderation, that the receiver was only entitled to ***previously-agreed-upon*** alternative fee

6

arrangement of $200,000 where the receiver was requesting 87.5% of proceeds from litigation five years after the litigation and settlement was complete).

Second, the Temporary Receiver and her professionals' requests for compensation are reasonable and they applied proper billing judgment. As the Court knows well, the reasonableness of attorneys' fees is determined by application of the lodestar approach and the *Johnson* factors, in which the Court determines whether the hourly rates and hours expended were reasonable. *See Sec. & Exch. Comm'n v. Onix Cap. LLC*, 2020 WL 9549527, at *2 (S.D. Fla. Jan. 24, 2020), *report and recommendation adopted by* 2020 WL 9549523 (S.D. Fla. May 13, 2020); ECF Nos. [154] at 8–10, [146] at 3, 6 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)),[5] [193] at 11. As explained at length in the Fee Applications, the Temporary Receiver and her professionals have demonstrated the reasonableness of their fees, satisfied the *Johnson* factors, and their expenditure of time has been thoroughly documented in their billing invoices. *See* ECF Nos. [196] at 16–23, [197] at 20–28.

Third, while the Putative Creditors harp on the fact that "results are always relevant," they do not offer the Court examples of satisfactory results which would make the Fee Applications "ripe" for review; **nor do they cite any case law which would require the Court to delay or refrain from ruling on the Fee Applications**. *See* ECF Nos. [202] at 8–9, [203] at 9–10; *but see Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges [her] duties, [she] is entitled to compensation."). Even if they could, the Court, in assessing the *Johnson* factors, already considers the results achieved by the Temporary Receiver and the Receivership Estates' ability to afford the expenses and fees. *See* ECF Nos. [154]

---

[5] Pursuant to *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

at 8, [193] at 11 ("Consistent with the Court's previous Order, the Court is guided by the lodestar approach and the *Johnson* factors, which *include* the *Sicard* factors listed above." (emphasis in the original)). Moreover, the Court is more than capable of assessing the complexities of this Receivership and deciding what effect, if any, the potential future sales of foreign assets and pursuit of legal claims has on the justiciability of the Fee Applications.[6]

Finally, even though the Court has explicitly rejected the contention that the Temporary Receiver breached her duties by failing to get permission to hire her professionals, not once—**but twice**—the Putative Creditors' beat the same drum. *See* ECF Nos. [154] at 6–7, [193] at 7–9; *see also* ECF No. [146] at 5–6. The Putative Creditors also take issue with the Temporary Receiver's retention of H&K as counsel, *see* ECF Nos. [202] at 6–7, [203] at 7–8, despite the Court's explicit finding to the contrary:

> The Appointment Order does not require such motions to be filed prior to hiring professionals. Additionally, the R&R correctly finds that the Temporary Receiver did not create a conflict of interest by engaging H&K attorneys to serve as her counsel because that practice is common in this District.

*See* ECF No. [154] at 7 (citing ECF No. [146] at 5–6); *see also* ECF No. [193] at 8, 8 n.4 ("To the extent that the Temporary Receiver needs to comply with paragraph 46 and seek Court approval to employ professionals, the Court considers the First Application and the instant Second Application to be sufficient."). The Putative Creditors even rehash the same non-binding precedent in support of this argument, as well as others. *See, e.g.*, ECF Nos. [92] (citing *Sec. & Exch. Comm'n v. Mantria*, 2020 WL 3642377, at *3 (D. Colo July 6, 2020); *Commodity Futures Trading Comm'n v. Eustace*, 2007 WL 1314663, at *7 (E.D. Pa. May 3, 2007); *Sec. & Exch. Comm'n v. Platinum*

---

[6] Additionally, the rates highlighted in the Putative Creditors' Exhibit 1 to ECF No. [202] provide little aid to the Court because they are presented in a vacuum. After all, "the hourly rates for federal receiverships in Florida are not dispositive given the varying complexity of receiverships." ECF No. [193] at 12.

*Mgmt. (NY)*, 2018 WL 4623012 (E.D.N.Y. Sept. 26, 2018)), [147] (citing same), [153] (citing same).

Given the Putative Creditors' exhausting and needless briefing of already-decided issues, it is difficult not to view such conduct as an attack on Holland & Knight's continued service as the Temporary Receiver's counsel, and the Temporary Receiver's ability to secure H&K or other counsel to advise her on upcoming litigation, including pursuing claims against net winners. *See* ECF No. [199] at 3–5. The repeated road blocks created by the Putative Creditors seem to be an effort to blunt the effectiveness of the Temporary Receiver and hinder her ability to carry out her fiduciary obligations as laid out by this Court. *But see* ECF No. [43] ¶ 8.N. ("The Temporary Receiver shall have the . . . general [power] and [duty] . . . [to] [i]nitiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any lawsuits or arbitrations in state, federal or foreign jurisdictions necessary to preserve or increase the assets of South Aviation and/or on behalf of South Aviation and for the benefit of its creditors against . . . those individuals and/or entities which the Temporary Receiver may claim have wrongfully, illegally or otherwise improperly . . . transferred or received any assets . . . relating to the . . . monies . . . or other items of value directly or indirectly traceable from South Aviation . . . ."); *id.* ¶ 27 ("[A]ll persons receiving notice of this Order . . . are restrained and enjoined from directly or indirectly taking any action . . . which would . . . [h]inder, obstruct or otherwise interfere with the Temporary Receiver in the performance of her duties . . . .").

C. **The Temporary Receiver respectfully requests the Court reject the Putative Creditor's new objections.**

Despite their significant overlap, recycled arguments are not all that make up the Objections. The Putative Creditors have surreptitiously raised some new, yet unavailing arguments. Specifically, they:

9

1. Imply that the Temporary Receiver failed to retroactively reduce the fees awarded in the First and Second Fee Applications, ECF Nos. [202] at 6 n.4, [203] at 7 n.4;

2. Ask the Court to revisit the First and Second Fee Applications, ECF Nos. [202] at 2 n.3, [203] at 3 n.3; and

3. Request a material holdback from the Temporary Receiver's fees, ECF Nos. [202] at 9, [203] at 10.

All of these arguments are fatally flawed.

First, there have been no instructions from the Court that direct the Temporary Receiver to resubmit the First or Second Fee Applications at reduced rates. While the Temporary Receiver would certainly abide by any and all requests or orders from the Court, the Temporary Receiver is an officer of *the Court*, not the Putative Creditors. Without such an order, the Temporary Receiver has no obligation to retroactively reduce the rates in previously submitted fee applications.

Second, the Court has already ruled on the First and Second Fee Applications; rulings in which the Court clearly laid out its reasoning and its orders to the Temporary Receiver. *See* ECF Nos. [154], [193]. The Putative Creditors do not cite to any legal authority that supports their request that the Court must retroactively amend its previous orders granting the First and Second Fee Applications. *See* ECF Nos. [202] at 2, [203] at 3.

Finally, the Putative Creditors chide the Temporary Receiver for her "failure to provide for a holdback," yet cite no case law or order which supports this holdback "requirement." In fact, their cases only highlight that the decision to provide for a holdback is, once again, within the Court's discretion. *See* ECF Nos. [202] at 9 n.5, [203] at 9 n.5 (both citing *Sec. & Exch. Comm'n v. Lauer*, 2016 WL 3225306, at *2 n.3 (S.D. Fla. Mar. 7, 2016) ("[C]ourts often 'holdback' a portion of an interim allowance pending final review of the reasonableness of the aggregate fees and disbursements paid to a particular applicant. Such holdbacks . . . are ***commonly used by courts*** to moderate potentially excessive interim allowances and to offer an incentive for timely resolution

of the case." (emphasis added)), *R&R adopted*, 2016 WL 3225173 (S.D. Fla. Mar. 31, 2016); *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *3 (D. Or. Oct. 27, 2006) ("Interim fees ***are generally allowed*** at less than the full amount requested in recognition of the fact that until the case is concluded the court may not be able to accurately determine the 'reasonable' value of the services for which the allowance of interim compensation is sought" (emphasis added))); *see also* ECF No. [43] § XVIII ("Fees, Expenses, and Accountings"). Moreover, neither the Temporary Receiver nor her counsel have received any payment for their services as of the date of this filing.

**E.   The Temporary Receiver respectfully requests the Court instruct the Temporary Receiver on appropriate rates and fees to apply in its forthcoming Fifth Fee Application.**

Despite the fact that the Putative Creditors and the Temporary Receiver disagree on whether the fees requested are reasonable, both parties agree that the Court's guidance is welcome and requested on applicable attorney rates to be charged for time incurred in the Receivership beginning with the Third and Fourth Fee Applications. Clarity on applicable rates now for the Third and Fourth Fee Applications will provide the added benefit of judicial economy later because the approved rates will be immediately applied to the Temporary Receiver's approaching Fifth Fee Application—due fourteen days after the Court rules on the Fee Applications, *see* ECF No. [195]—as well as future fee applications, obviating unnecessary duplication of efforts (and the attendant expense and distraction) associated with repeatedly briefing the same arguments now being urged for the fourth time.

## Prayer for Relief

Therefore, the Temporary Receiver respectfully requests the Court (1) reject the Objections submitted by the Putative Creditors, (2) deny the Putative Creditors' requests for a hearing, and (3) advise the Temporary Receiver on the appropriate rates to apply in the forthcoming Fifth Fee Application and future applications.

Dated: September 9, 2022                    Respectfully submitted,

                                              By:    /s/ *Sydney B. Alexander*
                                                      Warren Gluck, *Pro Hac Vice*
                                                      New York Bar No. 4701421
                                                      Warren.Gluck@hklaw.com
                                                      Holland & Knight LLP
                                                      31 West 52nd Street 12th Floor
                                                      New York, NY  10019
                                                      Telephone: (212) 513-3200
                                                      Facsimile: (212) 385-9010

                                                      Sydney B. Alexander
                                                      Florida Bar No. 1019569
                                                      Sydney.Alexander@hklaw.com
                                                      Holland & Knight LLP
                                                      701 Brickell Avenue, Suite 3300
                                                      Miami, FL 33131
                                                      Telephone: (305) 374-8500
                                                      Facsimile: (305) 789-7799


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served on this day on counsel identified in the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

                                                      s/ *Sydney B. Alexander*
                                                      Sydney B. Alexander