UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

**OMNIBUS ORDER ON AMENDED THIRD AND FOURTH APPLICATIONS
FOR REASONABLE FEES AND REIMBURSEMENT OF COSTS**

**THIS CAUSE** is before the Court upon the Temporary Receiver Barbara Martinez's ("Temporary Receiver") Amended Third Interim Application for Reasonable Fees and Reimbursement of Costs, ECF No. [196] ("Amended Third Application") and Amended Fourth Application for Reasonable Fees and Reimbursement of Costs, ECF No. [197] ("Amended Fourth Application") (collectively "Amended Applications").

Creditors Rusty 115 Corp., Hopop Corp., Davidpop Corp., Rustypop Corp., Darusty Corp., Moncler Motors LLC, BOE 25014 LLC, BOE 30868 LLC, BOE 30874 LLC, BOE 30875 LLC, BOE 34432 LLC, Dash 4542 LLC, Dash 4554 LLC, Dash 4555 LLC, Chemtov Mortgage Group Corp., CMG 777 Excrow3 LLC, CMG 777 Escrow4 LLC, CMG 777 Escrow5 LLC, CMG DHC8 Escrow 7 LLC, and Bryn and Associates, P.A. (collectively, "Creditors") filed a Response in Opposition to the Amended Third Application, ECF No. [202] ("Third Response") and a Response in Opposition to the Amended Fourth Application, ECF No. [203] ("Fourth Response") (collectively "Responses"). The Temporary Receiver filed an Omnibus Reply, ECF No. [204]

("Reply"). The Court has carefully considered the applications, all opposing and supporting submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Amended Third Application is granted in part and denied in part, and the Amended Fourth Application is granted in part and denied in part.

**I.  BACKGROUND**

On April 16, 2021, the Court appointed the Temporary Receiver to confirm Defendant South Aviation Inc.'s ("South Aviation") assets; determine the amount owed to South Aviation's creditors; freeze assets to ensure South Aviation's creditors are repaid; marshal, safeguard, and liquidate assets; ensure that preferential payments to creditors and insiders do not occur at the expense of other creditors; ensure that South Aviation's creditors are repaid in a fair and equitable manner; and file and prosecute ancillary actions to recover monies or assets for the benefit of South Aviation's creditors. *See* ECF No. [43] at 2 ("Appointment Order"). According to the Appointment Order, the Temporary Receiver has the power to "[c]hoose, engage, and employ attorneys, accountants and other appropriate agents or professionals, as the Temporary Receiver deems advisable or necessary in the performance of her duties and responsibilities." *Id.* ¶ 8.P. Additionally, the Appointment Order states:

> The Temporary Receiver and all professionals she retain[s] are entitled to compensation deemed to be reasonable and appropriate for their work. The Temporary Receiver is authorized to file motions to employ professionals, such as attorneys and/or accountants, whose rates will be disclosed in same.

*Id.* ¶ 46.

On July 16, 2021, the Temporary Receiver filed her First Application for Reasonable Fees and Reimbursement of Incurred Costs for April 16, 2021 – June 30, 2021. *See* ECF No. [89] ("First Application"). The Creditors and Intervenor Metrocity Holdings, LLC filed a Response in Opposition, ECF No. [92] ("First Response"), to which the Temporary Receiver filed a Reply,

ECF No. [108-1] ("First Reply"). Magistrate Judge Valle issued her Report and Recommendation ("R&R"), recommending that the First Application be granted in part. *See* ECF No. [146]. The Creditors, but not Intervenor Metrocity Holdings, LLC, filed their Objection, arguing that Magistrate Judge Valle erred. *See* ECF No. [153] ("Objection"). Upon review, the Court overruled the Creditors' Objection, adopted the R&R, and granted in part the First Application. *See* ECF No. [154]. The Creditors appealed the Court's Order adopting the R&R., s*ee* ECF No. [163], but the Eleventh Circuit dismissed the Creditors' appeal for lack of jurisdiction. *See* ECF No. [187].

The Temporary Receiver filed the Second Interim Application for Reasonable Fees and Reimbursement of Costs for July 1, 2021 – September 30, 2021, ECF No. [131] ("Second Application"), Third Interim Application for Reasonable Fees and Reimbursement of Costs for October 1, 2021 – December 31, 2021, ECF No. [157] ("Third Application"), and Fourth Interim Application for Reasonable Fees and Reimbursement of Costs for January 1, 2022 – March 31, 2022, ECF No. [181] ("Fourth Application"). The Court issued an Omnibus Order on Second, Third, and Fourth Applications for Reasonable Fees and Reimbursement of Costs, ("Omnibus Order") in which it granted in part and denied in part the Second Application, denied the Third Application without prejudice, and denied the Fourth Application without prejudice. ECF No. [193]. In her Third and Fourth Applications, the Temporary Receiver had slightly discounted her fees and costs; however, the Court required amended applications, opined that an additional discount was necessary, and directed the Temporary Receiver to look to similar cases in this District as a "starting point." *Id*. at 16-17.

The Temporary Receiver thereafter filed the Amended Third Application and the Amended Fourth Application. *See* ECF Nos. [196], [197]. Creditors then filed their Third Response and

Fourth Response, *See* ECF Nos. [203], [204], to which the Temporary Receiver filed the Omnibus Reply. ECF No. [204].

## II. LEGAL STANDARD

A receiver is an officer of the court and is subject to its direction and orders. *See SEC v. Onix Cap. LLC*, No. 16-CV-24678, 2020 WL 9549527, at *2 (S.D. Fla. Jan. 24, 2020), *report and recommendation adopted*, 2020 WL 9549523 (S.D. Fla. May 13, 2020). A receiver is generally permitted to obtain counsel for herself, and other employees to aid in the management of the receivership estate. *See id*. (citations omitted). A receiver also owes a duty to exercise reasonable care to protect and preserve the assets of the receivership estate as required by a receivership order. *See id.* In determining a reasonable fee for a receiver, her attorneys, and accountants, a court must consider the nature and complexity of the legal issues presented and the skills necessary to resolve them. *See SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992) ("Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and results are always relevant." (citation and internal quotation marks omitted)).

The courts use the lodestar method to determine the reasonableness of the fees charged by the receiver and the professionals she hires. *See, e.g.*, *Onix,* 2020 WL 9549527, at *2; *FTC v. JPM Accelerated Servs., Inc.*, No. 09-CV-2021-OrL-28KRS, 2010 WL 11626760, at *2 (M.D. Fla. Jul. 12, 2010) ("Courts have held that a lodestar-style analysis is appropriate in evaluating the reasonableness of fees charged by accountants and other non-attorney professionals."). The lodestar approach considers the reasonableness of the hourly rates claimed by the professionals and the reasonableness of the hours expended. *Onix*, 2020 WL 9549527, at *2; *JPM*, 2010 WL 11626760, at *2. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and

reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). While the particular expertise, experience, and prestige of the attorneys may be considered, the fees are constrained by the prevailing market rates. The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299.

### III. DISCUSSION

#### a. Amended Applications

In the Amended Third Application, the Temporary Receiver seeks an order that authorizes (a) compensation to the Temporary Receiver for $39,813.00; (b) discounted interim compensation to the Temporary Receiver's counsel, Holland & Knight LLP ("H&K"), for $345,215.45; (c) compensation to Legalsa, local counsel in Guatemala, for $2,556.00; (d) payment to R&H Restructuring for forensic asset tracing for $96,354.60; and (e) payment to Connor and Winters, LLP for legal services in the concurrent bankruptcy proceeding pending in Oklahoma for $360.00. *See* ECF No. [196] at 14. The requests for compensation of Receiver and her counsel H&K were voluntarily reduced by 20% from the request made in the Third Application. *Id*. at 4. The same reduction was voluntarily applied in the Amended Fourth Application. ECF No. [197] at 4. In the Amended Fourth Application, The Temporary Receiver seeks an order that authorizes (a) compensation to the Temporary Receiver for $55,208.00; (b) discounted interim compensation to H&K, for $417,994.65; (c) compensation to Legalsa for $126.00; and (d) payment to Connor and Winters, LLP for $1,320.00. *Id.* at 19.

The Creditors' Amended Third Response and Amended Fourth Response put forth identical arguments. The Creditors assert that determination of the Amended Applications is

premature at this stage because no appreciable assets have been realized as of the date of the Amended Applications. ECF Nos. [202] at 5, [203] at 5. Creditors request that the Court deny each request because it violates the rule of moderation, ECF Nos. [202] at 5, [203] at 4-5, and argue that the requested hourly rates, time billed, and expenses incurred are unreasonable, and the Temporary Receiver, her counsel, and other professionals did not exercise billing judgment. ECF Nos. [202] at 6, [203] at 5. The Court addresses each of the Creditors' arguments.

i. **Timeliness**

The Creditors argue that the Amended Third Application and Amended Fourth Application are premature because the Temporary Receiver has not realized any liquid assets. *See* ECF Nos. [202] at 9-10, [203] at 9-10. The Creditors stress that "results are always relevant" and that the Temporary Receiver is not yet entitled to any compensation. ECF Nos. [202] at 9-10, [203] at 9-10 (both citing *Elliott*, 953 F.2d at 1577). The Temporary Receiver replies that the Amended Applications are timely and consistent with this Court's previous rulings where creditors have raised the same argument. *See* ECF No. [204] at 7-8. Moreover, the Temporary Receiver argues that the Court is capable of assessing the receivership's performance and deciding what effect, if any, the potential future sales of assets and legal claims may have on the Amended Applications. *Id*.

The Court agrees with the Temporary Receiver. The Court rejected the same arguments raised by Creditors in their Response to the Second Application, pointing out in its Omnibus Order that the Appointment Order provides that "[t]he compensation of the Temporary Receiver and her professionals shall be entitled to priority as administrative expenses." ECF No. [154] at 7 (quoting ECF No. [43] ¶ 48) and that the Temporary Receiver sufficiently described concrete results. ECF No. [193]. Here, the Temporary Receiver has again sufficiently described concrete results,

including finalizing and distributing the claims process, the sale of a truck for $10,000.00, the sale of a domestic aircraft for $200,000.00[1], and the sale of large industrial equipment for $240,000.00. ECF Nos. [196] at 5, [197] at 11-12. The Eleventh Circuit has held that "Even though a receiver may not have increased, or prevented a decrease in, the value of collateral, if a receiver reasonably and diligently discharges [her] duties, [s]he is entitled to compensation." *Elliott*, 953 F.2d at 1577; *see also Elliott*, 953 F.2d at 1576 ("there is an implied understanding that the court which appointed [the Temporary Receiver] and whose officer [she] is will protect [her] right to be paid for [her] services, to be reimbursed for [her] proper costs and expenses.") (citation and internal quotation marks omitted)). Therefore, considering the likelihood of liquid assets in the future and the priority with which this Court should treat the Temporary Receiver's compensation, the relative uncertainty of the source of funds at this juncture does not obviate the Temporary Receiver's right to compensation for her efforts as set forth in the Amended Applications.

### ii. Compliance with the "Rule of Moderation"

The Creditors argue that the Temporary Receiver's Amended Applications failed to abide by the "rule of moderation." *See* ECF Nos. [202] at 5-8, [203] at 5-8. The Creditors cite authority from multiple circuits in their argument about the "rule of moderation." *See id.* The Temporary Receiver responds that the rule of moderation has not been adopted by the Eleventh Circuit and points out that none of the authorities cited by Creditors is binding on this Court. ECF No. [204] at 6. The Temporary Receiver also asserts that "the so-called 'rule of moderation' is just a restatement of the policy underlying the lodestar assessment of attorneys' fees: reasonableness." *Id.*

---

[1] The Court notes that the actual sale of the aircraft was not final until April 8, 2022, and the period covered by the Amended Fourth Application ended on March 31, 2022. ECF No. [197] at 11. The Receiver indicates that bids for the aircraft were only solicited and accepted through March 24, 2022. *Id.*

The "rule of moderation" has been referred to in this District and the court reasoned that "receivers and their professionals may only be awarded moderate compensation… This 'rule of moderation' is especially relevant when hundreds of victims have been defrauded and will recover only a fraction of their losses." (internal citations omitted) *Sec. & Exch. Comm'n v. Lauer*, No. 03-80612-CIV, 2016 WL 3225216, at *2 (S.D. Fla. Mar. 31, 2016) (internal citations omitted).[2] The Temporary Receiver attempts to distinguish *Lauer*, arguing that the court dealt only with the issue of a holdback provision and the rule of moderation is only applied in this Circuit when deciding whether to award fees which have been previously held back. ECF No. [204] at 6.

The Court credits the arguments of the Creditors *and* the Temporary Receiver. While the issue of a holdback provision is not present here, the rule of moderation applies in the Court's analysis: whether the fees requested by the Temporary Receiver are reasonable in a complicated case where limited assets have thus far been recovered and the recovery of assets is likely to be ongoing over a period of multiple years. As articulated in other circuits, the rule of moderation guides the Court's analysis of the reasonableness of the Temporary Receiver's fees. The Court previously reminded the Temporary Receiver that "no receivership is intended to generously reward court-appointed officers." See FTC v. Worldwide Info Servs., Inc., 2014 WL 12611353, at *2 (M.D. Fla. Apr. 24, 2014) (quoting SEC v. W. L. Moody & Co., 374 F.Supp. 465, 483 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975)). While the Court appreciates the Temporary Receiver's voluntary 20% reduction in fees, the Court finds that additional reductions in fees for both the Temporary Receiver and her counsel are necessary.

---

[2] *see also Sec. & Exch. Comm'n v. Lauer*, No. 03-80612-CIV, 2016 WL 3223234 (S.D. Fla. Mar. 31, 2016*); Sec. & Exch. Comm'n v. Lauer*, No. 03-80612-CIV, 2016 WL 3225180 (S.D. Fla. Mar. 31, 2016); *Sec. & Exch. Comm'n v. Lauer*, No. 03-80612-CIV, 2016 WL 3225200 (S.D. Fla. Mar. 31, 2016); *Sec. & Exch. Comm'n v. Lauer*, No. 03-80612-CIV, 2017 WL 11697570, at *2 n.4 (S.D. Fla. Sept. 19, 2017).

### iii. Reasonableness of the Fees and Expenses

The Creditors argue that the Amended Applications fail to make downward adjustments for reasonableness factors that must be considered in a receivership case. ECF Nos. [202] at 10-11, [203] at 10-12. They argue that the lodestar approach is only a first step in the reasonableness inquiry. *See* ECF Nos. [202] at 11, [203] at 10-11 (both citing *F.T.C. v. Life Mgmt. Servs. Of Orange Cty. LLC*, 2017 WL 486147, at *2 (M.D. Fla. Aug. 9, 2017). The Creditors assert that relevant reasonableness factors include: "(1) the results achieved by the Receiver; (2) the ability, reputation and professional qualities of the Receiver necessary for the job; (3) the size of the Estate and its ability to afford the expenses and fees; and (4) the time required to conclude the receivership." ECF Nos. [202] at 11, [203] at 10 (both citing *F.T.C. v. Worldwide Info Servs., Inc.*, 2015 WL 3953761, at *4 (M.D. Fla. June 29, 2015). The Creditors further contend that even with a 20% discount, the hourly rates and hours billed by the Temporary Receiver and her professionals are unreasonable considering the hourly rates in similar cases as evidenced in the attached Receivership Billing Rates Comparison Chart. *See* ECF Nos. [202] at 11-18, [202-1], [203] at 12-17, [203-1]. The Creditors argue that it is the Temporary Receiver's burden to prove the reasonableness of the hourly rates charged by comparison to similar federal receiverships in Florida and that the Receiver has failed to meet that burden. ECF Nos. [202] at 13, [203] at 12-13. Creditors then specifically highlight the rate paid to a receiver in a recent case in this District. *See* ECF Nos. [202] at 14-17, [203] at 14-16. The Temporary Receiver replies that the Amended Requests seek reasonable compensation. ECF No. [204] at 7.

The Court agrees with Creditors and finds that the Temporary Receiver has not met her burden of demonstrating that the hourly rates charged by herself and H&K, her counsel, are reasonable despite the voluntary 20% reduction. As set forth in the Omnibus Order, the Court's

9

analysis of reasonableness of fees is guided by the lodestar approach and the *Johnson* factors. *See* ECF No. [193] at 11. The Court examined the results achieved, the difficulties in coordinating the recovery of foreign and domestic assets, the complex nature of the case, the time spent by the Temporary Receiver, her counsel, and other professionals, as well as the Receivership Billing Rates Comparison Chart prepared by Creditors. After a thorough analysis, the Court finds that, although it appreciates the Temporary Receiver's voluntary reduction, the fees requested in the Amended Applications require further reduction.

The Court, in considering the Receivership Billing Rates Comparison Chart, acknowledges that it is a starting point and not dispositive since such a comparison does not consider the material differences in the difficulties posed by each receivership. *SEC v. W. L. Moody & Co.*, 374 F.Supp. 465, 480-483 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975) ("In general, a reasonable fee is based on all circumstances surrounding the receivership. Accordingly, although authorities provide convenient guidelines, the unique fact situation of each case renders direct reliance on precedent impossible."); *see also Stuart v. Boulware*, 133 U.S. 78, 10 S. Ct. 242, 33 L. Ed. 568 (1890) ("[C]ompensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required … and the perplexity and difficulty involved in the management."). Although just a starting point, the Court notes that the Temporary Receiver and her counsel seek fees significantly higher, even with a 20% discount, than the rates being charged in other active receiverships in the Southern District of Florida. *See e.g. Sec. & Exch. Comm'n v. MJ Cap. Funding, LLC*, No. 21-61644-CIV, ECF Nos. [107], [114], [133] (billing at hourly rates of $150-$350, compared to usual hourly rates of $250-$700).

The Temporary Receiver is surely employing resources and diligence in marshalling assets, but the Court finds that in light of the assets so far accrued by the Receivership, the complicated and drawn-out nature of contending with a business that ceased operation, foreign and domestic assets, and allegations of fraud, the hourly rates must have reasonable limitations. As such, those rates capped at $500 per hour for partners, $275 per hour for associates, and $150 for non-legal staff are appropriate to ensure that the fees accrued by the Temporary Receiver and her Counsel provide adequate compensation but do not usurp the capital available to ensure the Creditors are repaid in a fair and equitable manner. The further reduction is necessary as the concrete results realized thus far by the Temporary Receiver would not pay for either the Third or Fourth Amended Application. The Court notes that these rates still exceed the prevailing hourly billing rates for receivers in the Southern District of Florida. *See* ECF Nos [202-1], [203-1].

Furthermore, imposing hourly rate caps is not novel where a partner from H&K has served as receiver with H&K as their counsel. In two cases from the Middle District of Florida H&K partners capped their rates at $400 per hour. *See Trade Comm'n v. Sicard,* No. 617CV1257ORL37TBS, 2018 WL 3244011 (M.D. Fla. June 18, 2018), report and recommendation adopted, No. 617CV1257ORL37TBS, 2018 WL 3241272, at *3-4 (M.D. Fla. July 3, 2018); *F.T.C. v. Direct Benefits Grp.*, LLC, No. 6:11-CV-1186-ORL, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013). In 2008, in the Southern District of Florida, a receiver sought "attorneys' fees at an hourly rate of $250 for the partners and $175 per hour for the associates at Holland and Knight" who served as his counsel. *Sec. & Exch. Comm'n v. Int'l Cap. Mgmt., Inc.*, No. 98-7062-CIV, 2008 WL 11470843, at *2 (S.D. Fla. Jan. 8, 2008), report and recommendation adopted, No. 98-7062-CIV, 2008 WL 11470854 (S.D. Fla. Jan. 31, 2008).

### iv. Billing Judgment

Creditors claim that the required billing judgment was not exercised. ECF Nos. [202] at 18-20, [203] at 18-20. The Temporary Receiver replies that the Amended Applications applied proper billing judgment, having corrected any block billing in the original Third Application and provided thorough documentation of expenditure of time on billing invoices. ECF No. [204] at 5 n.4, 7. The Court agrees with the Temporary Receiver.

A review of timesheets and receipts indicates that the Temporary Receiver, her counsel, and other professionals hired by the Temporary Receiver did not perform excessive, duplicative, and unnecessary work. Further, they included sufficient descriptions to reasonably clarify the work they performed. *See generally* ECF Nos. [196-2], [196-3], [196-4], [196-5], [196-6], [197-2], [197-3], [197-4], [197-5]. The block billing included in the initial Third Request does not appear in the Amended Third Request. *See* ECF Nos. [157-5], [196-5].

In sum, the Court determines that the Temporary Receiver, her counsel, and other professionals exercised billing judgment. The Court therefore grants in part and denies in part the Amended Third Application and Amended Fourth Application. Having applied the previously stated hourly rate caps, the Temporary Receiver is entitled to receive for the Amended Third Application: (a) compensation to the Temporary Receiver for $29,391.00; (b) discounted interim compensation to the Temporary Receiver's counsel, H&K, for $273,228.85; (c) compensation to Legalsa, local counsel in Guatemala, for $2,556.00; (d) payment to R&H Restructuring for forensic asset tracing for $96,354.60; and (e) payment to Connor and Winters, LLP for legal services in the concurrent bankruptcy proceeding pending in Oklahoma for $360.00. For the Amended Fourth Application, having applied the hourly billing rate caps, the Temporary Receiver is entitled to: (a) compensation to the Temporary Receiver for $40,610.00; (b) discounted interim compensation to

H&K, for $325,975.95; (c) compensation to Legalsa for $126.00; and (d) payment to Connor and Winters, LLP for $1,320.00.

### v. Requests for Hearings

In the Third Response and Fourth Response, the Creditors request a hearing. *See* ECF Nos. [202] and [203]. Given the Court's analysis above, a hearing is not necessary to address the issues presented.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Amended Third Application, **ECF No. [196]**, is **GRANTED in part and DENIED in part.**

2. The Amended Fourth Application, **ECF No. [197]**, is **GRANTED in part and DENIED in part.**

3. The Creditors' requests for hearings are **DENIED**.

4. The Temporary Receiver shall file the Fifth Fee Application in keeping with the Court's Order ECF No. [195] by no later than **October 27, 2022.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record