UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

    Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

    Defendants.
_____/

**ORDER GRANTING TEMPORARY RECEIVER'S EIGHTH
INTERIM APPLICATION FOR REASONABLE FEES AND COSTS**

**THIS CAUSE** is before the Court upon the Temporary Receiver's Eighth Application for Reasonable Fees and Reimbursement of Costs, ECF No. [233], ("Eighth Application"), filed on April 14, 2023. The Eighth Application seeks an order authorizing compensation to the Temporary Receiver and her counsel in the total amount of $43,567.05. *See generally id*. No objections were filed within the time required to do so, which has now expired, nor has the Court received any requests for extensions of time within which to file such objections. *See* S.D. Fla. L.R. 7.1(c).

The Eighth Application covers work performed from January 1, 2023, through March 31, 2023. The Eighth Application seeks an order authorizing compensation to (a) the Temporary Receiver for $18,400.00 in fees; (b) the Temporary Receiver's counsel, Holland & Knight LLP, for $23,727.05 consisting of $20,657.50 in fees and $3,069.55 in costs; and (c) the Temporary Receiver's bankruptcy counsel, Conner & Winters, for $1,440.00 in fees.

The Court has reviewed the Eighth Application and the supporting billing information. Moreover, the Court has considered the relevant factors for making a determination on an award

Case No. 21-cv-60462-BLOOM/Valle

of attorneys' fees incurred during a receivership — namely, (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer or lawyers performing the services; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) any awards in similar cases. *In re Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). According, the Court finds that the time spent during the Eighth Application period is reasonable and approves the hourly rates charged. The Court therefore concludes that the amounts sought in the Eighth Application represent reasonable compensation for services rendered and expenses incurred by the Temporary Receiver and her counsel.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Temporary Receiver's Eighth Application, **ECF No. [233]**, is **GRANTED**.
2. The Court approves the total amount requested in the Sixth Application consisting of: (a) $18,400.00 for the Temporary Receiver's fees; (b) $23,727.05 for Temporary Receiver's counsel, Holland & Knight LLP's costs and fees; and (c) $1,440.00 for the Temporary Receiver's bankruptcy counsel, Conner & Winters' fees.

Case No. 21-cv-60462-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 1, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record